1  Peter Anderson, Esq. (Cal. Bar No. 88891)
       peteranderson@dwt.com
2  Eric H. Lamm, Esq. (Cal. Bar No. 324153)
       ericlamm@dwt.com
3  Alexandra P. Cadena, Esq. (Cal. Bar No. 352442)
       alexcadena@dwt.com
4  DAVIS WRIGHT TREMAINE LLP
   865 South Figueroa Street, 24th Floor
5  Los Angeles, California  90017-2566
   Telephone: (213) 633-6800
6  Fax: (213) 633-6899

7  Attorneys for Defendants
   MILEY CYRUS, also sued as MCEO Publishing,
8  GREGORY HEIN, also sued as Songs By Gregory Hein,
   MICHAEL POLLACK, also sued as What Key Do You
9  Want It In Music, MCEO, INC., SONY MUSIC
   ENTERTAINMENT, SONY MUSIC PUBLISHING (US) LLC,
10 PULSE 2.0, LLC, sued as These Are Pulse Songs, PURE
   TONE MUSIC, LLC, sued as Songs With A Pure Tone,
11 CONCORD MUSIC PUBLISHING LLC, BLASTRONAUT,
   INC., sued as Droog Publishing, WARNER-TAMERLANE
12 PUBLISHING CORP., AMAZON.COM SERVICES LLC,
   APPLE INC., PANDORA MEDIA, LLC, DISNEY PLATFORM
13 DISTRIBUTION, INC., TARGET CORP., BARNES
   & NOBLE BOOKSELLERS, INC., TIDAL MUSIC
14 LLC, WALMART INC., WAL-MART.COM USA, INC.,
   WIDE EYED GLOBAL, IHEARTMEDIA, INC., and
15 LIVE NATION ENTERTAINMENT, INC.

16           **UNITED STATES DISTRICT COURT**

17           **CENTRAL DISTRICT OF CALIFORNIA**

18                  **WESTERN DIVISION**

19

20  TEMPO MUSIC INVESTMENTS, LLC,  ) Case No. 2:24-cv-07910-DDP-BFM
                                   )
21              Plaintiff,         ) THE SONGWRITER DEFENDANTS'
                                   ) MEMORANDUM OF POINTS AND
22        v.                       ) AUTHORITIES IN SUPPORT OF
                                   ) MOTION TO DISMISS
23  MILEY CYRUS, an individual;    )
    GREGORY HEIN, an individual;   )
24  MICHAEL POLLACK, an individual;) Date: January 13, 2025
    SONY MUSIC PUBLISHING (US)     ) Time: 10:00 a.m.
25  LLC; CONCORD MUSIC             )
    PUBLISHING LLC; WARNER-        )
26  TAMERLANE PUBLISHING CORP.;    )    Courtroom of the Honorable
    MCEO PUBLISHING; WHAT KEY      )        Dean D. Pregerson
27  DO YOU WANT IT IN MUSIC;       )    United States District Judge
    SONGS WITH A PURE TONE;        )
28       (continued next page)     )

| | |
|---|---|
| 1 | SONGS BY GREGORY HEIN; ) |
| | DROOG PUBLISHING; THESE ARE ) |
| 2 | PULSE SONGS; WIDE EYED ) |
| | GLOBAL; MCEO, INC.; SONY ) |
| 3 | MUSIC ENTERTAINMENT; APPLE ) |
| | INC.; IHEARTMEDIA, INC.; ) |
| 4 | PANDORA MEDIA, LLC; DEEZER ) |
| | S.A.; AMAZON.COM SERVICES ) |
| 5 | LLC; SOUNDCLOUD GLOBAL ) |
| | LIMITED & CO. KG; TIDAL MUSIC ) |
| 6 | LLC; XANDRIE SA; LIVE NATION ) |
| | ENTERTAINMENT, INC.; TARGET ) |
| 7 | CORP.; WAL-MART.COM USA, LLC; ) |
| | WALMART INC.; BARNES & ) |
| 8 | NOBLE BOOKSELLERS, INC.; ) |
| | DISNEY PLATFORM ) |
| 9 | DISTRIBUTION, INC.; and DOES 1- ) |
| | 10, inclusive, ) |
| 10 |  ) |
| | Defendants. ) |
| 11 |  ) |
| 12 |  ) |

