Peter Anderson, Esq. (Cal. Bar No. 88891)
peteranderson@dwt.com
Eric H. Lamm, Esq. (Cal. Bar No. 324153)
ericlamm@dwt.com
Alexandra P. Cadena, Esq. (Cal. Bar No. 352442)
alexcadena@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California 90017-2566
Telephone: (213) 633-6800
Fax: (213) 633-6899

Attorneys for Defendants
MILEY CYRUS, also sued as MCEO Publishing, GREGORY HEIN, also sued as Songs By Gregory Hein, MICHAEL POLLACK, also sued as What Key Do You Want it in Music, MCEO, INC., SONY MUSIC ENTERTAINMENT, SONY MUSIC PUBLISHING (US) LLC, PULSE 2.0, LLC, sued as These Are Pulse Songs, PURE TONE MUSIC, LLC, sued as Songs With A Pure Tone, CONCORD MUSIC PUBLISHING LLC, BLASTRONAUT, INC., sued as Droog Publishing, WARNER-TAMERLANE PUBLISHING CORP., AMAZON.COM SERVICES LLC, APPLE INC., PANDORA MEDIA, LLC, DISNEY PLATFORM DISTRIBUTION, INC., TARGET CORP., BARNES & NOBLE BOOKSELLERS, INC., TIDAL MUSIC LLC, WALMART INC., WAL-MART.COM USA, INC., WIDE EYED GLOBAL, IHEARTMEDIA, INC., and LIVE NATION ENTERTAINMENT, INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| TEMPO MUSIC INVESTMENTS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>MILEY CYRUS, an individual; GREGORY HEIN, an individual; MICHAEL POLLACK, an individual; SONY MUSIC PUBLISHING (US) LLC; CONCORD MUSIC PUBLISHING LLC; WARNER-TAMERLANE PUBLISHING CORP.; MCEO PUBLISHING; WHAT KEY DO YOU WANT IT IN MUSIC; SONGS WITH A PURE TONE;<br>(continued next page) | Case No. 2:24-cv-07910-DDP-BFM<br><br>ANSWER TO COMPLAINT<br><br>DEMAND FOR JURY TRIAL |

SONGS BY GREGORY HEIN; DROOG PUBLISHING; THESE ARE PULSE SONGS; WIDE EYED GLOBAL; MCEO, INC.; SONY MUSIC ENTERTAINMENT; APPLE INC.; IHEARTMEDIA, INC.; PANDORA MEDIA, LLC; DEEZER S.A.; AMAZON.COM SERVICES LLC; SOUNDCLOUD GLOBAL LIMITED & CO. KG; TIDAL MUSIC LLC; XANDRIE SA; LIVE NATION ENTERTAINMENT, INC.; TARGET CORP.; WAL-MART.COM USA, LLC; WALMART INC.; BARNES & NOBLE BOOKSELLERS, INC.; DISNEY PLATFORM DISTRIBUTION, INC.; and DOES 1-10, inclusive,

Defendants.

## ANSWER TO COMPLAINT

Defendants Sony Music Publishing (US) LLC, Concord Music Publishing LLC, Warner-Tamerlane Publishing Corp., Sony Music Entertainment, Pulse 2.0, LLC, sued as These Are Pulse Songs, Pure Tone Music, LLC, sued as Songs With a Pure Tone, Blastronaut, Inc., sued as Droog Publishing, Amazon.Com Services LLC, Apple Inc., Pandora Media, LLC, Disney Platform Distribution, Inc., Target Corp., Barnes & Noble Booksellers, Inc., Tidal Music LLC, Walmart Inc., Wal-Mart.Com USA, Inc., Wide Eyed Global, IHeartMedia, Inc., and Live Nation Entertainment, Inc. (collectively "Defendants") answer the Complaint of plaintiff Tempo Music Investments, LLC ("Plaintiff"), as follows:

## "INTRODUCTION"[1]

1. Answering paragraph 1 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto. To the extent the allegations are deemed allegations of fact, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and, on that basis, deny those allegations.

