Peter Anderson, Esq. (Cal. Bar No. 88891)
     peteranderson@dwt.com
Eric H. Lamm, Esq. (Cal. Bar No. 324153)
     ericlamm@dwt.com
Alexandra P. Cadena, Esq. (Cal. Bar No. 352442)
     alexcadena@dwt.com
DAVIS WRIGHT TREMAINE LLP
350 South Grand Avenue, 27th Floor
Los Angeles, California  90071
Telephone: (213) 633-6800
Fax: (213) 633-6899

Attorneys for Defendants
MILEY CYRUS, also sued as MCEO Publishing,
GREGORY HEIN, also sued as Songs By Gregory Hein,
MICHAEL POLLACK, also sued as What Key Do You
Want it in Music, MCEO, INC., SONY MUSIC
ENTERTAINMENT, SONY MUSIC PUBLISHING (US) LLC,
PULSE 2.0, LLC, sued as These Are Pulse Songs, PURE
TONE MUSIC, LLC, sued as Songs With A Pure Tone,
CONCORD MUSIC PUBLISHING LLC, BLASTRONAUT,
INC., sued as Droog Publishing, WARNER-TAMERLANE
PUBLISHING CORP., AMAZON.COM SERVICES LLC,
APPLE INC., PANDORA MEDIA, LLC, DISNEY PLATFORM
DISTRIBUTION, INC., TARGET CORP., BARNES &
NOBLE BOOKSELLERS, INC., TIDAL MUSIC LLC,
WALMART INC., WAL-MART.COM USA, INC., WIDE
EYED GLOBAL, IHEARTMEDIA, INC., LIVE NATION
ENTERTAINMENT, INC., DEEZER, S.A., and XANDRIE, S.A.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| TEMPO MUSIC INVESTMENTS, LLC, | ) Case No. 2:24-cv-07910-DDP-BFM |
| | ) |
| Plaintiff, | ) |
| | ) ANSWER TO COMPLAINT |
| v. | ) |
| | ) DEMAND FOR JURY TRIAL |
| MILEY CYRUS, an individual; | ) |
| GREGORY HEIN, an individual; | ) |
| MICHAEL POLLACK, an individual; | ) |
| SONY MUSIC PUBLISHING (US) | ) |
| LLC; CONCORD MUSIC | ) |
| PUBLISHING LLC; WARNER- | ) |
| TAMERLANE PUBLISHING CORP.; | ) |
| MCEO PUBLISHING; WHAT KEY | ) |
| DO YOU WANT IT IN MUSIC; | ) |
| SONGS WITH A PURE TONE; | ) |
| (continued next page) | ) |

(continued next page)

1    SONGS BY GREGORY HEIN;
     DROOG PUBLISHING; THESE ARE
2    PULSE SONGS; WIDE EYED
     GLOBAL; MCEO, INC.; SONY
3    MUSIC ENTERTAINMENT; APPLE
     INC.; IHEARTMEDIA, INC.;
4    PANDORA MEDIA, LLC; DEEZER
     S.A.; AMAZON.COM SERVICES
5    LLC; SOUNDCLOUD GLOBAL
     LIMITED & CO. KG; TIDAL MUSIC
6    LLC; XANDRIE SA; LIVE NATION
     ENTERTAINMENT, INC.; TARGET
7    CORP.; WAL-MART.COM USA, LLC;
     WALMART INC.; BARNES &
8    NOBLE BOOKSELLERS, INC.;
     DISNEY PLATFORM
9    DISTRIBUTION, INC.; and DOES 1-
     10, inclusive,
10
                        Defendants.
11

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## ANSWER TO COMPLAINT

Defendants Miley Cyrus, also sued as MCEO Publishing, Gregory Hein, also sued as Songs By Gregory Hein, Michael Pollack, also sued as What Key Do You Want It In Music, and MCEO, Inc. ("Defendants"), answer the Complaint of plaintiff Tempo Music Investments, LLC ("Plaintiff"), as follows:

### "**INTRODUCTION**"[1]

1.     Answering paragraph 1 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto.  To the extent the allegations are deemed allegations of fact, Defendants deny that this action arises out of the infringement by Defendants or anyone else of the copyright in the musical composition titled *When I Was Your Man*, and specifically deny that *Flowers* infringes Plaintiff's claimed copyright or copyright interest in *When I Was Your Man*, and Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and, on that basis, deny those allegations.

