Alex M. Weingarten (SBN 204410)
  AWeingarten@willkie.com
Jeffrey K. Logan (SBN 136962)
  JLogan@willkie.com
Amy M. Stern (SBN 311382)
  AStern@willkie.com
**WILLKIE FARR & GALLAGHER LLP**
2029 Century Park East, Suite 2900
Los Angeles, CA  90067
Telephone:   (310) 855-3000
Facsimile:   (310) 855-3099

*Attorneys for Plaintiff*
Tempo Music Investments, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| TEMPO MUSIC INVESTMENTS, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>MILEY CYRUS. et. al.,<br><br>Defendants. | Case No. 2:24-CV-07910-MRA-BFM<br><br>**STIPULATION FOR ORDER AMENDING THE SCHEDULING ORDER, GRANTING PLAINTIFF LEAVE TO FILE THE SECOND AMENDED COMPLAINT, DISMISSING DEFENDANT CONCORD MUSIC PUBLISHING LLC, AND DISMISSING THE SECOND AND THIRD CLAIMS FOR RELIEF IN THE FIRST AMENDED COMPLAINT**<br><br>[*Filed concurrently with [Proposed] Order Granting Stipulation and Declaration of Amy M. Stern*] |

131596126

STIPULATION FOR ORDER GRANTING LEAVE TO FILE SECOND AM. COMPL.

1    Pursuant to Local Rule 7-1, Plaintiff Tempo Music Investments, LLC ("Plaintiff"), on the one hand, and Defendants Miley Cyrus, also sued as MCEO Publishing, Gregory Hein, also sued as Songs By Gregory Hein, Michael Pollack, also sued What Key Do You Want It In Music, MCEO, Inc., Sony Music Entertainment, Sony Music Publishing (US) LLC, Pulse 2.0, LLC, sued as These Are Pulse Songs, Pure Tone Music, LLC, sued as Songs With A Pure Tone, Concord Music Publishing LLC, Blastronaut, Inc., sued as Droog Publishing, Warner-Tamerlane Publishing Corp., Amazon.Com Services LLC, Apple Inc., Pandora Media, LLC, Disney Platform Distribution, Inc., Target Corp., Barnes & Noble Booksellers, Inc., Tidal Music LLC, Walmart Inc., Wal-Mart.Com USA, Inc., Wide Eyed Global, iHeartMedia, Inc., Live Nation Entertainment, Inc., Soundcloud Global Limited & Co. KG, Deezer S.A., and Xandrie SA, on the other hand (collectively, "Defendants," and, together with Plaintiff, the "Parties"), by and through their attorneys of record, hereby stipulate and agree as follows:

## RECITALS

WHEREAS, this Stipulation is entered into to permit Plaintiff to file a Second Amended Complaint making certain corrections discussed below to its prior complaints;

WHEREAS, Plaintiff's proposed Second Amended Complaint would not change the nature of the alleged claims, would not add new claims against any of the Defendants, and only corrects Plaintiff's prior incorrect allegations in the Complaint and First Amended Complaint, and the information provided herein is the only information Plaintiff will provide in response to any inquiries about this Stipulation and the filing of the Second Amended Complaint;

WHEREAS, Plaintiff filed a Complaint for copyright infringement pursuant to 17 U.S.C. § 101 *et seq.* on September 16, 2024, alleging that Plaintiff owns an interest in the allegedly infringed copyright in the musical composition titled *When I Was Your Man* (ECF No. 1) (*see* Declaration of Amy M. Stern ("Stern Decl.") at ¶ 3);

131596126

1

STIPULATION FOR ORDER GRANTING LEAVE TO FILE SECOND AM. COMPL.

