Alex M. Weingarten (SBN 204410)
  AWeingarten@willkie.com
Jeffrey K. Logan (SBN 136962)
  JLogan@willkie.com
Amy M. Stern (SBN 311382)
  AStern@willkie.com
**WILLKIE FARR & GALLAGHER LLP**
2029 Century Park East, Suite 2900
Los Angeles, CA  90067
Telephone:  (310) 855-3000
Facsimile:   (310) 855-3099

*Attorneys for Plaintiff*
Tempo Secured Music Collateral Rights, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| TEMPO SECURED MUSIC RIGHTS COLLATERAL, LLC,<br><br>                  Plaintiff,<br><br>    v.<br><br>MILEY CYRUS, an individual; GREGORY HEIN, an individual; MICHAEL POLLACK, an individual; SONY MUSIC PUBLISHING (US) LLC; WARNER-TAMERLANE PUBLISHING CORP.; MCEO PUBLISHING; WHAT KEY DO YOU WANT IT IN MUSIC; PURE TONE MUSIC, LLC; SONGS BY GREGORY HEIN; BLASTRONAUT, INC.; PULSE 2.0, LLC; WIDE EYED GLOBAL; MCEO, INC.; SONY MUSIC ENTERTAINMENT; APPLE INC.; IHEARTMEDIA, INC.; PANDORA MEDIA, LLC; DEEZER S.A.; AMAZON.COM SERVICES LLC; SOUNDCLOUD GLOBAL LIMITED & CO. KG; TIDAL MUSIC LLC; XANDRIE SA; LIVE NATION ENTERTAINMENT, INC.; TARGET CORP.; WAL-MART.COM USA, LLC; WALMART INC.; BARNES & NOBLE BOOKSELLERS, INC.; DISNEY PLATFORM DISTRIBUTION, INC.; and DOES 1-10, inclusive.<br><br>                  Defendants. | Case No. 2:24-cv-07910-MRA-BFM<br><br>**SECOND AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT (17 U.S.C. § 101** *et seq.***)**<br><br>**DEMAND FOR JURY TRIAL** |

13188925

SECOND AMENDED COMPLAINT

Plaintiff Tempo Secured Music Rights Collateral, LLC ("Tempo" or "Plaintiff") alleges the following against Defendants Miley Cyrus; Gregory Hein; Michael Pollack; Sony Music Publishing (US) LLC; Warner-Tamerlane Publishing Corp.; MCEO Publishing; What Key Do You Want It In Music; Pure Tone Music, LLC; Songs By Gregory Hein; Blastronaut, Inc.; Pulse 2.0, LLC; Wide Eyed Global; MCEO, Inc.; Sony Music Entertainment; Apple Inc.; iHeartMedia, Inc.; Pandora Media, LLC; Deezer S.A.; Amazon.com Services LLC; Soundcloud Global Limited & CO. KG; Tidal Music LLC; Xandrie SA; Live Nation Entertainment, Inc.; Target Corp.; Wal-Mart.com USA LLC; Walmart Inc.; Barnes & Noble Booksellers, Inc.; Disney Platform Distribution, Inc.; and Does 1 through 10, inclusive (collectively, "Defendants"):

## INTRODUCTION

1. This action arises out of Defendants' infringement of the copyright of the hit song entitled "When I Was Your Man" that was released by internationally renowned recording artist Bruno Mars in 2013. Mars released the song in January 2013 as the third promotional single from his second album, *Unorthodox Jukebox*.

2. By April 2013, after more than 16 weeks on the Billboard Hot 100 charts, "When I Was Your Man" had climbed to No. 1. Mars also received a Grammy nomination for Best Pop Solo Performance for the song in December 2013, and in 2014, the song won the award of "Most Performed Song" at the Pop Music Awards hosted by the American Society of Composers, Authors and Publishers (ASCAP). In May 2021, "When I was Your Man" was awarded its eleventh platinum certification.

3. Plaintiff owns a share of the copyright in "When I Was Your Man" through its acquisition of the catalog of songwriter Philip Lawrence, a co-author of the song along with Mars and others.