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ............................................ 1
1. INTRODUCTION ........................................................................................ 1
   (a) Summary of Argument ....................................................................... 1
   (b) Summary of Allegations ..................................................................... 2
      (1) Plaintiff Acquires the Copyright Interest of Only One of the Four Co-Authors of When I Was Your Man ............................... 2
      (2) *Flowers* ................................................................................... 3
      (3) Plaintiff's Claim in This Action ................................................ 3
2. PLAINTIFF'S ACTION MUST BE DISMISSED BECAUSE PLAINTIFF LACKS STANDING ................................................................. 4
   (a) The Court May Decide the Issue of Standing on a Rule 12(b)(6) Motion .................................................................................................. 4
   (b) Plaintiff—as an Assignee of Non-Exclusive Rights—Lacks Standing to Sue for the Alleged Copyright Infringement ...................... 5
      (1) Section 501(b) Strictly Limits Copyright Infringement Standing to Legal or Beneficial Owners of an Exclusive Right ................. 5
      (2) Plaintiff Is Not a Legal Owner of Exclusive Rights in the When I Was Your Man Copyright .......................................................... 6
         (i) An Assignee of One Co-Owner's Interest Is Not a Legal Owner of Exclusive Rights ................................................. 6
         (ii) Plaintiff's Allegations Prove It Owns Only Non-Exclusive Rights ........................................................................... 8
      (3) Plaintiff Is Also Not a Beneficial Owner of Exclusive Rights .... 9
   (c) Leave to Amend Should Be Denied .................................................... 10
3. CONCLUSION ........................................................................................... 11
CERTIFICATE OF COMPLIANCE ...................................................................... 12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abend v. MCA, Inc.*,
  863 F.2d 1465 (9th Cir. 1988), *aff'd sub nom. Stewart v. Abend*, 495 U.S. 207 (1990) ...........5

*Ahlmeyer v. Nevada Sys. of Higher Educ.*,
  555 F.3d 1051 (9th Cir. 2009) ...........10

*Amaretto Ranch Breedables v. Ozimals Inc.*,
  907 F. Supp. 2d 1080 (N.D. Cal. 2012) ...........7, 9

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ...........4

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007) ...........4, 9

*Chaset v. Fleer/Skybox Int'l, LP*,
  300 F.3d 1083 (9th Cir. 2002) ...........10

*Corbello v. DeVito*,
  777 F.3d 1058 (9th Cir. 2015) ...........7, 8

*DRK Photo v. McGraw Hill Global Educ. Hldgs., LLC*,
  870 F.3d 978 (9th Cir. 2017) ...........4, 10

*eCash Tech. v. Guargliardo*,
  127 F. Supp. 2d 1069 (C.D. Cal. 2000) ...........4

*Elohim EPF USA, Inc. v. Total Music Connection, Inc.*,
  No. CV 14-02496-BRO (EX), 2015 WL 12655556 (C.D. Cal. Oct. 1, 2015) ...........7

*Fahmy v. Jay-Z*,
  908 F.3d 383 (9th Cir. 2018) ...........6, 9

*Fantasy, Inc. v. Fogerty*,
  654 F. Supp. 1129 (N.D. Cal. 1987) ...........9

*Johnson v. Buckley*,
  356 F.3d 1067 (9th Cir. 2004) ...........10

*Maya v. Centrex Corp.*,
    658 F.3d 1060 (9th Cir. 2011) ................................................................................4

*Minden Pictures, Inc. v. John Wiley & Sons, Inc.*,
    795 F.3d 997 (9th Cir. 2015) ..................................................................................9

*Pareto v. F.D.I.C.*,
    139 F.3d 696 (9th Cir. 1998) ..................................................................................4

*Premier Tracks, LLC v. Fox Broad. Co.*,
    No. 12-CV-01615 DMG, 2012 WL 13012714 (C.D. Cal. Dec. 18, 2012) ........10