2. Answering paragraph 2 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and, on that basis, deny those allegations.

3. Answering paragraph 3 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations are deemed allegations of fact, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and, on that basis, deny those allegations.

///

[1] Defendants include the section headings from the Complaint in this Answer purely for ease of organization; to the extent those headings include any allegations of fact, Defendants deny each and every allegation thereof.

4. Answering paragraph 4 and footnote 1 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations are deemed allegations of fact, Defendants admit that in January 2023, Miley Cyrus, a well-known recording artist and a defendant in this action, released the song titled *Flowers*, deny that *Flowers* copies *When I Was Your Man*, and lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained therein and, on that basis, deny those allegations.

5. Answering paragraph 5 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and, on that basis, deny those allegations.

6. Answering paragraph 6 of the Complaint, Defendants object to the extent that the allegations contained therein require the opinion of an expert and that purporting to require that Defendants respond at this time is improper and premature under Federal Rule of Civil Procedure 26; as to any non-expert allegations, Defendants deny the allegations contained therein.

7. Answering paragraph 7 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations are deemed allegations of fact, Defendants admit that Plaintiff purports to bring this action for copyright infringement and claims that all defendants have engaged in the unauthorized reproduction, distribution, and exploitation of *When I Was Your Man*, deny that any defendant has infringed a copyright in *When I Was Your Man*, deny that *Flowers* copies *When I Was Your Man*, and lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph and, on that basis, deny those allegations.

///

///

"**JURISDICTION AND VENUE**"

8. Answering paragraph 8 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations are deemed allegations of fact, Defendants admit that Plaintiff contends the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a) insofar as Plaintiff purports to assert a claim under the Copyright Act, and Defendants deny each and every remaining allegation contained therein.

9. Answering paragraph 9 of the Complaint, the allegations consist of legal conclusions to which no response is required. To the extent any response is required, Defendants, without conceding that personal jurisdiction is appropriate as to any other defendant in this action, do not dispute personal jurisdiction over Defendants in this action.

10. Answering paragraph 10 of the Complaint, the allegations consist of legal conclusions to which no response is required. To the extent any response is required, Defendants, without conceding that venue is appropriate as to any other defendant in this action, do not dispute that venue is proper as to Defendants in this action.

"**PARTIES**"

11. Answering paragraph 11 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations are deemed allegations of fact, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and, on that basis, deny those allegations.

12. Answering paragraph 12 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations are deemed allegations of fact, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and, on that basis, deny those allegations.

13. Answering paragraph 13 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations are deemed allegations of fact, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and, on that basis, deny those allegations.

14. Answering paragraph 14 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations are deemed allegations of fact, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and, on that basis, deny those allegations.

15. Answering paragraph 15 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations are deemed allegations of fact, Sony Music Publishing (US) LLC ("SMP") admits it is a limited liability company organized under the laws of the State of Delaware, with its principal place of business in New York, New York, and that SMP is a music publisher, including as to *Flowers*, and SMP denies the remaining allegations therein; the remaining Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and, on that basis, deny those allegations.

16. Answering paragraph 16 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations are deemed allegations of fact, Sony Music Entertainment ("SME") admits it is a general partnership organized under the laws of the State of Delaware, with its principal place of business in New York, New York, and that SME is a record company, including as to *Flowers*, and SME denies the remaining allegations therein; the remaining Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and, on that basis, deny those allegations.

17. Answering paragraph 17 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations are deemed allegations of fact, Concord Music Publishing LLC ("Concord") admits it is a limited liability company organized under the laws of the State of Delaware, with an office in Los Angeles, California, and is a music publisher, including with respect to *While I Was Your Man* and *Flowers*, and Concord denies the remaining allegations therein; the remaining Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and, on that basis, deny those allegations.