2.     Answering paragraph 2 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and, on that basis, deny those allegations.

3.     Answering paragraph 3 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations are deemed allegations of fact, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and, on that basis, deny those allegations.

4.     Answering paragraph 4 and footnote 1 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required

---

[1]     Defendants include the section headings from the Complaint in this Answer purely for ease of organization; to the extent those headings include any allegations of fact, Defendants deny each and every allegation thereof.

1

to plead thereto; to the extent the allegations are deemed allegations of fact, Defendants admit that the sound recording titled *Flowers* was released in January 2023, that it features Miley Cyrus, a well-known recording artist and named as a defendant in this action, and deny that *Flowers* copies *When I Was Your Man*, Michael Pollack denies the accuracy of the statements attributed to him in the March 2023 *Billboard* article, and Defendants aver that—directly contrary to Plaintiff's allegations—another *Billboard* article instead stated:

> "[N]ot only are there no direct samples or obvious interpolations between 'Flowers' and 'Your Man,' there are no major sonic overlaps either — no obvious shared melodies or rhythms, no major similarities in production textures,"

and that *Billboard* article also quoted a music law expert's statement that "There are no songwriter credits [in *Flowers*] for the 'When I Was Your Man' writers because no license should be necessary," and Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained therein and, on that basis, deny those allegations.

5.    Answering paragraph 5 of the Complaint, Defendants admit that *Flowers* debuted at No. 1 on the Billboard Hot 100 chart, that *Flowers* broke the record to become the fastest song to reach one billion streams on streaming service Spotify, that *Flowers* earned Ms. Cyrus her first Grammy wins for Record of the Year and Best Pop Solo Performance at the 66th Annual Grammy Awards in February 2024, that Ms. Cyrus performed *Flowers* live at the 66th Annual Grammy Awards in February 2024, and that *Flowers* won Best International Song at the Brit Awards in 2024; Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and, on that basis, deny those allegations.

6.    Answering paragraph 6 of the Complaint, Defendants object to the extent that the allegations contained therein require the opinion of an expert and that purporting to require that Defendants respond at this time is improper and premature

under Federal Rule of Civil Procedure 26; as to any non-expert allegations, Defendants deny the allegations contained therein.

7.    Answering paragraph 7 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations are deemed allegations of fact, Defendants admit that Plaintiff purports to bring this action for copyright infringement and Plaintiff claims that all defendants have engaged in the unauthorized reproduction, distribution, and exploitation of *When I Was Your Man*, deny that any defendant has infringed a copyright in *When I Was Your Man*, deny that *Flowers* copies *When I Was Your Man*, and lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph and, on that basis, deny those allegations.

## "**JURISDICTION AND VENUE**"

8.    Answering paragraph 8 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations are deemed allegations of fact, Defendants admit that Plaintiff contends the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a) insofar as Plaintiff purports to assert a claim under the Copyright Act, and Defendants deny each and every remaining allegation contained therein.

9.    Answering paragraph 9 of the Complaint, the allegations consist of legal conclusions to which no response is required.  To the extent any response is required, Defendants, without conceding that personal jurisdiction is appropriate as to any other defendant in this action, do not dispute personal jurisdiction over Defendants in this action.

10.    Answering paragraph 10 of the Complaint, the allegations consist of legal conclusions to which no response is required.  To the extent any response is required,

1    Defendants, without conceding that venue is appropriate as to any other defendant in

2    this action, do not dispute that venue is proper as to Defendants in this action.