WHEREAS, by April 9, 2025, all Defendants who had appeared had filed Answers to the Complaint (ECF Nos. 48, 69, 72, 74) (*see* Stern Decl. at ¶ 4);

WHEREAS, on April 21, 2025, the Court issued the Scheduling Order in this case setting a June 9, 2025 deadline for the Parties to amend the pleadings in this action (ECF No. 78) (*see* Stern Decl. at ¶ 5);

WHEREAS, on April 18, 2025, the Parties filed a stipulation for an order granting Plaintiff leave to file a First Amended Complaint (the "First Amended Complaint") which was granted on April 21, 2025 (ECF Nos. 76, 80) (*see* Stern Decl. at ¶ 6);

WHEREAS, Plaintiff filed the First Amended Complaint on April 22, 2025 (ECF No. 81) (*see* Stern Decl. at ¶ 7);

WHEREAS, Defendants each answered the First Amended Complaint on May 13, 2025 (ECF No. 82) (*see* Stern Decl. at ¶ 8);

WHEREAS, after the June 9, 2025 deadline to amend pleadings, Plaintiff's counsel learned that on or about November 10, 2020, as part of an intracompany financing transaction, Plaintiff assigned its claimed interest in the allegedly infringed copyright in *When I Was Your Man* to its affiliate Tempo Secured Music Rights Collateral, LLC ("TSMRC"). (*See* Stern Decl. at ¶ 9). Plaintiff now contends TSMRC is the correct plaintiff in this action, as Plaintiff did not own at the time Plaintiff filed this action, nor currently owns, any interest in the copyrighted work at issue (*id.*);

WHEREAS, Plaintiff contends it erred in claiming ownership of the copyright interest in *When I Was Your Man* due to Plaintiff's role as the exclusive manager of TSMRC, through which it controls the exploitation, exercise, and enforcement of TSMRC's rights and interests, and because Plaintiff's recordation of the November 10, 2020, assignment did not result in the U.S. Copyright Office indexing the titles associated with the assignment (including *When I Was Your Man*) in the searchable Public Catalog (*see* Stern Decl. at ¶ 10);

131596126

2

STIPULATION FOR ORDER GRANTING LEAVE TO FILE SECOND AM. COMPL.

| | |
|---|---|
| 1 | WHEREAS, Plaintiff has disclosed to Defendants that Plaintiff does not own an interest in the allegedly infringed copyright, has provided to Defendants' counsel a copy of the November 10, 2020 assignment, and has asked that Defendants stipulate to an Order allowing Plaintiff to file a Second Amended Complaint that substitutes TSMRC in Plaintiff's place as the plaintiff in this action. (*See* Stern Decl. at ¶¶ 11, 13).  While Defendants (who vigorously deny the infringement alleged by Plaintiff) believe there are grounds to oppose the proposed amendment, they also recognize the Court's general liberality in allowing amendments and that, if amendment is not allowed, TSMRC will file its own action, potentially resulting in confusion and delay. Accordingly and in reliance upon Plaintiff's and TSMRC's following agreements, Defendants do not oppose the filing of a Second Amended Complaint that substitutes TSMRC for Plaintiff, and makes the other corrections discussed below to Plaintiff's prior complaints.  Plaintiff, for itself and for TSMRC, agrees that: (i) the substitution in the proposed Second Amended Complaint will not—other than changing the name of the plaintiff—change in any way the claims or allegations Plaintiff has asserted in this case other than those allegations concerning the alleged ownership of the copyright interest in *When I Was Your Man*; (ii) all of Plaintiff's initial disclosures and responses to Defendants' written discovery will be amended such that TSMRC is the responding party (with TSMRC to provide its Verifications to Plaintiff's Responses to Interrogatories), with no other substantive changes except possible supplementation pursuant to Federal Rule of Civil Procedure 26(e); (iii) Plaintiff's production of documents will be deemed to have come from TSMRC; and (iv) Defendants will not be prejudiced by the proposed substitution of TSMRC as the plaintiff in the action; |