4. Mars and the writers behind "When I was Your Man" have achieved great success with the song, and now, so have Defendants. In January 2023, Miley

Cyrus, another well-known recording artist and a Defendant in this action, released the song "Flowers." Immediately upon the release of "Flowers," the public recognized the striking similarities between the song and "When I Was Your Man." Although Michael Pollack, one of the co-authors of "Flowers," apparently refused to comment on the song's connection to "When I Was Your Man" in an interview with *Billboard* in March 2023, the article notes that the similarities between the two songs have been identified by many, and that "any listener can detect that the song boasts a chorus that is the inverse of what Cyrus sings on 'Flowers.'"[1]

5.  "Flowers" became an overnight sensation, debuting at No. 1 on the Billboard Hot 100 chart and breaking the record to become the fastest song to reach one billion streams on streaming service Spotify. The song also earned Cyrus her first set of Grammy wins for Record of the Year and Best Pop Solo Performance at the 66th Annual Grammy Awards in February 2024. Cyrus even performed the song live at the ceremony. Additionally, "Flowers" won Best International Song at the Brit Awards 2024.

6.  Any fan of Bruno Mars' "When I Was Your Man" knows that Miley Cyrus' "Flowers" did not achieve all of that success on its own. "Flowers" duplicates numerous melodic, harmonic, and lyrical elements of "When I Was Your Man," including the melodic pitch design and sequence of the verse, the connecting bass-line, certain bars of the chorus, certain theatrical music elements, lyric elements, and specific chord progressions.

---

[1] In fact, the week after "Flowers" was released, on-demand streaming for "When I Was Your Man" – "always a productive streamer" in the ten years since its release according to *Billboard* – reportedly rose from 4.5 million to 5.3 million, a 19.5% gain. *Billboard* credits the "chatter over the relationship between the two songs," including speculation by fans that "Flowers" was inspired by "When I Was Your Man," with the boost in streaming of the latter.

7. It is undeniable based on the combination and number of similarities between the two recordings that "Flowers" would not exist without "When I Was Your Man." Accordingly, Plaintiff brings this action for copyright infringement arising out of Defendants' unauthorized reproduction, distribution, and exploitation of "When I Was Your Man."

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1338(a) and 28 U.S.C. § 1331 because it arises under the Copyright Act (17 U.S.C. § 101 *et seq.*).

9. The Court has personal jurisdiction over Defendants because some or all: (1) reside or have their principal place of business in California; and/or (2) conduct systematic and continuous business activities within California and this judicial district.

10. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)-(d) and 28 U.S.C. §1400(a) because a substantial part of the acts or omissions giving rise to the claims set forth herein occurred in this judicial district and/or Defendants reside or have their principal place of business in this judicial district.

## PARTIES

11. Plaintiff Tempo Secured Music Rights Collateral, LLC is a limited liability company organized under the laws of the State of Delaware, with its principal place of business in New York, New York. Plaintiff invests in and owns rights to an extensive portfolio of songs and musical compositions by global artists. Plaintiff acquired a percentage of the copyright in "When I Was Your Man" through a transaction with Tempo Music Investments, LLC ("TMI"), which had acquired the copyright interest through a transaction with one of the song's co-authors, Philip Lawrence.

12. On March 6, 2020, Lawrence's assignment of his rights in "When I Was Your Man" to TMI was recorded with the United States Copyright Office under Recordation No. V9975D044. On November 10, 2020, TMI assigned its rights in "When I Was Your Man" to Plaintiff Tempo Secured Music Rights Collateral, LLC, which was recorded with the United States Copyright Office on November 18, 2020 under Recordation No. V9981D753. Plaintiff is engaged in the commercial exploitation of the copyright it acquired from Lawrence in "When I Was Your Man."

13. Defendant Miley Cyrus is an individual who, upon information and belief, resides in Los Angeles County, California. Cyrus is an accomplished singer, songwriter, and actress. Cyrus has received several Grammy nominations for her work – and thanks to "Flowers," two Grammy awards – and has won Teen Choice Awards, Billboard Music Words, World Music Awards, MTV Video Music Awards, a People's Choice Award, and a GLAAD Media Award. Cyrus performs "Flowers" and is credited as a co-author of the song. Upon information and belief, Cyrus participated in, caused, and/or induced the infringing conduct alleged herein.