*Ray Charles Found. v. Robinson*,
    795 F.3d 1109 (9th Cir. 2015) ................................................................................9

*Reddy v. Litton Indus., Inc.*,
    912 F.2d 291 (9th Cir. 1990) ................................................................................10

*Rodrigue v. Rodrigue*,
    218 F.3d 432 (5th Cir. 2000) ..................................................................................5

*Silvers v. Sony Pictures Ent., Inc.*,
    402 F.3d 881 (9th Cir. 2005) .............................................................................5, 9

*Stapley v. Pestalozzi*,
    733 F.3d 804 (9th Cir. 2013) ..................................................................................4

*Sybersound Recs., Inc. v. UAV Corp.*,
    517 F.3d 1137 (9th Cir. 2008) ..................................................... 4, 7, 8, 9, 10

*Tresóna Multimedia, LLC v. Burbank High Sch. Vocal Music Ass'n*,
    953 F.3d 638 (9th Cir. 2020) ............................................................... 6, 7, 8, 9

*United States v. Richie*,
    342 F.3d 903 (9th Cir. 2003) ..................................................................................4

*Warren v. Fox Family Worldwide, Inc.*,
    328 F.3d 1136 (9th Cir. 2003) ................................................................................9

**Statutes**

17 U.S.C.
    § 101..........................................................................................................................6
    § 106..........................................................................................................................5
    § 201(a) ....................................................................................................................7

§ 201(d)(2) ..............................................................................................................7
§ 501(a) ..................................................................................................................5
§ 501(b) ..................................................................................................... 1, 5, 6, 10

**Rules**

Federal Rule of Civil Procedure
12(b)(1) ................................................................................................................4
12(b)(6) ................................................................................................................4

**Other Authorities**

H.R. Rep. No. 94-1476, 94th Cong., 2nd Sess. 1976 .................................................6

# MEMORANDUM OF POINTS AND AUTHORITIES

## 1. INTRODUCTION

### (a) Summary of Argument

Defendants Miley Cyrus, also sued as MCEO Publishing, Gregory Hein, also sued as Songs By Gregory Hein, Michael Pollack, also sued as What Key Do You Want It In Music, and MCEO, Inc. (the "Songwriter Defendants") respectfully submit this Memorandum in support of their Motion to Dismiss this action.

Plaintiff Tempo Music Investments, LLC, is not an author or, apparently, even a music publisher. Instead, it is an investment company that acquires songs, and it alleges that it purchased one co-author's portion of the copyright in a musical composition titled *When I Was Your Man*. Plaintiff brings this copyright infringement action alone—without any of that musical composition's co-authors or other owners—alleging that the musical composition titled *Flowers* infringes the copyright in *When I Was Your Man*. The Songwriter Defendants categorically deny copying, and the allegedly copied elements are random, scattered, unprotected ideas and musical building blocks. However, Plaintiff's claim suffers another fatal flaw that mandates dismissal at the pleading stage: the Copyright Act expressly provides that only a legal or beneficial owner of an exclusive copyright right may sue for infringement. 17 U.S.C. § 501(b). Plaintiff is neither and, as a result, it lacks standing to bring this action.

It is well-established in this Circuit that an assignee or licensee of a single co-author's copyright interest lacks standing because the assignee or licensee does not have the *exclusive* rights that Section 501(b) requires to confer standing; rather, the rights are shared non-exclusively with the other co-authors. That is true even where the assignment or license agreement *purports* to grant exclusive rights because one co-owner only has non-exclusive rights and cannot grant more than he or she has or unilaterally limit the other co-owners' rights.

///

Plaintiff's allegations confirm that it acquired only Philip Lawrence's partial interest in the *When I Was Your Man* copyright. And Plaintiff does not allege that Mr. Lawrence's three co-authors assigned any rights in that copyright to Mr. Lawrence or Plaintiff. As a result, Plaintiff's own allegations establish that it is an assignee of non-exclusive rights. Accordingly, as a matter of clearly established Ninth Circuit caselaw, Plaintiff lacks standing to sue for the alleged infringement of the *When I Was Your Man* copyright and, since standing is a requirement for Plaintiff's filing of this action, it must be dismissed in its entirety, with prejudice.