18. Answering paragraph 18 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations are deemed allegations of fact, Warner-Tamerlane Publishing Corp. ("Warner-Tamerlane") admits it is a corporation with its principal place of business in Los Angeles, California, and is a music publisher, including with respect to *Flowers*, denies that it is organized under the laws of the State of Delaware, and denies the remaining allegations therein; the remaining Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and, on that basis, deny those allegations.

19. Answering paragraph 19 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and, on that basis, deny those allegations.

20. Answering paragraph 20 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations are deemed allegations of fact, Apple Inc. ("Apple") admits that it is a corporation organized under the laws of the State of California, with its principal place of business in Cupertino, California, that *When I Was Your Man* and *Flowers* are available on the Apple Music streaming service, and

denies the remaining allegations therein; the remaining Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and, on that basis, deny those allegations.

21. Answering paragraph 21 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations are deemed allegations of fact, iHeartMedia, Inc. ("IHeartMedia") admits it is a corporation organized under the laws of the State of Delaware, with its principal place of business in San Antonio, Texas, and that *When I Was Your Man* and *Flowers* are available on the iHeartRadio streaming service, and denies the remaining allegations contained therein; the remaining Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and, on that basis, deny those allegations.

22. Answering paragraph 22 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations are deemed allegations of fact, Pandora Media, LLC ("Pandora") admits it is a limited liability company organized under the laws of the State of Delaware, with its principal place of business in Oakland, California, and that *When I Was Your Man* and *Flowers* are available on the Pandora streaming service, and denies the remaining allegations contained therein; the remaining Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and, on that basis, deny those allegations.

23. Answering paragraph 23 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations are deemed allegations of fact, Amazon.com Services LLC ("Amazon Services") admits it is a corporation organized under the laws of the State of Delaware, with its principal place of business in Seattle, Washington, and that *When I Was Your Man* and *Flowers* are available on the Amazon Music streaming service, and denies the remaining allegations contained therein; the

remaining Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and, on that basis, deny those allegations.

24. Answering paragraph 24 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations are deemed allegations of fact, Tidal Music LLC ("Tidal") admits it is a limited liability company organized under the laws of the State of Delaware, with its principal place of business in New York, and that *When I Was Your Man* and *Flowers* are available on the Tidal music streaming service, and denies the remaining allegations contained therein; the remaining Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and, on that basis, deny those allegations.

25. Answering paragraph 25 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations are deemed allegations of fact, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and, on that basis, deny those allegations.

26. Answering paragraph 26 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations are deemed allegations of fact, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and, on that basis, deny those allegations.

27. Answering paragraph 27 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations are deemed allegations of fact, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and, on that basis, deny those allegations.

///

28. Answering paragraph 28 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations are deemed allegations of fact, Disney Platform Distribution, Inc. ("Disney Platform") admits it is a corporation organized under the laws of the State of Delaware, with its principal place of business in Burbank, California, and that *Flowers* was performed as part of a documentary concert that was made available on the Disney+ service for subscribers to stream beginning on or about March 10, 2023, and denies the remaining allegations contained therein; the remaining Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and, on that basis, deny those allegations.

29. Answering paragraph 29 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations are deemed allegations of fact, Live Nation Entertainment, Inc. ("Live Nation") admits it is a corporation organized under the laws of the State of Delaware, with its principal place of business in Beverly Hills, California, and that it sells copies of *Flowers* through Miley Cyrus's official online store (shop.mileycyrus.com), and denies the remaining allegations contained therein; the remaining Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and, on that basis, deny those allegations.

30. Answering paragraph 30 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations are deemed allegations of fact, Target Corp. ("Target") admits it is a corporation organized under the laws of the State of Minnesota, with its principal place of business in Minneapolis, Minnesota, that Target has multiple retail locations in California, and that Target sells copies of *When I Was Your* Man and *Flowers* in stores and online, and denies the remaining allegations contained therein; the remaining Defendants lack knowledge or information sufficient

to form a belief as to the truth or falsity of the allegations in this paragraph and, on that basis, deny those allegations.