3                                          "**PARTIES**"

4         11.    Answering paragraph 11 of the Complaint, to the extent the allegations

5    contained therein allege conclusions of law, Defendants are not required to plead

6    thereto; to the extent the allegations are deemed allegations of fact, Defendants lack

7    knowledge or information sufficient to form a belief as to the truth or falsity of the

8    allegations contained therein and, on that basis, deny those allegations.

9         12.    Answering paragraph 12 of the Complaint, to the extent the allegations

10   contained therein allege conclusions of law, Defendants are not required to plead

11   thereto; to the extent the allegations are deemed allegations of fact, Ms. Cyrus admits

12   she is an individual who resides in Los Angeles County, California, that she is an

13   accomplished singer, songwriter, and actress, that she has received multiple Grammy

14   nominations and three Grammy awards, Teen Choice Awards, Billboard Music

15   Awards, World Music Awards, MTV Video Music Awards, a People's Choice

16   Award, and a GLAAD Media Award, that she performs *Flowers*, and that she is

17   credited as a co-author of *Flowers*, and Ms. Cyrus denies the remaining allegations in

18   this paragraph; and the remaining Defendants deny that any "infringing conduct"

19   occurred and lack knowledge or information sufficient to form a belief as to the truth

20   or falsity of the remaining allegations in this paragraph and, on that basis, deny those

21   remaining allegations.

22        13.    Answering paragraph 13 of the Complaint, to the extent the allegations

23   contained therein allege conclusions of law, Defendants are not required to plead

24   thereto; to the extent the allegations are deemed allegations of fact, Gregory Hein

25   admits that he is an individual who resides in Los Angeles County, California, that he

26   has co-written hit songs for artists including Justin Bieber, Shawn Mendes, and John

27   Legend, that he is credited as a co-author of *Flowers*, and that he has received Grammy

28   nominations for Song of the Year for *Flowers* and Album of the Year for the album

*Endless Summer Vacation*, which includes *Flowers*, and Mr. Hein denies the remaining allegations in this paragraph; and the remaining Defendants deny that any "infringing conduct" occurred and lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph and, on that basis, deny those remaining allegations.

14.     Answering paragraph 14 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations are deemed allegations of fact, Michael Pollack admits that he is an individual who resides in Los Angeles County, California, that he is an accomplished songwriter and producer whose songs for artists such as Maroon 5 and Justin Bieber have topped the Billboard music charts, that he is credited as a co-author of *Flowers*, and that he has received seven Grammy nominations, three of which are for *Flowers*, and Mr. Pollack denies the remaining allegations in this paragraph; and the remaining Defendants deny that any "infringing conduct" occurred and lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph and, on that basis, deny those remaining allegations.

15.     Answering paragraph 15 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations are deemed allegations of fact, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and, on that basis, deny those allegations.

16.     Answering paragraph 16 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations are deemed allegations of fact, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and, on that basis, deny those allegations.

///

17.    Answering paragraph 17 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations are deemed allegations of fact, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and, on that basis, deny those allegations.

18.    Answering paragraph 18 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations are deemed allegations of fact, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and, on that basis, deny those allegations.

19.    Answering paragraph 19 of the Complaint, MCEO, Inc. ("MCEO") admits that it is a corporation organized under the laws of the state of Tennessee, with its principal place of business in Nashville, Tennessee and that it is a music publisher that participates in the licensing of *Flowers*, and MCEO denies the remaining allegations in this paragraph; and the remaining Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and, on that basis, deny those allegations.

20.    Answering paragraph 20 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations are deemed allegations of fact, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and, on that basis, deny those allegations.

21.    Answering paragraph 21 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations are deemed allegations of fact, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and, on that basis, deny those allegations.

///

22.    Answering paragraph 22 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations are deemed allegations of fact, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and, on that basis, deny those allegations.