WHEREAS, Plaintiff has disclosed to Defendants that Plaintiff does not own an interest in the allegedly infringed copyright, has provided to Defendants' counsel a copy of the November 10, 2020 assignment, and has asked that Defendants stipulate to an Order allowing Plaintiff to file a Second Amended Complaint that substitutes TSMRC in Plaintiff's place as the plaintiff in this action. (*See* Stern Decl. at ¶¶ 11, 13).  While Defendants (who vigorously deny the infringement alleged by Plaintiff) believe there are grounds to oppose the proposed amendment, they also recognize the Court's general liberality in allowing amendments and that, if amendment is not allowed, TSMRC will file its own action, potentially resulting in confusion and delay. Accordingly and in reliance upon Plaintiff's and TSMRC's following agreements, Defendants do not oppose the filing of a Second Amended Complaint that substitutes TSMRC for Plaintiff, and makes the other corrections discussed below to Plaintiff's prior complaints.  Plaintiff, for itself and for TSMRC, agrees that: (i) the substitution in the proposed Second Amended Complaint will not—other than changing the name of the plaintiff—change in any way the claims or allegations Plaintiff has asserted in this case other than those allegations concerning the alleged ownership of the copyright interest in *When I Was Your Man*; (ii) all of Plaintiff's initial disclosures and responses to Defendants' written discovery will be amended such that TSMRC is the responding party (with TSMRC to provide its Verifications to Plaintiff's Responses to Interrogatories), with no other substantive changes except possible supplementation pursuant to Federal Rule of Civil Procedure 26(e); (iii) Plaintiff's production of documents will be deemed to have come from TSMRC; and (iv) Defendants will not be prejudiced by the proposed substitution of TSMRC as the plaintiff in the action;

WHEREAS, while Pulse 2.0, LLC, Pure Tone Music, LLC, and Blastronout, Inc., have appeared in this action as the entities that Plaintiff has sued as, respectively, These Are Pulse Songs, Songs With A Pure Tone, and Droog Publishing, Plaintiff contends it was unable to confirm the actual names of the entities sued by those names

131596126

3

STIPULATION FOR ORDER GRANTING LEAVE TO FILE SECOND AM. COMPL.

until Plaintiff received discovery responses and document productions from those entities after Plaintiff's June 9, 2025 deadline to amend its pleadings (*see* Stern Decl. at ¶ 12);

WHEREAS, Defendant Concord Music Publishing LLC ("Concord"), which Plaintiff believed to have an interest in the work alleged to be infringing in this action, has never exploited or otherwise had any right in that work, which was confirmed by Concord's discovery responses served and documents produced after Plaintiff's June 9, 2025 deadline to amend its pleadings (*see id.*); and

WHEREAS, in light of the above, Plaintiff seeks to: (i) substitute TSMRC as the plaintiff in this action; (ii) correct the pleaded names of three Defendants as referenced above; (iii) voluntarily dismiss Defendant Concord from this action with prejudice, with each of Plaintiff and TSMRC bearing its respective attorneys' fees, costs, and expenses in prosecuting this action against Concord and with Concord bearing its attorneys' fees, costs, and expenses in defending this action; and (iv) dismiss without prejudice its Second Claim for Relief for Declaratory Relief and Third Claim for Relief for Equitable Accounting against Co-Owner Defendants (as that term is defined in the First Amended Complaint);

WHEREAS, Plaintiff now seeks to amend the Scheduling Order so that it may file the Second Amended Complaint, a copy of which is attached as **Exhibit 1** to the Declaration of Amy M. Stern, reflecting the following changes from the First Amended Complaint (as shown in the redlined version of the Second Amended Complaint attached as **Exhibit 2** to the Declaration of Amy M. Stern) based on the information referenced above:

- Caption page:
    - Changing Plaintiff from Tempo Music Investments, LLC to Tempo Music Secured Rights Collateral, LLC;
    - Changing Defendant These Are Pulse Songs to Pulse 2.0, LLC;

131596126

4

STIPULATION FOR ORDER GRANTING LEAVE TO FILE SECOND AM. COMPL.

- Changing Defendant Songs With A Pure Tone to Pure Tone Music, LLC;
- Changing Defendant Droog Publishing to Blastronaut, Inc.;
- Removing Defendant Concord Music Publishing LLC;
- Changing "FIRST AMENDED COMPLAINT" to "SECOND AMENDED COMPLAINT";
- Removing the claims for Declaratory Relief (28 U.S.C. § 2201) and Accounting;