14. Defendant Gregory "Aldae" Hein is an individual who, upon information and belief, resides in Los Angeles County, California. Hein is a songwriter and music producer who has co-written hit songs for artists including Justin Bieber, Shawn Mendes, and John Legend. Hein is credited as a co-author of "Flowers" and has received Grammy nominations for Song of the Year and Album of the Year for his work on "Flowers." Upon information and belief, Hein participated in, caused, and/or induced the infringing conduct alleged herein.

15. Defendant Michael Pollack is an individual who, upon information and belief, resides in Los Angeles County, California. Pollack is an accomplished songwriter and producer whose songs for artists such as Maroon 5 and Justin Bieber have topped the Billboard music charts. Pollack is credited as a co-author

of "Flowers." Pollack has received seven Grammy nominations, three of which are for Pollack's work on "Flowers." Upon information and belief, Pollack participated in, caused, and/or induced the infringing conduct alleged herein.

16. Defendant Sony Music Publishing (US) LLC ("Sony Music Publishing") is a limited liability company organized under the laws of the State of Delaware, with its principal place of business in New York, New York. Upon information and belief, Sony Music Publishing is a music publisher that participated in the production, preparation, distribution, performance, licensing, marketing, promotion, and/or other exploitation of "Flowers."

17. Defendant Sony Music Entertainment is a general partnership organized under the laws of the State of Delaware, with its principal place of business in New York, New York. Upon information and belief, Sony Music Entertainment participated in the production, preparation, distribution, performance, licensing, marketing, promotion, and/or other exploitation of "Flowers."

18. Defendant Warner-Tamerlane Publishing Corp. ("Warner") is a corporation organized under the laws of the State of Delaware, with its principal place of business in Los Angeles, California. Upon information and belief, Warner is a music publisher that participated in the production, preparation, distribution, performance, licensing, marketing, promotion, and/or other exploitation of "Flowers."

19. Defendant MCEO, Inc. ("MCEO") is a corporation organized under the laws of the State of Tennessee, with its principal place of business in Nashville, Tennessee. Upon information and belief, MCEO is a music publisher that participated in the production, preparation, distribution, performance, licensing, marketing, promotion, and/or other exploitation of "Flowers."

20. Defendant Apple Inc. ("Apple") is a corporation organized under the laws of the State of California, with its principal place of business in Cupertino,

California. Apple, through its music streaming service Apple Music, has participated in the reproduction and distribution of both "When I Was Your Man" and "Flowers."

21. Defendant iHeartMedia, Inc. ("iHeartMedia") is a corporation organized under the laws of the State of Delaware, with its principal place of business in San Antonio, Texas. iHeartMedia, through its music streaming service iHeartRadio, has participated in the reproduction and distribution of both "When I Was Your Man" and "Flowers."

22. Defendant Pandora Media, LLC ("Pandora") is a limited liability company organized under the laws of the State of Delaware, with its principal place of business in Oakland, California. Pandora, through its music streaming service, has participated in the reproduction and distribution of both "When I Was Your Man" and "Flowers."

23. Defendant Amazon.com Services LLC ("Amazon") is a corporation organized under the laws of the State of Delaware, with its principal place of business in Seattle, Washington. Amazon, through its music streaming service Amazon Music, has participated in the reproduction, distribution, and sale of both "When I Was Your Man" and "Flowers."

24. Defendant Tidal Music LLC ("Tidal") is a limited liability company organized under the laws of the State of Delaware, with its principal place of business in New York, New York. Tidal, through its music streaming service, has participated in the reproduction and distribution of both "When I Was Your Man" and "Flowers."

25. Defendant Soundcloud Global Limited & Co. KG ("Soundcloud") is a limited liability partnership organized under the laws of Germany, with its principal place of business in Berlin, Germany. Soundcloud, through its music streaming service, has participated in the reproduction and distribution of both "When I Was Your Man" and "Flowers."

26. Defendant Deezer S.A. ("Deezer") is a limited company organized under the laws of France, with its principal place of business in Paris, France. Deezer, through its music streaming service, has participated in the reproduction and distribution of both "When I Was Your Man" and "Flowers."

27. Defendant Xandrie SA ("Xandrie") is a limited company organized under the laws of France, with its principal place of business in Paris, France. Xandrie, through its music streaming service Qobuz, has participated in the reproduction and distribution of both "When I Was Your Man" and "Flowers."