### (b) Summary of Allegations[1]

#### (1) Plaintiff Acquires the Copyright Interest of Only One of the Four Co-Authors of *When I Was Your Man*

*When I Was Your Man* was co-written by Bruno Mars, Philip Lawrence, Ari Levine, and Andrew Wyatt, and recordings of that musical composition were released to the public in January 2013. Compl. (Doc. 1) at 10 ¶ 43;[2] *see also* Defs' Req. for Judicial Notice ("RJN") at 1, Exs. 1-5 (Copyright Office copyright registration information for *When I Was Your Man*).

Plaintiff alleges that it "invests in and owns ... songs and musical compositions by global artists." Compl. at 3 ¶ 11. In or around 2020, Plaintiff allegedly acquired "a portion of the U.S. copyright in all rights, titles, and interests" in the musical composition *When I Was Your Man* via an assignment from "one of the song's co-authors," Mr. Lawrence, and Mr. Lawrence's "publishing entities." *Id.* at 16 ¶ 66. The Copyright registrations cited in the Complaint confirm that Mr. Lawrence is only

---

[1] The following allegations in the Complaint are assumed true for the purposes of this Motion, only.

[2] This Memorandum contains hyperlinks to cases and other cited materials. Due apparently to the Court's security measures, hyperlinks to internal pages of documents on PACER may instead lead to the first page of the documents.

one of the four co-authors of *When I Was Your Man*. See *id.* at 10 ¶ 43; Defs' RJN Exs. 1-5.

### (2)  *Flowers*

Miley Cyrus, Gregory Hein, and Michael Pollack co-authored the critically acclaimed musical composition titled *Flowers*. Recordings of Ms. Cyrus' performance of *Flowers* were released to the public in January 2023. Compl. at 1 ¶ 4.

### (3)  **Plaintiff's Claim in This Action**

In September 2024, Plaintiff filed this action against the authors of *Flowers* and *twenty-nine* other defendants who allegedly publish, distribute, or otherwise exploit *Flowers*. Compl. at 4-9 ¶¶ 12-40. Plaintiff alleges, for example, that *When I Was Your Man* and *Flowers* share a few chords, pitches, an abstract "overall melodic design," and words, none of which is protected by copyright. And Plaintiff's transcriptions, even assuming they are correct, show striking differences in melody, chords, other musical elements, and words. *Id.* at 11-15 ¶¶ 49-59.

Plaintiff alleges that it acquired by assignment from Mr. Lawrence and his publishing entities "exclusive rights" in *When I Was Your Man*. And Plaintiff alleges that the defendants infringed Plaintiff's "exclusive rights" by the "unauthorized reproduction, distribution, and exploitation" of *When I Was Your Man* as supposedly copied in *Flowers*. *Id.* at 2-3 ¶ 7, 17 ¶ 70. As shown below, however, Plaintiff's admission that it acquired only Mr. Lawrence's interest in the *When I Was Your Man* copyright confirms that, as a matter of law, Plaintiff's rights are not exclusive within the meaning of Section 501(b) of the Copyright Act. In short, Plaintiff lacks standing.

///
///
///
///
///

## 2. PLAINTIFF'S ACTION MUST BE DISMISSED BECAUSE PLAINTIFF LACKS STANDING

### (a) The Court May Decide the Issue of Standing on a Rule 12(b)(6) Motion

"To survive a [Federal Rule of Civil Procedure 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The Court must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them." *eCash Tech. v. Guargliardo*, 127 F. Supp. 2d 1069, 1074 (C.D. Cal. 2000) (citing *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998)). However, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation.'" *Stapley v. Pestalozzi*, 733 F.3d 804, 809 (9th Cir. 2013) (quoting *Twombly*, 550 U.S. at 555). In ruling on a motion to dismiss, the Court also may consider certain materials such as "documents attached to the complaint, documents incorporated by reference in the complaint or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *United States v. Richie*, 342 F.3d 903, 908 (9th Cir. 2003).