31. Answering paragraph 31 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations are deemed allegations of fact, Wal-Mart.com USA LLC ("Wal-Mart.com") admits it is a limited liability company organized under the laws of the State of California, with its principal place of business in San Bruno, California, and that copies of *When I Was Your Man* and *Flowers* are offered for sale on the Walmart.com marketplace platform, and denies the remaining allegations contained therein; the remaining Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and, on that basis, deny those allegations.

32. Answering paragraph 32 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations are deemed allegations of fact, Walmart Inc. ("Walmart") admits it is a corporation organized under the laws of the State of Delaware, with its principal place of business in Bentonville, Arkansas, and that Walmart sells copies of *When I Was Your Man* and *Flowers* in its brick-and-mortar stores, and denies the remaining allegations contained therein; the remaining Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and, on that basis, deny those allegations.

33. Answering paragraph 33 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations are deemed allegations of fact, Barnes & Noble Booksellers, Inc. ("Barnes & Noble") admits it is a corporation organized under the laws of the State of Delaware, with its principal place of business in New York, New York, and that Barnes & Noble sells copies of *When I Was Your Man* and *Flowers* in stores and online, and denies the remaining allegations contained therein; the

remaining Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and, on that basis, deny those allegations.

34. Answering paragraph 34 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations are deemed allegations of fact, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and, on that basis, deny those allegations.

35. Answering paragraph 35 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations are deemed allegations of fact, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and, on that basis, deny those allegations.

36. Answering paragraph 36 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations are deemed allegations of fact, Pure Tone Music, LLC, sued as Songs with a Pure Tone, is a music publisher, including with respect to *Flowers*, and denies the remaining allegations contained therein; the remaining Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and, on that basis, deny those allegations.

37. Answering paragraph 37 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations are deemed allegations of fact, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and, on that basis, deny those allegations.

38. Answering paragraph 38 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations are deemed allegations of fact, Blastronaut, Inc.,

sued as Droog Publishing ("Blastronaut"), admits it is a music publisher, including with respect to *Flowers*, and denies the remaining allegations contained therein; the remaining Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and, on that basis, deny those allegations.

39. Answering paragraph 39 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations are deemed allegations of fact, Pulse 2.0, LLC, sued as These Are Pulse Songs ("Pulse"), admits it is a music publisher, including with respect to *Flowers*, and denies the remaining allegations contained therein; the remaining Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and, on that basis, deny those allegations.

40. Answering paragraph 40 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations are deemed allegations of fact, Wide Eyed Global admits it is a music publisher, including with respect to *Flowers*, and denies the remaining allegations contained therein; the remaining Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and, on that basis, deny those allegations.

41. Answering paragraph 41 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations are deemed allegations of fact, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and, on that basis, deny those allegations.

42. Answering paragraph 42 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendant is not required to plead thereto;

to the extent the allegations are deemed allegations of fact, Defendants deny the allegations in this paragraph.

"**FACTUAL BACKGROUND**

**I. Plaintiff Acquires a Share of the Copyright in 'When I Was Your Man'**"

43. Answering paragraph 43 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations are deemed allegations of fact, Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and, on that basis, deny those allegations.

44. Answering paragraph 44 of the Complaint, Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and, on that basis, deny those allegations.

45. Answering paragraph 45 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations are deemed allegations of fact, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and, on that basis, deny those allegations.