23.    Answering paragraph 23 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations are deemed allegations of fact, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and, on that basis, deny those allegations.

24.    Answering paragraph 24 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations are deemed allegations of fact, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and, on that basis, deny those allegations.

25.    Answering paragraph 25 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations are deemed allegations of fact, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and, on that basis, deny those allegations.

26.    Answering paragraph 26 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations are deemed allegations of fact, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and, on that basis, deny those allegations.

27.    Answering paragraph 27 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations are deemed allegations of fact, Defendants lack

7

knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and, on that basis, deny those allegations.

28.    Answering paragraph 28 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations are deemed allegations of fact, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and, on that basis, deny those allegations.

29.    Answering paragraph 29 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations are deemed allegations of fact, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and, on that basis, deny those allegations.

30.    Answering paragraph 30 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations are deemed allegations of fact, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and, on that basis, deny those allegations.

31.    Answering paragraph 31 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations are deemed allegations of fact, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and, on that basis, deny those allegations.

32.    Answering paragraph 32 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations are deemed allegations of fact, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and, on that basis, deny those allegations.

///

33.     Answering paragraph 33 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations are deemed allegations of fact, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and, on that basis, deny those allegations.

34.     Answering paragraph 34 of the Complaint, Ms. Cyrus denies the allegations in this paragraph; and the remaining Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and, on that basis, deny those allegations.

35.     Answering paragraph 35 of the Complaint, Mr. Pollack denies the allegations in this paragraph; and the remaining Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and, on that basis, deny those allegations.

36.     Answering paragraph 36 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations are deemed allegations of fact, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and, on that basis, deny those allegations.

37.     Answering paragraph 37 of the Complaint, Mr. Hein denies the allegations in this paragraph; and the remaining Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and, on that basis, deny those allegations.

38.     Answering paragraph 38 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations are deemed allegations of fact, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and, on that basis, deny those allegations.

///

39.     Answering paragraph 39 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations are deemed allegations of fact, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and, on that basis, deny those allegations.

40.     Answering paragraph 40 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations are deemed allegations of fact, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and, on that basis, deny those allegations.

41.     Answering paragraph 41 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations are deemed allegations of fact, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and, on that basis, deny those allegations.

42.     Answering paragraph 42 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendant is not required to plead thereto; to the extent the allegations are deemed allegations of fact, Defendants deny the allegations in this paragraph.

"<strong><u>FACTUAL BACKGROUND</u></strong>

"<strong><u>I.     Plaintiff Acquires a Share of the Copyright in 'When I Was Your Man'</u></strong>""

43.     Answering paragraph 43 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations are deemed allegations of fact, Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and, on that basis, deny those allegations.

///

///

10

44.     Answering paragraph 44 of the Complaint, Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and, on that basis, deny those allegations.

45.     Answering paragraph 45 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations are deemed allegations of fact, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and, on that basis, deny those allegations.

"**II.     Defendants Have Access to 'When I Was Your Man' Prior to Creating and Exploiting 'Flowers'**"

46.     Answering paragraph 46 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto.  To the extent the allegations in that paragraph are deemed allegations of fact, Ms. Cyrus admits that she was at the iHeartRadio Music Festival in Las Vegas, Nevada, on September 21, 2013, as a performer where she performed her hit song *Wrecking Ball* and not as a fan to watch other artists perform at that festival, and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph and, on that basis, deny those allegations; and the remaining Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and, on that basis, deny those allegations.

"**III.    'Flowers' Is Substantially Similar to 'When I Was Your Man'**"

47.     Answering Paragraph 47 of the Complaint, Defendants admit that *Flowers* was released in or about January 2023, approximately ten years after *When I Was Your Man*, and deny the remaining allegations in this paragraph.

48.     Answering paragraph 48 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead

///

thereto; to the extent the allegations are deemed allegations of fact, Defendants deny the allegations in that paragraph.