- <u>Page 1</u>:
  - Line 1: changing Plaintiff from Tempo Music Investments, LLC to Tempo Music Secured Rights Collateral, LLC;
  - Line 2: rectifying a typo in Defendant Michael Pollack's name;
  - Line 4: removing Defendant Concord Music Publishing LLC;
  - Lines 5-6: changing Defendant Songs With A Pure Tone to Pure Tone Music, LLC;
  - Lines 6-7: changing Defendant Droog Publishing to Blastronaut, Inc.; and changing Defendant These Are Pulse Songs to Pulse 2.0, LLC;
  - Line 26: removing "Tempo Music Investments, LLC";
- <u>Page 3</u>:
  - Line 22: changing Plaintiff from Tempo Music Investments, LLC to Tempo Music Secured Rights Collateral, LLC;
  - Lines 22-25: amending the remainder of the paragraph to state that Plaintiff Tempo Secured Music Rights Collateral, LLC acquired its interest in "When I Was Your Man" through a transaction with Tempo Music Investments, LLC;
- <u>Page 4, lines 5-8</u>: adding language explaining that Tempo Music Investments, LLC assigned its rights in "When I Was Your Man" to

131596126

5

STIPULATION FOR ORDER GRANTING LEAVE TO FILE SECOND AM. COMPL.

Plaintiff Tempo Secured Music Rights Collateral, LLC, which assignment was subsequently recorded with the United States Copyright Office;

- <u>Page 5:</u> removing the paragraph describing Defendant Concord Music Publishing LLC;
- <u>Page 6, line 2:</u> removing reference to "When I Was Your Man";
- <u>Page 9:</u>
  - Lines 9-13: changing Defendant Songs With A Pure Tone to Pure Tone Music, LLC;
  - Lines 21-24: changing Defendant Droog Publishing to Blastronaut, Inc.;
  - Lines 27-28: changing Defendant These Are Pulse Songs to Pulse 2.0, LLC;
- <u>Page 10, lines 1-2:</u> adding the alleged principal place of business of Pulse 2.0 LLC;
- <u>Page 11:</u>
  - Lines 16-18: adding that Tempo Music Investments, LLC had acquired its copyright interest in "When I Was Your Man" through a transaction with Philip Lawrence;
  - Lines 24-25: removing the paragraph describing Concord Music Publishing LLC;
- <u>Page 16, line 27:</u> adding that Tempo Music Investments, LLC acquired its copyright interest in "When I Was Your Man" through a transaction with Philip Lawrence;
- <u>Page 17, lines 2-5:</u> adding that Tempo Music Investments, LLC assigned its rights in "When I Was Your Man" to Plaintiff Tempo Secured Music Rights Collateral, LLC, which assignment was subsequently recorded with the United States Copyright Office;

131596126

6

STIPULATION FOR ORDER GRANTING LEAVE TO FILE SECOND AM. COMPL.

- <u>Pages 18-20</u>: removing the claims for Declaratory Relief (28 U.S.C. § 2201) and Equitable Accounting;

WHEREAS, the Parties have conferred regarding the filing of the proposed Second Amended Complaint attached as **Exhibit 1** to the Declaration of Amy M. Stern (*see* Stern Decl. at ¶ 14);

WHEREAS, Defendants, without conceding any merit to the proposed Second Amended Complaint, and reserving all objections to it, do not oppose the entry of an Order amending the Scheduling Order pursuant to Federal Rule of Civil Procedure 16(b) such that Plaintiff may be granted leave to file the proposed Second Amended Complaint attached as **Exhibit 1** to the Declaration of Amy M. Stern pursuant to Federal Rule of Civil Procedure 15(a)(2);

WHEREAS, Plaintiff, for itself and TSMRC, on the one hand, and Concord, on the other hand, further stipulate to: (i) the dismissal, with prejudice, of Concord as a defendant in this action, with each of Plaintiff and TSMRC bearing its respective attorneys' fees, costs, and expenses in prosecuting this action against Concord and with Concord bearing its attorneys' fees, costs, and expenses in defending this action; and (ii) the dismissal, without prejudice, of Plaintiff's Second Claim for Declaratory Relief and Third Claim for Equitable Accounting against Co-Owner Defendants; and