28. Defendant Disney Platform Distribution, Inc. ("Disney") is a corporation organized under the laws of the State of Delaware, with its principal place of business in Burbank, California. Disney has participated in the reproduction, distribution, and/or performance of "Flowers," including by releasing a documentary concert series featuring Cyrus' performance of "Flowers" on March 10, 2023.

29. Defendant Live Nation Entertainment, Inc. ("Live Nation") is a corporation organized under the laws of the State of Delaware, with its principal place of business in Beverly Hills, California. Live Nation has participated in the reproduction, distribution, sale, and/or other exploitation of "Flowers," including by selling copies of the song through Cyrus's official online store (shop.mileycyrus.com).

30. Defendant Target Corp. ("Target") is a corporation organized under the laws of the State of Minnesota, with its principal place of business in Minneapolis, Minnesota. Target has hundreds of retail locations in California. Target has participated in the reproduction, distribution, sale, and/or other exploitation of both "When I Was Your Man" and "Flowers," including by selling copies of the songs in stores and online.

31. Defendant Wal-Mart.com USA LLC ("Wal-Mart.com") is a limited liability company organized under the laws of the State of California, with its

principal place of business in San Bruno, California. Wal-Mart.com has participated in the reproduction, distribution, sale, and/or other exploitation of both "When I Was Your Man" and "Flowers," including by selling copies of the songs online.

32. Defendant Walmart Inc. ("Walmart") is a corporation organized under the laws of the State of Delaware, with its principal place of business in Bentonville, Arkansas. Walmart has hundreds of retail locations in California. Walmart has participated in the reproduction, distribution, sale, and/or other exploitation of both "When I Was Your Man" and "Flowers," including by selling copies of the songs in its brick-and-mortar stores.

33. Defendant Barnes & Noble Booksellers, Inc. ("Barnes & Noble") is a corporation organized under the laws of the State of Delaware, with its principal place of business in New York, New York. Barnes & Noble has participated in the reproduction, distribution, sale, and/or other exploitation of both "When I Was Your Man" and "Flowers," including by selling copies of the songs in stores and online.

34. Defendant MCEO Publishing is a business of unknown form with an unknown principal place of business that, upon information and belief, is a music publisher that participated in the production, preparation, distribution, performance, licensing, marketing, promotion, and/or other exploitation of "Flowers."

35. Defendant What Key Do You Want It In Music is a business of unknown form with an unknown principal place of business that, upon information and belief, is a music publisher that participated in the production, preparation, distribution, performance, licensing, marketing, promotion, and/or other exploitation of "Flowers."

36. Defendant Pure Tone Music, LLC ("Pure Tone") is a limited liability company formed under the laws of New Jersey, with its principal place of business

in New York, New York.  Pure Tone is a music publisher that participated in the production, preparation, distribution, performance, licensing, marketing, promotion, and/or other exploitation of "Flowers."

37. Defendant Songs By Gregory Hein is a business of unknown form with an unknown principal place of business that, upon information and belief, is a music publisher that participated in the production, preparation, distribution, performance, licensing, marketing, promotion, and/or other exploitation of "Flowers."

38. Defendant Blastronaut, Inc. ("Blastronaut") is a corporation organized under the laws of California, with is principal place of business in Venice, California.  Blastronaut is a music publisher that participated in the production, preparation, distribution, performance, licensing, marketing, promotion, and/or other exploitation of "Flowers."

39. Defendant Pulse 2.0, LLC ("Pulse") is a limited liability company organized under the laws of the State of Delaware, with its principal place of business in Los Angeles, California.  Pulse is a music publisher that participated in the production, preparation, distribution, performance, licensing, marketing, promotion, and/or other exploitation of "Flowers."

40. Defendant Wide Eyed Global is a business of unknown form with an unknown principal place of business that, upon information and belief, is a music publisher that participated in the production, preparation, distribution, performance, licensing, marketing, promotion, and/or other exploitation of "Flowers."

41. The true names and capacities (whether individual, corporate, or otherwise) of Defendants named herein as Does 1 through 10, inclusive, are presently unknown to Plaintiff.  Therefore, Plaintiff sues these Defendants by such fictitious names.  Plaintiff will seek leave to amend pursuant to Federal Rules of Civil Procedure 15(a)(2) and 21 to allege the true names and capacities of Does 1

through 10, inclusive, when the same have been ascertained. Additionally, Plaintiff is informed and believes, and on that basis alleges, that each of the Doe Defendants are legally responsible for the acts and omissions alleged herein.