Where, as here, it is apparent from the face of the complaint or other properly considered materials that the plaintiff lacks statutory standing to sue for infringement, the plaintiff's claim is subject to dismissal pursuant to Rule 12(b)(6). *See Sybersound Recs., Inc. v. UAV Corp.*, 517 F.3d 1137, 1145-46 (9th Cir. 2008) (affirming district court's Rule 12(b)(6) dismissal of copyright infringement complaint for lack of standing under 17 U.S.C. § 501); *Maya v. Centrex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011) (explaining that whereas "lack of Article III standing" requires dismissal under Rule 12(b)(1), "lack of *statutory* standing requires dismissal for failure to state a claim"). It is Plaintiff's burden to establish standing. *DRK Photo v. McGraw Hill Global Educ. Hldgs., LLC*, 870 F.3d 978, 986 (9th Cir. 2017).

**(b) Plaintiff—as an Assignee of Non-Exclusive Rights—Lacks Standing to Sue for the Alleged Copyright Infringement**

Plaintiff alleges that an assignment by one of four co-authors of *When I Was Your Man* transferred to Plaintiff exclusive rights under that musical composition's copyright. But Plaintiff's claim of exclusive rights is a bare legal conclusion that is directly contrary to established caselaw that the assignee of a co-author holds no exclusive rights and, as a result, lacks standing.

**(1) Section 501(b) Strictly Limits Copyright Infringement Standing to Legal or Beneficial Owners of an Exclusive Right**

The Copyright Act defines an "infringer" as "anyone who violates any of the exclusive rights of the copyright owner as provided by sections 106 through 122 ...." 17 U.S.C. § 501(a). Broadly defined, those exclusive rights are the "rights of reproduction, adaptation, publication, performance, and display." *Rodrigue v. Rodrigue*, 218 F.3d 432, 435 (5th Cir. 2000) (citing 17 U.S.C. § 106); *Silvers v. Sony Pictures Ent., Inc.*, 402 F.3d 881, 883-84 (9th Cir. 2005).

As for standing to sue for the alleged violation of those exclusive rights, Section 501(b) provides that "[t]he legal or beneficial owner of an exclusive right under a copyright is entitled, subject to the requirements of section 411, to institute an action for any infringement of that particular right committed while he or she is the owner of it." This designation of who may sue for copyright infringement is exhaustive. *Silvers*, 402 F.3d at 885 ("[U]nder traditional principles of statutory interpretation, Congress' explicit listing, of who *may sue* for copyright infringement should be understood as an *exclusion of others* from suing for infringement.").

Further, this limitation of standing to owners of exclusive rights was purposeful. Under the predecessor Copyright Act and to avoid multiplicity of suits, there was a judge-made rule that copyrights are indivisible and "must be held in full by a single proprietor and may not be partially assigned." *Abend v. MCA, Inc.*, 863 F.2d 1465, 1469 (9th Cir. 1988), *aff'd sub nom. Stewart v. Abend*, 495 U.S. 207 (1990).

5

The current Copyright Act introduced divisibility, so that "any of the exclusive rights comprised in a copyright" may be transferred. 17 U.S.C. § 101 (definition of "transfer of copyright ownership"). However, Congress, while allowing for "the divisibility of copyright ownership" under the current Copyright Act, also recognized the continuing "need in infringement actions … to avoid a multiplicity of suits" (H.R. Rep. No. 94-1476, 94th Cong., 2nd Sess. 1976, at 159), and, to do so, limited standing to owners of exclusive rights. 17 U.S.C. § 501(b).