"**II. Defendants Have Access to 'When I Was Your Man' Prior to Creating and Exploiting 'Flowers'**"

46. Answering paragraph 46 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto. To the extent the allegations in that paragraph are deemed allegations of fact, Concord admits it is a music publisher as to *When I Was Your Man* and *Flowers*, Warner-Tamerlane admits it is a music publisher as to *Flowers* and denies it is a music publisher as to *When I Was Your Man*; Concord and Warner-Tamerlane deny that these allegations establish access and lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph and, on that basis, deny those allegations. iHeartMedia admits that Bruno Mars

performed *When I Was Your Man* at the iHeartRadio Music Festival in Las Vegas, Nevada on September 21, 2013, and that Miley Cyrus also appeared and performed another musical composition, but denies that these allegations establish access; iHeartMedia lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph and, on that basis, deny those allegations. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and, on that basis, deny those allegations.

"**III. <u>'Flowers' Is Substantially Similar to 'When I Was Your Man'</u>**"

47. Answering Paragraph 47 of the Complaint, Defendants admit that *Flowers* was released in or about January 2023, approximately ten years after *When I Was Your Man*, and deny the remaining allegations in this paragraph.

48. Answering paragraph 48 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations are deemed allegations of fact, Defendants deny the allegations in that paragraph.

"**A. Comparison of the Verse of 'When I Was Your Man' and the Chorus of 'Flowers'**"

49. Answering paragraph 49 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations are deemed allegations of fact, Defendants object that the allegations require the opinion of an expert and purporting to require that Defendants respond at this time is improper and premature under Federal Rule of Civil Procedure 26, and as to any non-expert allegations, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and, on that basis, deny those allegations.

50. Answering paragraph 50 of the Complaint, Defendants object that the allegations require the opinion of an expert and purporting to require that Defendants

respond at this time is improper and premature under Federal Rule of Civil Procedure 26, and as to any non-expert allegations, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and, on that basis, deny those allegations.

51. Answering paragraph 51 of the Complaint, Defendants object that the allegations require the opinion of an expert and purporting to require that Defendants respond at this time is improper and premature under Federal Rule of Civil Procedure 26, and as to any non-expert allegations, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and, on that basis, deny those allegations.

**"B. Comparison of the Chorus of 'When I Was Your Man' and the Chorus of 'Flowers'"**

52. Answering paragraph 52 of the Complaint, Defendants object that the allegations require the opinion of an expert and purporting to require that Defendants respond at this time is improper and premature under Federal Rule of Civil Procedure 26, and as to any non-expert allegations, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and, on that basis, deny those allegations.

53. Answering paragraph 53 of the Complaint, Defendants object that the allegations require the opinion of an expert and purporting to require that Defendants respond at this time is improper and premature under Federal Rule of Civil Procedure 26, and as to any non-expert allegations, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and, on that basis, deny those allegations.

54. Answering paragraph 54 of the Complaint, Defendants object that the allegations require the opinion of an expert and purporting to require that Defendants respond at this time is improper and premature under Federal Rule of Civil Procedure 26, and as to any non-expert allegations, Defendants lack knowledge or information

sufficient to form a belief as to the truth or falsity of the allegations contained therein and, on that basis, deny those allegations.

55. Answering paragraph 55 of the Complaint, Defendants object that the allegations require the opinion of an expert and purporting to require that Defendants respond at this time is improper and premature under Federal Rule of Civil Procedure 26, and as to any non-expert allegations, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and, on that basis, deny those allegations.

56. Answering paragraph 56 of the Complaint, Defendants deny that a comparison of the lyrics of the songs "suggests that the musical similarities are no coincidence"; as to the remaining allegations, Defendants object that the allegations require the opinion of an expert and purporting to require that Defendants respond at this time is improper and premature under Federal Rule of Civil Procedure 26, and as to any non-expert allegations in this paragraph, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and, on that basis, deny those allegations.

57. Answering paragraph 57 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations are deemed allegations of fact, Defendants object that the allegations require the opinion of an expert and purporting to require that Defendants respond at this time is improper and premature under Federal Rule of Civil Procedure 26, and as to any non-expert allegations in this paragraph, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and, on that basis, deny those allegations.