"**A.     Comparison of the Verse of 'When I Was Your Man' and the Chorus of 'Flowers'"**

49.     Answering paragraph 49 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations are deemed allegations of fact, Defendants object that the allegations require the opinion of an expert and purporting to require that Defendants respond at this time is improper and premature under Federal Rule of Civil Procedure 26, and as to any non-expert allegations, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and, on that basis, deny those allegations.

50.     Answering paragraph 50 of the Complaint, Defendants object that the allegations require the opinion of an expert and purporting to require that Defendants respond at this time is improper and premature under Federal Rule of Civil Procedure 26, and as to any non-expert allegations, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and, on that basis, deny those allegations.

51.     Answering paragraph 51 of the Complaint, Defendants object that the allegations require the opinion of an expert and purporting to require that Defendants respond at this time is improper and premature under Federal Rule of Civil Procedure 26, and as to any non-expert allegations, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and, on that basis, deny those allegations.

"**B.     Comparison of the Chorus of 'When I Was Your Man' and the Chorus of 'Flowers'"**

52.     Answering paragraph 52 of the Complaint, Defendants object that the allegations require the opinion of an expert and purporting to require that Defendants

respond at this time is improper and premature under Federal Rule of Civil Procedure 26, and as to any non-expert allegations, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and, on that basis, deny those allegations.

53.     Answering paragraph 53 of the Complaint, Defendants object that the allegations require the opinion of an expert and purporting to require that Defendants respond at this time is improper and premature under Federal Rule of Civil Procedure 26, and as to any non-expert allegations, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and, on that basis, deny those allegations.

54.     Answering paragraph 54 of the Complaint, Defendants object that the allegations require the opinion of an expert and purporting to require that Defendants respond at this time is improper and premature under Federal Rule of Civil Procedure 26, and as to any non-expert allegations, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and, on that basis, deny those allegations.

55.     Answering paragraph 55 of the Complaint, Defendants object that the allegations require the opinion of an expert and purporting to require that Defendants respond at this time is improper and premature under Federal Rule of Civil Procedure 26, and as to any non-expert allegations, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and, on that basis, deny those allegations.

56.     Answering paragraph 56 of the Complaint, Defendants deny that a comparison of the lyrics of the songs "suggests that the musical similarities are no coincidence"; as to the remaining allegations, Defendants object that the allegations require the opinion of an expert and purporting to require that Defendants respond at this time is improper and premature under Federal Rule of Civil Procedure 26, and as to any non-expert allegations in this paragraph, Defendants lack knowledge or

1  information sufficient to form a belief as to the truth or falsity of the allegations
2  contained therein and, on that basis, deny those allegations.

3      57.     Answering paragraph 57 of the Complaint, to the extent the allegations
4  contained therein allege conclusions of law, Defendants are not required to plead
5  thereto; to the extent the allegations are deemed allegations of fact, Defendants object
6  that the allegations require the opinion of an expert and purporting to require that
7  Defendants respond at this time is improper and premature under Federal Rule of Civil
8  Procedure 26, and as to any non-expert allegations in this paragraph, Defendants lack
9  knowledge or information sufficient to form a belief as to the truth or falsity of the
10 allegations contained therein and, on that basis, deny those allegations.

11     58.     Answering paragraph 58 of the Complaint, Defendants object that the
12 allegations in that paragraph require the opinion of an expert and purporting to require
13 that Defendants respond at this time is improper and premature under Federal Rule of
14 Civil Procedure 26, and as to any non-expert allegations in this paragraph, Defendants
15 lack knowledge or information sufficient to form a belief as to the truth or falsity of
16 the allegations contained therein and, on that basis, deny those allegations.