WHEREAS, Plaintiff submits there is good cause for amendment of the Scheduling Order under Federal Rule of Civil Procedure 16(b), the proposed amendments are proper under Federal Rule of Civil Procedure 15(a), and that there is no reason that would justify the denial of leave to amend under Federal Rule of Civil Procedure 15(a). Plaintiff advises that it erred in identifying itself as the plaintiff in this case instead of TSMRC because Plaintiff manages and controls TSMRC's claimed interest in the *When I Was Your Man* copyright, and because the titles associated with the assignment of that interest from Plaintiff to TSMRC was not properly indexed when it was recorded with the U.S. Copyright Office. (*See* Stern Decl. at ¶ 10). Plaintiff informed Defendants of the proposed amendments before the

131596126

7

STIPULATION FOR ORDER GRANTING LEAVE TO FILE SECOND AM. COMPL.

close of fact discovery and confirmed that Defendants would not oppose Plaintiff's request for leave to file the proposed amendment. (*See id*. at ¶¶ 11-13). Moreover, as to the Parties' stipulation to change the names of Defendant Songs with a Pure Tone to Pure Tone Music, LLC, Defendant Droog Publishing to Blastronaut, Inc., and These are Pulse Songs to Pulse 2.0, LLC, there is no prejudice to Defendants as those entities have already been participating in this litigation and in ongoing discovery and have stipulated to permit Plaintiff to file the proposed amendment.

## STIPULATION

THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and among the Parties, pursuant to Local Rule 7-1, that the Court may enter the accompanying Order:

(1) Amending the Scheduling Order to allow Plaintiff to file the Second Amended Complaint, a copy of which is attached as **Exhibit 1** to the Declaration of Amy M. Stern;

(2) Substituting TSMRC as the plaintiff in this action;

(3) Dismissing, with prejudice, Concord as a defendant in this action, with each of Plaintiff, TSMRC, and Concord bearing its own attorneys' fees, costs, and expenses solely with respect to Plaintiff's and TSMRC's prosecution of its claims against Concord and Concord's defense of those claims; and

(4) Dismissing without prejudice Plaintiff's Second Claim for Declaratory Relief and Third Claim for Equitable Accounting against Co-Owner Defendants;

IT IS SO STIPULATED.

131596126

8

STIPULATION FOR ORDER GRANTING LEAVE TO FILE SECOND AM. COMPL.

| | | |
|---|---|---|
| Dated: | November 14, 2025 | **WILLKIE FARR & GALLAGHER LLP** |
| | | By:  /s/ Amy M. Stern  <br>Alex M. Weingarten <br>Jeffrey K. Logan <br>Amy M. Stern |
| | | *Attorneys for Plaintiff* <br>*Tempo Music Rights Collateral, LLC* |
| Dated: | November 14, 2025 |  /s/ Peter Anderson  <br>Peter Anderson <br>Eric H. Lamm <br>Alex Cadena <br>**DAVIS WRIGHT TREMAINE LLP** |
| | | *Attorneys for Defendants Miley Cyrus, also sued as MCEO Publishing, Gregory Hein, also sued as Songs By Gregory Hein, Michael Pollack, also sued What Key Do You Want It In Music, MCEO, Inc., Sony Music Entertainment, Sony Music Publishing (US) LLC, Pulse 2.0, LLC, Pure Tone Music, LLC, Concord Music Group, Inc., Blastronaut, Inc., Warner-Tamerlane Publishing Corp., Amazon.Com Services LLC, Apple Inc., Pandora Media, LLC, Disney Platform Distribution, Inc., Target Corp., Barnes & Noble Booksellers, Inc., Tidal Music LLC, Walmart Inc., Wal-Mart.Com USA, Inc., Wide Eyed Global, iHeartMedia, Inc., Live Nation Entertainment, Inc., Deezer S.A., and Xandrie SA* |

131596126

9

STIPULATION FOR ORDER GRANTING LEAVE TO FILE SECOND AM. COMPL.

**ATTESTATION**

Pursuant to Civil Local Rule 5-4.3.4(a)(2)(i), the undersigned hereby attests that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated:  November 14, 2025         By:  */s/ Amy M. Stern*
                                       Amy M. Stern

131596126

10

STIPULATION FOR ORDER GRANTING LEAVE TO FILE SECOND AM. COMPL.