42. Plaintiff is informed and believes, and on that basis alleges, that at all relevant times: (a) Defendants and Does 1 through 10 are each the alter ego, co-conspirator, duly registered agent, servant, employee, customer, and/or representative of each of the other Defendants; and (b) Defendants acted within the course, scope, and authority of their profession, employment, agency, and/or management roles in committing the acts and omissions alleged herein.

## FACTUAL BACKGROUND

I. **Plaintiff Acquires a Share of the Copyright in "When I Was Your Man"**

43. "When I Was Your Man" was written by Bruno Mars, Philip Lawrence, Ari Levine, and Andrew Wyatt. The musical composition of "When I Was Your Man" was registered in the United States Copyright Office in 2013 with Registration Nos. PA0001850617 (dated March 18, 2013 with December 11, 2012 as the date of publication), PA0001869828 (dated October 24, 2013 with December 11, 2012 as the date of publication), PA0001852243 (dated May 13, 2013 with December 10, 2012 as the date of publication), and PA0001834773 (dated March 11, 2013 with December 6, 2012 as the date of publication, and supplemented by PA0002186926 on October 23, 2018).

44. "When I Was Your Man" was a smash hit upon its release on January 15, 2013, climbing to No. 1 on the Billboard Hot 100 charts and earning co-author and performer Bruno Mars a Grammy nomination.

45. In or around 2020, Plaintiff acquired the copyright interests in "When I Was Your Man" held by Lawrence and his publishing entities from TMI, which had acquired the copyright interests in a transaction with Lawrence.

II. **Defendants Have Access to "When I Was Your Man" Prior to Creating and Exploiting "Flowers"**

46. There are countless examples of Defendants having had access to "When I Was Your Man" in the ten years between the release of "When I Was Your Man" and "Flowers." For example:

    a. Mars performed "When I Was Your Man" at the iHeartRadio Music Festival in Las Vegas, Nevada on September 21, 2013, where Cyrus also appeared and performed her hit song "Wrecking Ball;"

    b. "When I Was Your Man" has been widely available for online and in-store purchase, as well on numerous music streaming platforms following its release; and

    c. "When I Was Your Man" has been played frequently by radio stations across the country, which is no surprise given its No. 1 ranking on the Billboard Hot 100 and Billboard Radio Songs chart.

III. **"Flowers" Is Substantially Similar to "When I Was Your Man"**

47. Cyrus' song "Flowers" was released on January 13, 2023 – approximately ten years after "When I Was Your Man" was released.

48. There are substantial similarities between "When I Was Your Man" and "Flowers" that demonstrate that "Flowers" is the result of intentional copying.

A. **Comparison of the Verse of "When I Was Your Man" and the Chorus of "Flowers"**

49. The melody (single lines of music) and harmony (chords and chord progressions) of the chorus in "Flowers" are substantially similar to those of the verse in "When I Was Your Man." Indeed, the opening vocal line from the chorus of "Flowers" begins and ends on the same chords as the opening vocal line in the verse of "When I Was Your Man." Additionally, melodic Units 1 and 3 in "Flowers" identified below duplicate the basic melodic and harmonic design of E-D-C-E-F at the end of Unit 1 in "When I Was Your Man."



50. Additionally, as shown below, melodic Unit 2 of the chorus of "Flowers" is significant in that it duplicates the developmental process of the music in Unit 2 in the verse of "When I Was Your Man." Each unit begins with a G major chord and ends the melody on a C major chord. The overall melodic design in both songs begins after a rest on the downbeat, repeats the pitch D, and moves to pitch E. In the bracketed portion below, the line repeats the pitch D, descends through C to the lowest pitch A, then leaps up ending with the pitches D to E against the C major chord. It is notable that the pitch D (marked with an asterisk) is a dissonant non-chord tone that resolves upward to the E. This distinctive melodic element is duplicated in "Flowers" and represents a kind of musical fingerprint.



51. As shown above in brackets, both songs also feature a connecting bass-line C-B-A that moves to the next melodic unit beginning on the A minor chord, is stated several times through the songs using two different rhythmic patterns, and is a featured element.