### (2) Plaintiff Is Not a Legal Owner of Exclusive Rights in the *When I Was Your Man* Copyright

Plaintiff alleges violations of the copyright rights of "reproduction, distribution, public performance, display, and/or creation of a derivative work" of *When I Was Your Man*. Compl. at 17 ¶ 70. However, to have standing to prosecute this action, Plaintiff must be the exclusive legal or beneficial owner of the allegedly infringed rights. 17 U.S.C. § 501(b) ("The legal or beneficial owner of an exclusive right under a copyright is entitled … to institute an action for any infringement of that particular right committed while he or she is the owner of it.") (emphasis added); *Fahmy v. Jay-Z*, 908 F.3d 383, 394 (9th Cir. 2018) ("[plaintiff] must show that he is the legal or beneficial owner of '[the] particular right'" that the plaintiff claimed was infringing). As discussed below, Plaintiff is neither.

#### (i) An Assignee of One Co-Owner's Interest Is Not a Legal Owner of Exclusive Rights

It is established law in this Circuit that the assignee or licensee of one co-author's interest in a joint work's copyright does not have standing to sue for infringement of that copyright because it is not an owner of *exclusive* rights. *Tresóna Multimedia, LLC v. Burbank High Sch. Vocal Music Ass'n*, 953 F.3d 638, 645-46 (9th Cir. 2020). Thus, in *Tresóna*, the plaintiff sued for infringement of multiple musical composition copyrights, some of which the plaintiff had acquired from the sole owner and others "from an individual co-owner of those interests without the consent of the

other co-owners." <u>Id.</u> at 643, 645. While the plaintiff could pursue its claims as to copyrights acquired from the sole owner, it lacked standing to sue as to the others because one assigning co-author cannot transfer exclusive rights. <u>Id.</u> at 645-46 ("when one co-owner independently attempts to grant an exclusive license of a particular copyright interest, that licensee … does not have standing to sue alleged third-party infringers") (quoting <u>Corbello v. DeVito</u>, <u>777 F.3d 1058, 1065 (9th Cir. 2015)</u>); *see also* <u>Sybersound</u>, <u>517 F.3d at 1146</u> (same as to assignee of one co-owner's copyright interest); <u>Amaretto Ranch Breedables v. Ozimals Inc.</u>, <u>907 F. Supp. 2d 1080, 1083-84 (N.D. Cal. 2012)</u> (same as to assignee of two of three co-authors' "entire right, title, [and] interest" in copyrighted computer program, "including … all rights of … copyright"); <u>Elohim EPF USA, Inc. v. Total Music Connection, Inc.</u>, <u>No. CV 14-02496-BRO (EX), 2015 WL 12655556, at *15 (C.D. Cal. Oct. 1, 2015)</u> (songwriter agreements by less than all co-authors transferred only non-exclusive licenses that did not provide standing to sue).

The reason for this rule is simple. Ownership of a copyrighted work initially vests in the author of the work, and because copyright rights are freely divisible and transferrable, an author may license or assign to third parties any exclusive rights *that the author owns*. <u>17 U.S.C. § 201(a), (d)(2)</u>; <u>Corbello</u>, <u>777 F.3d at 1066</u>. However, in the case of joint works, the co-authors are joint owners of the exclusive copyright rights, each owning a non-exclusive interest in the undivided whole. <u>17 U.S.C. § 201(a)</u>; <u>Sybersound</u>, <u>517 F.3d at 1145</u> ("Such co-owners are like tenants in common, each owning a share of the undivided whole."). As a result, a single co-author of a copyright interest, acting alone, cannot assign or license *exclusive* rights because those rights also are owned by the assignor's or licensor's co-authors. <u>Tresóna</u>, <u>953 F.3d at 645</u> (explaining that this rule is based on the "self-evident principle that a joint-owner cannot transfer more than he himself holds") (quoting <u>Corbello</u>, <u>777 F.3d at 1065</u>).

Indeed, without the consent of the other owners, a grant of rights from just one co-owner does not confer standing on the assignee *even if the grant purports to*

*transfer exclusive rights*. In that situation, the assignee's rights are "'exclusive' as to the assigning or licensing co-owner, but not as to the other co-owners and their assignees or licensees." Id. (quoting Corbello, 777 F.3d at 1065); *see also* Sybersound, 517 F.3d at 1146 ("[U]nless all the other co-owners of the copyright joined in granting an exclusive right to [plaintiff], [plaintiff's assignor], acting solely as a co-owner of the copyright, could grant only a nonexclusive license to [plaintiff] because [plaintiff's assignor] may not limit the other co-owners' independent rights to exploit the copyright.").