58. Answering paragraph 58 of the Complaint, Defendants object that the allegations in that paragraph require the opinion of an expert and purporting to require that Defendants respond at this time is improper and premature under Federal Rule of Civil Procedure 26, and as to any non-expert allegations in this paragraph, Defendants

lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and, on that basis, deny those allegations.

**"C. The Closing or Post-Chorus Sections of 'Flowers'"**

59. Answering paragraph 59 of the Complaint, Defendants object that the allegations in that paragraph require the opinion of an expert and purporting to require that Defendants respond at this time is improper and premature under Federal Rule of Civil Procedure 26, and as to any non-expert allegations in this paragraph, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and, on that basis, deny those allegations.

60. Answering paragraph 60 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations are deemed allegations of fact, Defendants deny the allegations.

**"IV. Defendants Willfully and Knowingly Exploit 'Flowers' Despite Its Infringement of 'When I Was Your Man'"**

61. Answering paragraph 61 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations are deemed allegations of fact, Defendants deny the allegations.

62. Answering paragraph 62 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; Defendants object to Plaintiff's "shotgun pleading" of these allegations, making sweeping, vague, and undifferentiated allegations regarding all Defendants, notwithstanding that each Defendant is a separate company with differing roles relating to *Flowers*; to the extent the allegations are deemed allegations of fact, Defendants each, for itself alone, admits that it has in some fashion been involved in the use or other exploitation of *Flowers* and in some instances revenues were derived therefrom by some Defendants, and Defendants, to the extent that they did not

participate in the production, preparation, licensing, marketing, or promotion of *Flowers*, deny Plaintiff's shotgun allegations as to them, and Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph and, on that basis, deny the allegations.

63. Answering paragraph 63 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations are deemed allegations of fact, Defendants each, for itself alone, admits that it has in some fashion been involved in the use or other exploitation of *Flowers*, and Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph and, on that basis, deny the allegations.

"**CLAIMS FOR RELIEF**

**FIRST CLAIM FOR RELIEF**

**(COPYRIGHT INFRINGEMENT (17 U.S.C. § 101 *et seq.*) AGAINST ALL DEFENDANTS)**"

64. Defendants repeat and reallege their responses set forth above in paragraphs 1 through 63 as if fully set forth herein.

65. Answering paragraph 65 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations are deemed allegations of fact, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained therein and, on that basis, deny the allegations.

66. Answering paragraph 66 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations are deemed allegations of fact, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained therein and, on that basis, deny the allegations.

///

67. Answering paragraph 67 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations are deemed allegations of fact, Defendants deny they created *Flowers*, deny they copied *When I Was Your Man*, and lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained therein and, on that basis, deny those allegations.

68. Answering paragraph 68 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations are deemed allegations of fact, Defendants object that the allegations require the opinion of an expert and purporting to require that Defendants respond at this time is improper and premature under Federal Rule of Civil Procedure 26; as to any non-expert allegations remaining in this paragraph, Defendants deny that *Flowers* copies *When I Was Your Man* and lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained therein and, on that basis, deny those allegations.

69. Answering paragraph 69 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations are deemed allegations of fact, Defendants each, for itself alone, admits that it did not seek or receive permission to copy or interpolate any portion of *When I Was Your Man* into *Flowers*, denies that any such permission was needed; as to any other defendants, each Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and, on that basis, denies the allegations.

70. Answering paragraph 70 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations are deemed allegations of fact, Defendants deny the allegations.

///

71. Answering paragraph 71 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations are deemed allegations of fact, Defendants deny the allegations.

72. Answering paragraph 72 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations are deemed allegations of fact, Defendants deny the allegations.

73. Answering paragraph 73 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; Defendants object to Plaintiff's "shotgun pleading" of these allegations, making sweeping, vague, and undifferentiated allegations regarding all Defendants, notwithstanding that each Defendant is a separate company with differing roles relating to *Flowers*; to the extent the allegations are deemed allegations of fact, Defendants each, for itself alone, admits that it has in some fashion been involved in the use or other exploitation of *Flowers* and in some instances revenues were derived therefrom by some Defendants, and Defendants, to the extent that they did not induce, cause, and materially contribute to the production, preparation, licensing, marketing, promotion, or other exploitation of *Flowers*, deny Plaintiff's shotgun allegations as to them, and Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph and, on that basis, deny the allegations.