17         "C.    The Closing or Post-Chorus Sections of 'Flowers'"

18     59.     Answering paragraph 59 of the Complaint, Defendants object that the
19 allegations in that paragraph require the opinion of an expert and purporting to require
20 that Defendants respond at this time is improper and premature under Federal Rule of
21 Civil Procedure 26, and as to any non-expert allegations in this paragraph, Defendants
22 lack knowledge or information sufficient to form a belief as to the truth or falsity of
23 the allegations contained therein and, on that basis, deny those allegations.

24     60.     Answering paragraph 60 of the Complaint, to the extent the allegations
25 contained therein allege conclusions of law, Defendants are not required to plead
26 thereto; to the extent the allegations are deemed allegations of fact, Defendants deny
27 the allegations.
28 ///

14

"**IV.**  **Defendants Willfully and Knowingly Exploit 'Flowers' Despite Its Infringement of 'When I Was Your Man'**"

61.    Answering paragraph 61 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations are deemed allegations of fact, Defendants deny the allegations.

62.    Answering paragraph 62 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; Defendants object to Plaintiff's "shotgun pleading" of these allegations, making sweeping, vague, and undifferentiated allegations regarding all Defendants, notwithstanding that each Defendant is a separate individual or entity with differing roles relating to *Flowers*; to the extent the allegations are deemed allegations of fact, Defendants each, for itself alone, admits that it has in some fashion been involved in the use or other exploitation of *Flowers* and in some instances revenues were derived therefrom by some Defendants, and Defendants, to the extent that they did not participate in the production, preparation, licensing, marketing, or promotion of *Flowers*, deny Plaintiff's shotgun allegations as to them, and Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph and, on that basis, deny the allegations.

63.    Answering paragraph 63 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations are deemed allegations of fact, Defendants admit that Cyrus has performed and continues to perform *Flowers*, including in concerts, videos, and television, each Defendant, for itself alone, admits that he, she, or it has in some fashion been involved in the use or other exploitation of *Flowers*, and Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph and, on that basis, deny the allegations.

15

"**CLAIMS FOR RELIEF**

**FIRST CLAIM FOR RELIEF**

**(COPYRIGHT INFRINGEMENT (17 U.S.C. § 101 *et seq.*) AGAINST**

**ALL DEFENDANTS)**"

64.     Defendants repeat and reallege their responses set forth above in paragraphs 1 through 63 as if fully set forth herein.

65.     Answering paragraph 65 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations are deemed allegations of fact, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained therein and, on that basis, deny the allegations.

66.     Answering paragraph 66 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations are deemed allegations of fact, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained therein and, on that basis, deny the allegations.

67.     Answering paragraph 67 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations are deemed allegations of fact, Defendants deny they created *Flowers*, deny they copied *When I Was Your Man*, and lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained therein and, on that basis, deny those allegations.

68.     Answering paragraph 68 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations are deemed allegations of fact, Defendants object that the allegations require the opinion of an expert and purporting to require that Defendants respond at this time is improper and premature under Federal Rule of Civil Procedure 26; as to any non-expert allegations remaining in this paragraph,

16

Defendants deny that *Flowers* copies *When I Was Your Man* and lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained therein and, on that basis, deny those allegations.

69.     Answering paragraph 69 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations are deemed allegations of fact, Defendants each, for itself alone, admits that it did not seek or receive permission to copy or interpolate any portion of *When I Was Your Man* into *Flowers*, denies that any such permission was needed; as to any other defendants, each Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and, on that basis, denies the allegations.

70.     Answering paragraph 70 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations are deemed allegations of fact, Defendants deny the allegations.

71.     Answering paragraph 71 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations are deemed allegations of fact, Defendants deny the allegations.

72.     Answering paragraph 72 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations are deemed allegations of fact, Defendants deny the allegations.