**B.    Comparison of the Chorus of "When I Was Your Man" and the Chorus of "Flowers"**

52.    As shown below, the first eight bars of each chorus section illustrate the significant similarity in the lyrics, melodic, harmonic, and structural musical content between the two songs.  Both follow the same 4+4 structural phase design (labeled Phrase 1 and Phrase 2), with each phrase being subdivided into two 2-bar units (as shown in brackets labeled Unit 1, 2, 3, and 4).



53.    Lyrically the first two-bar units of each 4-bar phrase end with the same words, "flowers" in Unit 1 and "hours" in Unit 3.  Although the words are not the same at the end of Unit 2, "sand' in "Flowers" rhymes with "hand" in "When I Was Your Man."

54.    Furthermore, the start of each chorus in "Flowers" duplicates the dramatic pause in the accompaniment in "When I was Your Man" that precedes the start of the "flowers" lyric phase.

55.    Units 2 and 4 above also share the same chord progression of G to C, and both songs end the first bar of Unit 2 by moving up from the pitch A to pitch E and end with E-D-E pitches.  And, Unit 4 of the choruses of both songs ends using

pitch C.  Thus, "Flowers" duplicates the pitch ending pattern used in Units 2 and 4 in "When I Was Your Man," as marked with an asterisk above.

56. A comparison of the lyrics of the two songs also suggests that the musical similarities are no coincidence.  As shown below, the lyrics in "Flowers" clearly have a meaningful connection to the lyrics in "When I Was Your Man."

| "When I Was Your Man" | "Flowers" |
| --- | --- |
| That I should have brought you flowers | I can buy myself flowers |
| And held your hand | And I can hold my own hand |
| Should have gave you all my hours | Talk to myself for hours |
| Take you to every party cause all you wanted to do was dance | I can take myself dancing |

57. Along with the word relationship between the "dancing" lyric above, in the below lyric phrases that end with the word "dancing," "Flowers" contains significant and substantial melodic similarity to the melodic phrase in "When I Was Your Man."



58. The "Flowers" unit above represents a kind of "paraphrase" – *i.e.,* it musically contains and accents the same pitches.  Both melodic lines after reaching and stressing the high point on the pitch A, leap down the interval of a fourth to the melodic pitch group E-D-C.  Both units also end with a melodic slur on the syllable "ing" (a slur refers to the common vocal element in which more than one note is sung to a word or syllable).

### C. The Closing or Post-Chorus Sections of "Flowers"

59. The section after the chorus and final section of the recording of "Flowers" has the vocal lyric "Can love me better, I" which, as shown below, corresponds musically to Units 1 and 2 of the chorus. The first iteration is E-E-E-E-E, F and the second is sequenced down a step D-D-D-D-D, E. These melodic statements emulate Units 1 and 2; the pitch E moves up to the 'goal' F (>) and the second statement starting on the pitch D moves up to the 'goal' E (>). These melodic lines represent developed or varied forms of repetition, and as shown above, this melodic design was taken from "When I Was Your Man."



60. The combination of elements – both musical and lyrical – confirm that "Flowers" copies extensively from "When I Was Your Man."

### IV. Defendants Willfully and Knowingly Exploit "Flowers" Despite Its Infringement of "When I Was Your Man"

61. With "Flowers," Cyrus, Hein, and Pollack have created a derivative work of "When I Was Your Man" without authorization.

62. Upon information and belief, Defendants comprise the writers, composers, performers, producers, record labels, distributors, and publishers who willingly and knowingly participated in the production, preparation, distribution, public performance, licensing, marketing, promotion, and/or other exploitation of "Flowers," embodied in all forms of media, including, but not limited to, videos, digital downloads, records, motion pictures, and advertisements. Defendants have engaged in this conduct for their own pecuniary gain.

63. Upon information and belief, Cyrus has performed and continues to perform "Flowers" at concerts and personal appearances, in videos, and on television, and Defendants have exploited and continue to exploit "Flowers."

## CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF

## (COPYRIGHT INFRINGEMENT (17 U.S.C. § 101 *et seq.*) AGAINST ALL DEFENDANTS)

64. Plaintiff realleges and incorporates by reference Paragraphs 1 through 63 as if fully alleged herein.

65. "When I Was Your Man" is an original musical composition registered with the U.S. Copyright Office under Registration Nos. PA0001850617, PA0001869828, PA0001852243, PA0001834773, and PA0002186926.