### (ii) Plaintiff's Allegations Prove It Owns Only Non-Exclusive Rights

Plaintiff's own allegations confirm that its claim is foreclosed by the rule in *Tresóna* and *Sybersound*. Plaintiff alleges that *When I Was Your Man* is a joint work and that Plaintiff is the assignee of only the interest of Mr. Lawrence and his publishing entities in the jointly-owned copyright. Compl. at 10 ¶ 43 ("'When I Was Your Man' was written by Bruno Mars, Philip Lawrence, Ari Levine, and Andrew Wyatt"); *id*. at 1 ¶ 3 (Plaintiff "owns a share of the copyright in 'When I Was Your Man' through its acquisition of the catalog of songwriter Philip Lawrence, a co-author of the song"), 3 ¶ 11 ("Plaintiff acquired a percentage of the copyright in 'When I Was Your Man' through a transaction with one of the song's co-authors, Philip Lawrence."), 10 ¶ 45 ("In or around 2020, Plaintiff acquired the copyright interests in 'When I Was Your Man' held by Lawrence and his publishing entities."), 16 ¶ 66 ("Plaintiff owns a portion of the U.S. copyright in ... 'When I Was Your Man'"). The copyright registrations for *When I Was Your Man* likewise confirm that Bruno Mars, Ari Levine, and Andrew Wyatt are also co-authors of *the* musical composition. RJN at 1, Exs. 1-5.

At no point does Plaintiff allege that it acquired the interests of Mr. Lawrence's co-authors, let alone allege that it acquired all of their interests as needed for Plaintiff to be the *exclusive* owner of the allegedly infringed rights of "reproduction,

1 distribution, public performance, display, and/or creation of a derivative work."
2 Compl. at 17 ¶ 70; *compare* Minden Pictures, Inc. v. John Wiley & Sons, Inc., 795
3 F.3d 997, 1004 (9th Cir. 2015) (plaintiff had standing because it received the *exclusive*
4 right to serve as licensing agent from the *sole owners* of the copyrights at issue), *with*
5 Tresóna, 953 F.3d at 645-46 (distinguishing *Minden Pictures*, following *Sybersound*
6 as binding precedent, and explaining that that *Minden Pictures*' three-judge panel "did
7 not purport to overrule *Sybersound*" and "could not have … even if it wanted to").

8 Plaintiff is therefore the assignee of only non-exclusive copyright rights, notwithstanding Plaintiff's conclusory legal assertion to the contrary. *See, e.g.*, Compl. at 17 ¶ 70; Twombly, 550 U.S. at 555 (courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). This case is accordingly on all fours with *Tresóna* and other cases holding that a licensee or assignee of a single co-owner lacks standing, and Plaintiff's claim fails as a matter of law. Tresóna, 953 F.3d at 645-46; Sybersound, 517 F.3d at 1145-46 (assignee of one co-author's purportedly "exclusive" right to make karaoke versions of nine songs lacked standing to sue; co-author could grant only non-exclusive rights); Amaretto Ranch, 907 F. Supp. 2d at 1083 (assignee of two of three co-authors' "entire right, title [and] interest" lacked standing to sue under *Sybersound*); *see above* at 6-8.

### (3) Plaintiff Is Also Not a Beneficial Owner of Exclusive Rights

Plaintiff also cannot establish that it has standing as a "beneficial owner" of exclusive copyright rights. The Ninth Circuit, and its district courts, have repeatedly recognized that a beneficial owner is an author who has assigned his or her legal title to the copyright in exchange for royalties. Fahmy, 908 F.3d at 394; Ray Charles Found. v. Robinson, 795 F.3d 1109, 1115 n.6 (9th Cir. 2015); Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1144 (9th Cir. 2003) (employee who created works for hire was not a beneficial owner because employer was author and employee did not transfer copyright in return for royalties); Silvers, 402 F.3d at 886; Fantasy, Inc. v. Fogerty, 654 F. Supp. 1129, 1131-32 (N.D. Cal. 1987) (explaining that a beneficial

9

owner is one who "has transferred his *exclusive* rights over the copyright's use in exchange for an economic interest in proceeds derived from that use") (emphasis added); *Premier Tracks, LLC v. Fox Broad. Co.*, No. 12-CV-01615 DMG (PJWx), 2012 WL 13012714 at *6 (C.D. Cal. Dec. 18, 2012) (interpreting *Warren* as holding that "a beneficial owner can *only* be a former legal owner that assigned his exclusive rights to another in return for royalties.") (emphasis added).