74. Answering paragraph 74 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations are deemed allegations of fact, Defendants deny the allegations.

75. Answering paragraph 75 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead

thereto; to the extent the allegations are deemed allegations of fact, Defendants deny the allegations.

76. Answering paragraph 76 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations are deemed allegations of fact, Defendants deny the allegations.

77. Answering paragraph 77 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations are deemed allegations of fact, Defendants deny the allegations.

78. Answering paragraph 78 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations are deemed allegations of fact, Defendants deny the allegations.

79. Answering paragraph 79 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations are deemed allegations of fact, Defendants deny the allegations.

80. Answering paragraph 80 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations are deemed allegations of fact, Defendants deny the allegations.

## AFFIRMATIVE DEFENSES

81. Defendants do not presently know all of the facts and circumstances relating to Plaintiff's claim and reserve the right to amend this Answer, including but not limited to adding different or additional affirmative defenses. Subject to the foregoing, and without waiving or excusing Plaintiff's burden of proof, or admitting that any of the following are affirmative defenses upon which Defendants have any

burden of proof as opposed to denials of matters as to which Plaintiff has the burden of proof, or that Defendants have any burden of proof at all, Defendants hereby assert the following affirmative defenses.

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

82. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

**(Lack of Standing)**

83. Plaintiff lacks standing to sue for infringement, including under § 501(b) of the Copyright Act of 1976, 17 U.S.C. §§ 101 et. seq.

**THIRD AFFIRMATIVE DEFENSE**

**(Co-Owners of Copyright)**

84. To the extent that Defendants, or any of them, are co-owners of the *When I Was Your Man* copyright, they cannot be liable for infringement of that copyright.

**FOURTH AFFIRMATIVE DEFENSE**

**(Independent Creation)**

85. The allegedly infringing work was created independently of the allegedly infringed work.

**FIFTH AFFIRMATIVE DEFENSE**

**(Lack of Originality or Protectability)**

86. The allegedly copied elements or materials lack originality or otherwise are not protected by copyright.

**SIXTH AFFIRMATIVE DEFENSE**

**(Plaintiff's Lack of Ownership of the Allegedly Copied Material)**

87. Plaintiff does not own the allegedly infringed copyright or any other rights in or to the portions of the claimed works that are allegedly copied.

///

**SEVENTH AFFIRMATIVE DEFENSE**

**(Fair Use)**

88. Without admitting the alleged use of any copyrighted material allegedly owned by Plaintiff, which is denied, the conduct of which Plaintiff complains constitutes fair use.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Failure to Comply with Copyright Act Formalities)**

89. Plaintiff's claims and/or the remedies Plaintiff seeks are barred by the failure to comply with the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq.*, including but not limited to 17 U.S.C. §§ 401 and 408, and each of them.

**NINTH AFFIRMATIVE DEFENSE**

**(Waiver)**

90. Plaintiff's claims and/or the remedies Plaintiff seeks are barred by the doctrine of waiver.

**TENTH AFFIRMATIVE DEFENSE**

**(License)**

91. Without admitting the use of any copyrighted material allegedly owned by Plaintiff, which is denied, the conduct of which Plaintiff complains was impliedly and/or expressly licensed.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Laches)**

92. Plaintiff's claim and/or the remedies Plaintiff seeks are barred by the doctrine of laches.

**RESERVATION OF RIGHTS**

93. Defendants reserve the right to assert additional affirmative defenses if discovery or Defendants' investigation reveals grounds for the assertion of the additional defenses, including without limitation affirmative defenses that are

///

referenced in Rule 8(c) of the Federal Rules of Civil Procedure or are otherwise available under applicable law.