73.     Answering paragraph 73 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; Defendants object to Plaintiff's "shotgun pleading" of these allegations, making sweeping, vague, and undifferentiated allegations regarding all Defendants, notwithstanding that each Defendant is a separate company with differing roles

relating to *Flowers*; to the extent the allegations are deemed allegations of fact, Defendants each, for itself alone, admits that it has in some fashion been involved in the use or other exploitation of *Flowers* and in some instances revenues were derived therefrom by some Defendants, and Defendants, to the extent that they did not induce, cause, and materially contribute to the production, preparation, licensing, marketing, promotion, or other exploitation of *Flowers*, deny Plaintiff's shotgun allegations as to them, and Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph and, on that basis, deny the allegations.

74.    Answering paragraph 74 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations are deemed allegations of fact, Defendants deny the allegations.

75.    Answering paragraph 75 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations are deemed allegations of fact, Defendants deny the allegations.

76.    Answering paragraph 76 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations are deemed allegations of fact, Defendants deny the allegations.

77.    Answering paragraph 77 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations are deemed allegations of fact, Defendants deny the allegations.

78.    Answering paragraph 78 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead

///

thereto; to the extent the allegations are deemed allegations of fact, Defendants deny the allegations.

79.     Answering paragraph 79 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations are deemed allegations of fact, Defendants deny the allegations.

80.     Answering paragraph 80 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations are deemed allegations of fact, Defendants deny the allegations.

## AFFIRMATIVE DEFENSES

81.     Defendants do not presently know all of the facts and circumstances relating to Plaintiff's claim and reserve the right to amend this Answer, including but not limited to adding different or additional affirmative defenses. Subject to the foregoing, and without waiving or excusing Plaintiff's burden of proof, or admitting that any of the following are affirmative defenses upon which Defendants have any burden of proof as opposed to denials of matters as to which Plaintiff has the burden of proof, or that Defendants have any burden of proof at all, Defendants hereby assert the following affirmative defenses.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

82.     Plaintiff's Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Lack of Standing)

83.     Plaintiff lacks standing to sue for infringement, including under § 501(b) of the Copyright Act of 1976, 17 U.S.C. §§ 101 et. seq.

///

**THIRD AFFIRMATIVE DEFENSE**

**(Co-Owners of Copyright)**

84.     To the extent that Defendants, or any of them, are co-owners of the *When I Was Your Man* copyright, they cannot be liable for infringement of that copyright.

**FOURTH AFFIRMATIVE DEFENSE**

**(Independent Creation)**

85.     The allegedly infringing work was created independently of the allegedly infringed work.

**FIFTH AFFIRMATIVE DEFENSE**

**(Lack of Originality or Protectability)**

86.     The allegedly copied elements or materials lack originality or otherwise are not protected by copyright.

**SIXTH AFFIRMATIVE DEFENSE**

**(Plaintiff's Lack of Ownership of the Allegedly Copied Material)**

87.     Plaintiff does not own the allegedly infringed copyright or any other rights in or to the portions of the claimed works that are allegedly copied.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Fair Use)**

88.     Without admitting the alleged use of any copyrighted material allegedly owned by Plaintiff, which is denied, the conduct of which Plaintiff complains constitutes fair use.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Failure to Comply with Copyright Act Formalities)**

89.     Plaintiff's claims and/or the remedies Plaintiff seeks are barred by the failure to comply with the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq.*, including but not limited to 17 U.S.C. §§ 401 and 408, and each of them.

///

///

20

## NINTH AFFIRMATIVE DEFENSE

### (Waiver)

90.     Plaintiff's claims and/or the remedies Plaintiff seeks are barred by the doctrine of waiver.

## TENTH AFFIRMATIVE DEFENSE

### (License)

91.     Without admitting the use of any copyrighted material allegedly owned by Plaintiff, which is denied, the conduct of which Plaintiff complains was impliedly and/or expressly licensed.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Laches)

92.     Plaintiff's claim and/or the remedies Plaintiff seeks are barred by the doctrine of laches.

## RESERVATION OF RIGHTS

93.     Defendants reserve the right to assert additional affirmative defenses if discovery or Defendants' investigation reveals grounds for the assertion of the additional defenses, including without limitation affirmative defenses that are referenced in Rule 8(c) of the Federal Rules of Civil Procedure or are otherwise available under applicable law.