66. Plaintiff owns a portion of the U.S. copyright in all rights, titles, and interests in the musical composition "When I Was Your Man," which it acquired from TMI, which had acquired the rights, titles, and interests from one of the song's co-authors, Philip Lawrence, and his publishing entities. The assignment of rights in "When I Was Your Man" to TMI was recorded with the U.S. Copyright Office under Recordation No. V9975D044 on March 6, 2020. The rights were subsequently assigned to Plaintiff on November 10, 2020 and recorded with the U.S. Copyright Office under Recordation No. V9981D753 on November 18, 2020. Plaintiff is engaged in the commercial exploitation of the copyright it acquired in "When I Was Your Man."

67. Upon information and belief, Defendants, had access to, and did access, "When I Was Your Man" following its release in January 2013.

68. "Flowers" copies a substantial portion of distinct, important, and recognizable portions of "When I Was Your Man," including, but not limited to, its melodic and harmonic material, pitch ending pattern, bass-line structure, and lyrics.

69. Defendants did not seek or receive permission to copy or interpolate any portion of "When I Was Your Man" into "Flowers."

70. Defendants' unauthorized reproduction, distribution, public performance, display, and/or creation of a derivative work of "When I Was Your Man" infringes Plaintiff's exclusive rights in violation of the Copyright Act.

71. Defendants have infringed Plaintiff's copyright in "When I Was Your Man" by, among other things: (a) substantially copying and publicly performing, or authorizing the copying and public performance, of "Flowers;" (b) authorizing the reproduction, distribution, licensing, sale, and/or other exploitation of records or digital downloads of "Flowers;" and/or (c) participating in and furthering the aforementioned infringing acts and/or sharing in the proceeds therefrom.

72. Upon information and belief, Defendants knew or had reason to know that "Flowers" is an unauthorized derivative work based on "When I Was Your Man."

73. Upon information and belief, Defendants induced, caused, and materially contributed to the production, preparation, distribution, public performance, licensing, marketing, promotion, and/or other exploitation of "Flowers" and are continuing to do so in order to profit therefrom.

74. Upon information and belief, Defendants had the right and ability to control one another and have derived a direct financial benefit from their infringement.

75. Defendants' conduct has been, and continues to be, willful and knowing.

76. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered actual damages, including, but not limited to, lost profits.

77. Plaintiff has been irreparably harmed and suffered actual damages, and Defendants have profited in an amount to be determined at trial. Plaintiff's

actual damages include lost license fees and decreased value for "When I Was Your Man."

78. Pursuant to 17 U.S.C. § 504(b)(c), Plaintiff is entitled, at its election, to an award of: (a) actual damages, including its own damages and the substantial profits of Defendants to be proven at trial; or (b) statutory damages in the maximum amount of $150,000 per infringement.

79. Plaintiff is entitled to declaratory and injunctive relief (17 U.S.C. § 502).

80. Plaintiff is also entitled to its costs, including reasonable attorneys' fees pursuant to 17 U.S.C. § 505.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment in its favor and against Defendants as follows:

1. For judgment that Defendants willfully infringed Plaintiff's copyright;

2. For judgment entering a permanent injunction enjoining and restraining Defendants from infringing Plaintiff's copyright by reproducing, distributing, or publicly performing "Flowers;"

3. For judgment assessing Defendants the damages suffered by Plaintiff, including, but not limited to, actual damages, lost profits, and statutory damages;

4. For judgment granting Plaintiff's costs, reasonable attorneys' fees, and interest at the maximum rate permitted by law; and

5. Such other relief as may be just and proper.

Dated: November 20, 2025         **WILLKIE FARR & GALLAGHER LLP**

By:   */s/ Alex M. Weingarten*
      Alex M. Weingarten
      Jeffrey K. Logan
      Amy M. Stern

*Attorneys for Plaintiff*
*Tempo Secured Music Rights Collateral LLC*

13188925                         18
                                 SECOND AMENDED COMPLAINT

# REQUEST FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff requests a trial by jury of all issues triable of right by a jury.

Dated: November 20, 2025

**WILLKIE FARR & GALLAGHER LLP**

By: */s/ Alex M. Weingarten*
Alex M. Weingarten
Jeffrey K. Logan
Amy M. Stern

*Attorneys for Plaintiff*
*Tempo Secured Music Rights Collateral, LLC*