Here, Plaintiff cannot qualify as a beneficial owner because it is not an author and does not allege that it assigned its copyright rights to *When I Was Your Man* in exchange for royalties. In any event, the Copyright Act limits standing to sue for copyright infringement to the "legal or beneficial owner[s] of *an exclusive* [*copyright*] *right*." 17 U.S.C. § 501(b) (emphasis added). Because Plaintiff is the alleged assignee of only *one* co-author's interest and, as a result, owns only non-*exclusive* copyright rights, it is not the owner—beneficial or legal—of any exclusive right that could confer standing in this action. *See above* at 5-9; *see also DRK Photo*, 870 F.3d at 988 (non-exclusive licensee was neither legal nor beneficial owner and lacked standing to sue). Plaintiff's Complaint must therefore be dismissed.

   **(c)**   **Leave to Amend Should Be Denied**

The Court should deny leave to amend because no amendment will cure Plaintiff's lack of standing. *See Chaset v. Fleer/Skybox Int'l, LP*, 300 F.3d 1083, 1088 (9th Cir. 2002) (affirming trial court's denial of leave to amend where plaintiffs could not cure a lack of standing in their pleading); *see also Sybersound*, 517 F.3d at 1142. Plaintiff's allegations establish that it is the assignee of only one co-author's copyright interest. Compl. at 1 ¶ 3, 3 ¶ 11, 10 ¶ 43, 10 ¶ 45, 16 ¶ 66; RJN at 1, Exs. 1-5. Because Plaintiff cannot change these facts, it cannot cure its lack of standing and amendment is futile. *See Ahlmeyer v. Nevada Sys. of Higher Educ.*, 555 F.3d 1051, 1055 (9th Cir. 2009) ("futility of amendment alone can justify the denial of a motion [to amend]") (citing *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004)); *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990) (a district court does not err in denying

"leave to amend when any proposed amendment would be futile"). Plaintiff's Complaint should therefore be dismissed with prejudice.

## 3.   CONCLUSION

Plaintiff unambiguously alleges that it obtained its claimed rights in the *When I Was Your Man* copyright from only one of that musical composition's four co-authors. That is a fatal and incurable defect in Plaintiff's claim because the Copyright Act expressly provides that only owners of exclusive rights may sue for copyright infringement and this Circuit's caselaw unambiguously provides that an assignee of only one co-author lacks exclusive rights and, therefore, also lacks standing to sue for infringement. Accordingly, the Songwriter Defendants respectfully submit that their Motion should be granted and Plaintiff's Complaint and claim for copyright infringement dismissed, in its entirety, without leave to amend.

Dated: November 20, 2024

/s/ Peter Anderson
Peter Anderson, Esq.
Eric H. Lamm, Esq.
Alexandra P. Cadena, Esq.
DAVIS WRIGHT TREMAINE LLP
Attorneys for Defendants
MILEY CYRUS, also sued as MCEO Publishing, GREGORY HEIN, also sued as Songs By Gregory Hein, MICHAEL POLLACK, also sued as What Key Do You Want It In Music, and MCEO, INC.

11

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for defendants Miley Cyrus, also sued as MCEO Publishing, Gregory Hein, also sued as Songs By Gregory Hein, Michael Pollack, also sued as What Key Do You Want It In Music, and MCEO, Inc., certifies that this Memorandum contains 3457 words, which complies with the word limit of L.R. 11-6.1.

Dated: November 20, 2024

/s/ Peter Anderson
Peter Anderson, Esq.