## PRAYER FOR RELIEF

**WHEREFORE**, Defendants pray for judgment as follows:

1. That Plaintiff take nothing by way of its Complaint and that the Complaint be dismissed with prejudice;

2. That Defendants be awarded their costs and attorneys' fees; and

3. For such other and further relief as the Court deems just and proper.

Dated: November 20, 2024

/s/ Peter Anderson

Peter Anderson, Esq.
Eric H. Lamm, Esq.
Alexandra P. Cadena, Esq.
DAVIS WRIGHT TREMAINE LLP
Attorneys for Defendants
MILEY CYRUS, also sued as MCEO Publishing, GREGORY HEIN, also sued as Songs By Gregory Hein, MICHAEL POLLACK, also sued as What Key Do You Want it in Music, MCEO, INC., SONY MUSIC ENTERTAINMENT, SONY MUSIC PUBLISHING (US) LLC, PULSE 2.0, LLC, sued as These Are Pulse Songs, PURE TONE MUSIC, LLC, sued as, Songs With A Pure Tone, CONCORD MUSIC PUBLISHING LLC, BLASTRONAUT, INC., sued as Droog Publishing, WARNER-TAMERLANE PUBLISHING CORP., AMAZON.COM SERVICES LLC, APPLE INC., PANDORA MEDIA, LLC, DISNEY PLATFORM DISTRIBUTION, INC., TARGET CORP., BARNES & NOBLE BOOKSELLERS, INC., TIDAL MUSIC LLC, WALMART INC., WAL-MART.COM USA, INC., WIDE EYED GLOBAL, IHEARTMEDIA, INC., and LIVE NATION ENTERTAINMENT, INC.

**DEMAND FOR JURY TRIAL**

Defendants Sony Music Publishing (US) LLC, Concord Music Publishing LLC, Warner-Tamerlane Publishing Corp., Sony Music Entertainment, Pulse 2.0, LLC, sued as These Are Pulse Songs, Pure Tone Music, LLC, sued as Songs With a Pure Tone, Blastronaut, Inc., sued as Droog Publishing, Amazon.Com Services LLC, Apple Inc., Pandora Media, LLC, Disney Platform Distribution, Inc., Target Corp., Barnes & Noble Booksellers, Inc., Tidal Music LLC, Walmart Inc., Wal-Mart.Com USA, Inc., Wide Eyed Global, IHeartMedia, Inc., and Live Nation Entertainment, Inc., respectfully demand trial by jury.

Dated: November 20, 2024

/s/ Peter Anderson

Peter Anderson, Esq.
Eric H. Lamm, Esq.
Alexandra P. Cadena, Esq.
DAVIS WRIGHT TREMAINE LLP
Attorneys for Defendants
MILEY CYRUS, also sued as MCEO Publishing, GREGORY HEIN, also sued as Songs By Gregory Hein, MICHAEL POLLACK, also sued as What Key Do You Want it in Music, MCEO, INC., SONY MUSIC ENTERTAINMENT, SONY MUSIC PUBLISHING (US) LLC, PULSE 2.0, LLC, sued as These Are Pulse Songs, PURE TONE MUSIC, LLC, sued as, Songs With A Pure Tone, CONCORD MUSIC PUBLISHING LLC, BLASTRONAUT, INC., sued as Droog Publishing, WARNER-TAMERLANE PUBLISHING CORP., AMAZON.COM SERVICES LLC, APPLE INC., PANDORA MEDIA, LLC, DISNEY PLATFORM DISTRIBUTION, INC., TARGET CORP., BARNES & NOBLE BOOKSELLERS, INC., TIDAL MUSIC LLC, WALMART INC., WAL-MART.COM USA, INC., WIDE EYED GLOBAL, IHEARTMEDIA, INC., and LIVE NATION ENTERTAINMENT, INC.