## PRAYER FOR RELIEF

**WHEREFORE**, Defendants pray for judgment as follows:

1.     That Plaintiff take nothing by way of its Complaint and that the Complaint be dismissed with prejudice;

///

///

///

///

///

1      2.     That Defendants be awarded their costs and attorneys' fees; and

2      3.     For such other and further relief as the Court deems just and proper.

3  Dated: March 26, 2025

4

                                    /s/ Peter Anderson

                                  Peter Anderson, Esq.

5                              Eric H. Lamm, Esq.

                         Alexandra P. Cadena, Esq.

6                   DAVIS WRIGHT TREMAINE LLP

                       Attorneys for Defendants

7                   MILEY CYRUS, also sued as MCEO

Publishing, GREGORY HEIN, also sued as

8               Songs By Gregory Hein, MICHAEL

POLLACK, also sued as What Key Do You

9              Want it in Music, MCEO, INC., SONY

MUSIC ENTERTAINMENT, SONY MUSIC

10           PUBLISHING (US) LLC, PULSE 2.0, LLC,

sued as These Are Pulse Songs, PURE TONE

11         MUSIC, LLC, sued as Songs With A Pure

Tone, CONCORD MUSIC PUBLISHING

12        LLC, BLASTRONAUT, INC., sued as Droog

Publishing, WARNER-TAMERLANE

13       PUBLISHING CORP., AMAZON.COM

SERVICES LLC, APPLE INC., PANDORA

14      MEDIA, LLC, DISNEY PLATFORM

DISTRIBUTION, INC., TARGET CORP.,

15    BARNES & NOBLE BOOKSELLERS, INC.,

TIDAL MUSIC LLC, WALMART INC.,

16  WAL-MART.COM USA, INC., WIDE EYED

GLOBAL, IHEARTMEDIA, INC., LIVE

17    NATION ENTERTAINMENT, INC.,

DEEZER, S.A., and XANDRIE, S.A.

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### DEMAND FOR JURY TRIAL

Defendants Miley Cyrus, also sued as MCEO Publishing, Gregory Hein, also sued as Songs By Gregory Hein, Michael Pollack, also sued as What Key Do You Want It In Music, and MCEO, Inc. respectfully demand trial by jury.

Dated: April 1, 2025

_____/s/ Peter Anderson_____

Peter Anderson, Esq.
Eric H. Lamm, Esq.
Alexandra P. Cadena, Esq.
DAVIS WRIGHT TREMAINE LLP
Attorneys for Defendants
MILEY CYRUS, also sued as MCEO
Publishing, GREGORY HEIN, also sued as
Songs By Gregory Hein, MICHAEL
POLLACK, also sued as What Key Do You
Want it in Music, MCEO, INC., SONY
MUSIC ENTERTAINMENT, SONY MUSIC
PUBLISHING (US) LLC, PULSE 2.0, LLC,
sued as These Are Pulse Songs, PURE TONE
MUSIC, LLC, sued as Songs With A Pure
Tone, CONCORD MUSIC PUBLISHING
LLC, BLASTRONAUT, INC., sued as Droog
Publishing, WARNER-TAMERLANE
PUBLISHING CORP., AMAZON.COM
SERVICES LLC, APPLE INC., PANDORA
MEDIA, LLC, DISNEY PLATFORM
DISTRIBUTION, INC., TARGET CORP.,
BARNES & NOBLE BOOKSELLERS, INC.,
TIDAL MUSIC LLC, WALMART INC.,
WAL-MART.COM USA, INC., WIDE EYED
GLOBAL, IHEARTMEDIA, INC., LIVE
NATION ENTERTAINMENT, INC.,
DEEZER, S.A., and XANDRIE, S.A.

23