Peter Anderson, Esq. (Cal. Bar No. 88891)
        peteranderson@dwt.com
Eric H. Lamm, Esq. (Cal. Bar No. 324153)
        ericlamm@dwt.com
Alexandra P. Cadena, Esq. (Cal. Bar No. 352442)
        alexcadena@dwt.com
DAVIS WRIGHT TREMAINE LLP
350 South Grand Avenue, 27th Floor
Los Angeles, California 90071
Telephone: (213) 633-6800
Fax: (213) 633-6899

Attorneys for Defendants
MILEY CYRUS, also sued as MCEO Publishing,
GREGORY HEIN, also sued as Songs By Gregory
Hein, MICHAEL POLLACK, also sued as What Key
Do You Want it in Music, MCEO, INC., SONY MUSIC
ENTERTAINMENT, SONY MUSIC PUBLISHING
(US) LLC, PULSE 2.0, LLC, PURE TONE MUSIC, LLC,
BLASTRONAUT, INC., WARNER-TAMERLANE
PUBLISHING CORP., AMAZON.COM SERVICES LLC,
APPLE INC., PANDORA MEDIA, LLC, DISNEY PLATFORM
DISTRIBUTION, INC., TARGET CORP., BARNES &
NOBLE BOOKSELLERS, INC., TIDAL MUSIC LLC,
WALMART INC., WAL-MART.COM USA, INC., WIDE
EYED GLOBAL, IHEARTMEDIA, INC., LIVE NATION
ENTERTAINMENT, INC., XANDRIE SA, DEEZER S.A.,
and SOUNDCLOUD GLOBAL LIMITED & CO. KG

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| TEMPO SECURED MUSIC RIGHTS COLLATERAL, LLC,<br><br>      Plaintiff,<br><br>  v.<br><br>MILEY CYRUS, an individual; GREGORY HEIN, an individual; MICHAEL POLLACK, an individual; SONY MUSIC PUBLISHING (US) LLC; WARNER-TAMERLANE PUBLISHING CORP.; MCEO PUBLISHING; WHAT KEY DO YOU WANT IT IN MUSIC; PURE TONE MUSIC, LLC; SONGS BY GREGORY HEIN; BLASTRONAUT, INC.;<br>    (continued next page) | Case No. 2:24-cv-07910-MRA-BFM<br><br>ANSWER TO SECOND AMENDED COMPLAINT<br><br>DEMAND FOR JURY TRIAL |

1
2
3
4
5
6
7
8
9
10
11

PULSE 2.0, LLC; WIDE EYED
GLOBAL; MCEO, INC.; SONY
MUSIC ENTERTAINMENT; APPLE
INC.; IHEARTMEDIA, INC.;
PANDORA MEDIA, LLC; DEEZER
S.A.; AMAZON.COM SERVICES
LLC; SOUNDCLOUD GLOBAL
LIMITED & CO. KG; TIDAL MUSIC
LLC; XANDRIE SA; LIVE NATION
ENTERTAINMENT, INC.; TARGET
CORP.; WAL-MART.COM USA, LLC;
WALMART INC.; BARNES &
NOBLE BOOKSELLERS, INC.;
DISNEY PLATFORM
DISTRIBUTION, INC.; and DOES 1-
10, inclusive,

              Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

# **ANSWER TO COMPLAINT**

Defendants Miley Cyrus, also sued as MCEO Publishing, Gregory Hein, also sued as Songs By Gregory Hein, Michael Pollack, also sued as What Key Do You Want It In Music, MCEO, Inc., Sony Music Publishing (US) LLC, Warner-Tamerlane Publishing Corp., Sony Music Entertainment, Pulse 2.0, LLC, Pure Tone Music, LLC, Blastronaut, Inc., Amazon.Com Services LLC, Apple Inc., Pandora Media, LLC, Disney Platform Distribution, Inc., Target Corp., Barnes & Noble Booksellers, Inc., Tidal Music LLC, Walmart Inc., Wal-Mart.Com USA, Inc., Wide Eyed Global, IHeartMedia, Inc., Live Nation Entertainment, Inc., Xandrie SA, Deezer S.A., and Soundcloud Global Limited & Co. KG (collectively "Defendants") answer the Second Amended Complaint ("Complaint") of plaintiff Tempo Secured Music Rights Collateral, LLC ("Plaintiff"), as follows:

## "**INTRODUCTION**"[1]

1.     Answering paragraph 1 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto.  To the extent the allegations are deemed allegations of fact, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and, on that basis, deny those allegations.

2.     Answering paragraph 2 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and, on that basis, deny those allegations.

3.     Answering paragraph 3 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations are deemed allegations of fact, Defendants lack

---

[1]     Defendants include the section headings from the Complaint in this Answer purely for ease of organization; to the extent those headings include any allegations of fact, Defendants deny each and every allegation thereof.

1

knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and, on that basis, deny those allegations.

4.    Answering paragraph 4 and footnote 1 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations are deemed allegations of fact, Defendants admit that the sound recording titled *Flowers* was released in January 2023, that it features Miley Cyrus, a well-known recording artist named as a defendant in this action, and deny that *Flowers* copies *When I Was Your Man*, Michael Pollack denies the accuracy of the statements attributed to him in the March 2023 *Billboard* article, and Defendants aver that—directly contrary to Plaintiff's allegations—another *Billboard* article instead stated:

> "[N]ot only are there no direct samples or obvious interpolations between 'Flowers' and 'Your Man,' there are no major sonic overlaps either — no obvious shared melodies or rhythms, no major similarities in production textures,"

and that *Billboard* article also quoted a music law expert's statement that "There are no songwriter credits [in *Flowers*] for the 'When I Was Your Man' writers because no license should be necessary," and Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained therein and, on that basis, deny those remaining allegations.

5.    Answering paragraph 5 of the Complaint, Defendants admit that *Flowers* debuted at No. 1 on the Billboard Hot 100 chart, that *Flowers* broke the record to become the fastest song to reach one billion streams on streaming service Spotify, that *Flowers* earned Ms. Cyrus her first Grammy wins for Record of the Year and Best Pop Solo Performance at the 66th Annual Grammy Awards in February 2024, that Ms. Cyrus performed *Flowers* live at the 66th Annual Grammy Awards in February 2024, and that *Flowers* won Best International Song at the Brit Awards in 2024; Defendants lack knowledge or information sufficient to form a belief as to the truth

or falsity of the remaining allegations in this paragraph and, on that basis, deny those remaining allegations.

6.    Answering paragraph 6 of the Complaint, Defendants object to the extent that the allegations contained therein require the opinion of an expert and that purporting to require that Defendants respond at this time is improper and premature under Federal Rule of Civil Procedure 26; as to any non-expert allegations, Defendants deny the allegations contained therein.

7.    Answering paragraph 7 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations are deemed allegations of fact, Defendants admit that Plaintiff purports to bring this action for copyright infringement and claims that all defendants have engaged in the unauthorized reproduction, distribution, and exploitation of *When I Was Your Man*, deny that any defendant has infringed a copyright in *When I Was Your Man*, deny that *Flowers* copies *When I Was Your Man*, and lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph and, on that basis, denies those remaining allegations.

## "<u>JURISDICTION AND VENUE</u>"

8.    Answering paragraph 8 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations are deemed allegations of fact, Defendants admit that Plaintiff contends the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a) insofar as Plaintiff purports to assert a claim under the Copyright Act, and Defendants deny each and every remaining allegation contained therein.

9.    Answering paragraph 9 of the Complaint, the allegations consist of legal conclusions to which no response is required.  To the extent any response is required, each Defendant, without conceding that personal jurisdiction is appropriate as to any

other Defendant in this action, do not dispute personal jurisdiction over himself, herself, or itself in this action.

10.     Answering paragraph 10 of the Complaint, the allegations consist of legal conclusions to which no response is required.  To the extent any response is required, each Defendant, without conceding that venue is appropriate as to any other Defendant in this action, does not dispute that venue is proper as to himself, herself, or itself in this action.

### "**PARTIES**"

11.     Answering paragraph 11 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations are deemed allegations of fact, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and, on that basis, deny those allegations.

12.     Answering paragraph 12 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations are deemed allegations of fact, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and, on that basis, deny those allegations.

13.     Answering paragraph 13 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations are deemed allegations of fact, Ms. Cyrus admits that she is an individual who resides in Los Angeles County, California, that she is an accomplished singer, songwriter, and actress, that she has received multiple Grammy nominations and three Grammy awards, Teen Choice Awards, Billboard Music Awards, World Music Awards, MTV Video Music Awards, a People's Choice Award, and a GLAAD Media Award, that she has performed *Flowers*, and that she is credited as a co-author of *Flowers*, and Ms. Cyrus denies the remaining allegations in this paragraph; and the remaining Defendants deny that any "infringing conduct"

4

1  occurred and lack knowledge or information sufficient to form a belief as to the truth
2  or falsity of the remaining allegations in this paragraph and, on that basis, deny those
3  remaining allegations.

4      14.    Answering paragraph 14 of the Complaint, to the extent the allegations
5  contained therein allege conclusions of law, Defendants are not required to plead
6  thereto; to the extent the allegations are deemed allegations of fact, Gregory Hein
7  admits that he is an individual who resides in Los Angeles County, California, that he
8  has co-written hit songs for artists including Justin Bieber, Shawn Mendes, and John
9  Legend, that he is credited as a co-author of *Flowers*, and that he has received Grammy
10 nominations for Song of the Year for *Flowers* and Album of the Year for the album
11 *Endless Summer Vacation*, which includes *Flowers*, and Mr. Hein denies the
12 remaining allegations in this paragraph; and the remaining Defendants deny that any
13 "infringing conduct" occurred and lack knowledge or information sufficient to form
14 a belief as to the truth or falsity of the remaining allegations in this paragraph and, on
15 that basis, deny those remaining allegations.

16     15.    Answering paragraph 15 of the Complaint, to the extent the allegations
17 contained therein allege conclusions of law, Defendants are not required to plead
18 thereto; to the extent the allegations are deemed allegations of fact, Michael Pollack
19 admits that he is an individual who resides in Los Angeles County, California, that he
20 is an accomplished songwriter and producer whose songs for artists such as Maroon
21 5 and Justin Bieber have topped the Billboard music charts, that he is credited as a co-
22 author of *Flowers*, and that he has received seven Grammy nominations, three of
23 which are for *Flowers*, and Mr. Pollack denies the remaining allegations in this
24 paragraph; and the remaining Defendants deny that any "infringing conduct" occurred
25 and lack knowledge or information sufficient to form a belief as to the truth or falsity
26 of the remaining allegations in this paragraph and, on that basis, deny those remaining
27 allegations.

28

16.     Answering paragraph 16 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations are deemed allegations of fact, Sony Music Publishing (US) LLC ("SMP") admits it is a limited liability company organized under the laws of the State of Delaware, with its principal place of business in New York, New York, and that SMP is a music publisher, including as to *Flowers*, and SMP denies the remaining allegations therein; and the remaining Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and, on that basis, deny those allegations.

17.     Answering paragraph 17 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations are deemed allegations of fact, Sony Music Entertainment ("SME") admits it is a general partnership organized under the laws of the State of Delaware, with its principal place of business in New York, New York, and that SME is a record company, including as to *Flowers*, and SME denies the remaining allegations therein; and the remaining Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and, on that basis, deny those allegations.

18.     Answering paragraph 18 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations are deemed allegations of fact, Warner-Tamerlane Publishing Corp. ("Warner-Tamerlane") admits it is a corporation with its principal place of business in Los Angeles, California, and is a music publisher, including with respect to *Flowers*, denies that it is organized under the laws of the State of Delaware, and Warner-Tamerlane denies the remaining allegations therein; and the remaining Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and, on that basis, deny those allegations.

19.     Answering paragraph 19 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations are deemed allegations of fact, MCEO, Inc. ("MCEO") and Ms. Cyrus admit that MCEO is a corporation organized under the laws of the state of Tennessee, with its principal place of business in Nashville, Tennessee, admit that MCEO has been involved in the use or other exploitation of *Flowers* and MCEO and Ms. Cyrus deny the remaining allegations in this paragraph; and the remaining Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and, on that basis, deny those allegations.

20.     Answering paragraph 20 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations are deemed allegations of fact, Apple Inc. ("Apple") admits that it is a corporation organized under the laws of the State of California, with its principal place of business in Cupertino, California, that *When I Was Your Man* and *Flowers* are available on the Apple Music streaming service, and denies the remaining allegations therein; and the remaining Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and, on that basis, deny those allegations.

21.     Answering paragraph 21 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations are deemed allegations of fact, iHeartMedia, Inc. ("IHeartMedia") admits that it is a corporation organized under the laws of the State of Delaware, with its principal place of business in San Antonio, Texas, and that *When I Was Your Man* and *Flowers* are available on the iHeartRadio streaming service, and denies the remaining allegations contained therein; and the remaining Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and, on that basis, deny those allegations.

22.     Answering paragraph 22 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations are deemed allegations of fact, Pandora Media, LLC ("Pandora") admits that it is a limited liability company organized under the laws of the State of Delaware, with its principal place of business in Oakland, California, and that *When I Was Your Man* and *Flowers* are available on the Pandora streaming service, and denies the remaining allegations contained therein; and the remaining Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and, on that basis, deny those allegations.

23.     Answering paragraph 23 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations are deemed allegations of fact, Amazon.com Services LLC ("Amazon Services") admits that it is a corporation organized under the laws of the State of Delaware, with its principal place of business in Seattle, Washington, and that *When I Was Your Man* and *Flowers* are available on the Amazon Music streaming service, and denies the remaining allegations contained therein; and the remaining Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and, on that basis, deny those allegations.

24.     Answering paragraph 24 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations are deemed allegations of fact, Tidal Music LLC ("Tidal") admits it is a limited liability company organized under the laws of the State of Delaware, with its principal place of business in New York, and that *When I Was Your Man* and *Flowers* are available on the Tidal music streaming service, and denies the remaining allegations contained therein; and the remaining Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and, on that basis, deny those allegations.

8

25.     Answering paragraph 25 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations are deemed allegations of fact, SoundCloud Global Limited & CO. KG ("SoundCloud") admits that it is a "Kommanditgesellschaft," which is a form of limited liability partnership organized under the laws of Germany, with its principal place of business in Berlin, Germany, and that *When I Was Your Man* and *Flowers* are available on the SoundCloud streaming service, and denies the remaining allegations contained therein; and the remaining Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and, on that basis, deny those allegations.

26.     Answering paragraph 26 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations are deemed allegations of fact, Deezer S.A. denies it is a "limited company," admits it is organized under French law and, through its music streaming service, has participated in the distribution of *When I Was Your Man* and *Flowers*, and denies the remaining allegations contained therein; and the remaining Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and, on that basis, deny those allegations

27.     Answering paragraph 27 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations are deemed allegations of fact, Xandrie SA denies that its principal place of business is in Paris, France, admits it is a limited company organized under the laws of France and through Qobuz has participated in the distribution of *When I Was Your Man* and *Flowers*, and denies the remaining allegations contained therein; and the remaining Defendants lack knowledge or

information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and, on that basis, deny those allegations.

28.    Answering paragraph 28 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations are deemed allegations of fact, Disney Platform Distribution, Inc. ("Disney Platform") admits it is a corporation organized under the laws of the State of Delaware, with its principal place of business in Burbank, California, and that *Flowers* was performed as part of a documentary concert that was made available on the Disney+ service for subscribers to stream beginning on or about March 10, 2023, and denies the remaining allegations contained therein; and the remaining Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and, on that basis, deny those allegations.

29.    Answering paragraph 29 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations are deemed allegations of fact, Live Nation Entertainment, Inc., admits it is a corporation organized under the laws of the State of Delaware, with its principal place of business in Beverly Hills, California, and that it sells copies of *Flowers* through Miley Cyrus's official online store (shop.mileycyrus.com), and denies the remaining allegations contained therein; and the remaining Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and, on that basis, deny those allegations.

30.    Answering paragraph 30 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations are deemed allegations of fact, Target Corp. ("Target") admits it is a corporation organized under the laws of the State of Minnesota, with its principal place of business in Minneapolis, Minnesota, that Target

has multiple retail locations in California, and that Target sells copies of *When I Was Your* Man and *Flowers* in stores and online, and denies the remaining allegations contained therein; and the remaining Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and, on that basis, deny those allegations.

31.    Answering paragraph 31 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations are deemed allegations of fact, Wal-Mart.com USA LLC ("Wal-Mart.com") admits it is a limited liability company organized under the laws of the State of California, with its principal place of business in San Bruno, California, and that copies of *When I Was Your Man* and *Flowers* are offered for sale on the Walmart.com marketplace platform, and denies the remaining allegations contained therein; and the remaining Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and, on that basis, deny those allegations.

32.    Answering paragraph 32 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations are deemed allegations of fact, Walmart Inc. ("Walmart") admits it is a corporation organized under the laws of the State of Delaware, with its principal place of business in Bentonville, Arkansas, and that Walmart sells copies of *When I Was Your Man* and *Flowers* in its brick-and-mortar stores, and denies the remaining allegations contained therein; and the remaining Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and, on that basis, deny those allegations.

33.    Answering paragraph 33 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations are deemed allegations of fact, Barnes & Noble Booksellers, Inc. ("Barnes & Noble") admits it is a corporation organized under the

laws of the State of Delaware, with its principal place of business in New York, New York, and that Barnes & Noble sells copies of *When I was Your Man* and *Flowers* in stores and online, and denies the remaining allegations contained therein; and the remaining Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and, on that basis, deny those allegations.

34.    Answering paragraph 34 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations are deemed allegations of fact, Ms. Cyrus denies the allegations in this paragraph; and the remaining Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and, on that basis, deny those allegations.

35.    Answering paragraph 35 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations are deemed allegations of fact, Mr. Pollack denies the allegations in this paragraph; and the remaining Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and, on that basis, deny those allegations.

36.    Answering paragraph 36 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations are deemed allegations of fact, Pure Tone Music, LLC, admits that it is a limited liability company organized under the laws of the State of New Jersey, with its principal place of business in New York, New York, admits that it is a music publisher, including with respect to *Flowers*, and denies the remaining allegations contained therein; and the remaining Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and, on that basis, deny those allegations.

37. Answering paragraph 37 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations are deemed allegations of fact, Mr. Hein denies the allegations in this paragraph; and the remaining Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and, on that basis, deny those allegations.

38. Answering paragraph 38 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations are deemed allegations of fact, Blastronaut, Inc., admits that it is a corporation organized under the laws of the State of California, with its principal place of business in Venice, California, admits it is a music publisher, including with respect to *Flowers*, and denies the remaining allegations contained therein; and the remaining Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and, on that basis, deny those allegations.

39. Answering paragraph 39 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations are deemed allegations of fact, Pulse 2.0, LLC, admits that it is a limited liability company organized under the laws of the State of Delaware, with its principal place of business in Los Angeles, California, admits it is a music publisher, including with respect to *Flowers*, and denies the remaining allegations contained therein; and the remaining Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and, on that basis, deny those allegations.

40. Answering paragraph 40 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations are deemed allegations of fact, Wide Eyed Global admits it is a music publisher, including with respect to *Flowers*, and denies the

remaining allegations contained therein; and the remaining Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and, on that basis, deny those allegations.

41.    Answering paragraph 41 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations are deemed allegations of fact, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and, on that basis, deny those allegations.

42.    Answering paragraph 42 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendant is not required to plead thereto; to the extent the allegations are deemed allegations of fact, Defendants deny the allegations in this paragraph.

"**FACTUAL BACKGROUND**

"**I.    Plaintiff Acquires a Share of the Copyright in 'When I Was Your Man'**"

43.    Answering paragraph 43 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations are deemed allegations of fact, Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and, on that basis, deny those allegations.

44.    Answering paragraph 44 of the Complaint, Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and, on that basis, deny those allegations.

45.    Answering paragraph 45 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations are deemed allegations of fact, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and, on that basis, deny those allegations.

"**II.    Defendants Have Access to 'When I Was Your Man' Prior to Creating and Exploiting 'Flowers'**"

46.    Answering paragraph 46 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto.  To the extent the allegations in that paragraph are deemed allegations of fact, IHeartMedia admits that Bruno Mars performed *When I Was Your Man* at the iHeartRadio Music Festival in Las Vegas, Nevada on September 21, 2013, and that Miley Cyrus also appeared and performed another musical composition, but denies that these allegations establish access; IHeartMedia lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph and, on that basis, deny those allegations.  The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and, on that basis, deny those allegations.

"**III.    'Flowers' Is Substantially Similar to 'When I Was Your Man'**"

47.    Answering Paragraph 47 of the Complaint, Defendants admit that *Flowers* was released in or about January 2023, approximately ten years after *When I Was Your Man*, and deny the remaining allegations in this paragraph.

48.    Answering paragraph 48 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations are deemed allegations of fact, Defendants deny the allegations in that paragraph.

"**A.    Comparison of the Verse of 'When I Was Your Man' and the Chorus of 'Flowers'**"

49.    Answering paragraph 49 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations are deemed allegations of fact, Defendants object that the allegations require the opinion of an expert and purporting to require that Defendants respond at this time is improper and premature under Federal Rule of Civil

Procedure 26, and as to any non-expert allegations, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and, on that basis, deny those allegations.

50.     Answering paragraph 50 of the Complaint, Defendants object that the allegations require the opinion of an expert and purporting to require that Defendants respond at this time is improper and premature under Federal Rule of Civil Procedure 26, and as to any non-expert allegations, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and, on that basis, deny those allegations.

51.     Answering paragraph 51 of the Complaint, Defendants object that the allegations require the opinion of an expert and purporting to require that Defendants respond at this time is improper and premature under Federal Rule of Civil Procedure 26, and as to any non-expert allegations, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and, on that basis, deny those allegations.

"**B.     Comparison of the Chorus of 'When I Was Your Man' and the Chorus of 'Flowers'**"

52.     Answering paragraph 52 of the Complaint, Defendants object that the allegations require the opinion of an expert and purporting to require that Defendants respond at this time is improper and premature under Federal Rule of Civil Procedure 26, and as to any non-expert allegations, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and, on that basis, deny those allegations.

53.     Answering paragraph 53 of the Complaint, Defendants object that the allegations require the opinion of an expert and purporting to require that Defendants respond at this time is improper and premature under Federal Rule of Civil Procedure 26, and as to any non-expert allegations, Defendants lack knowledge or information

1   sufficient to form a belief as to the truth or falsity of the allegations contained therein

2   and, on that basis, deny those allegations.

3       54.     Answering paragraph 54 of the Complaint, Defendants object that the

4   allegations require the opinion of an expert and purporting to require that Defendants

5   respond at this time is improper and premature under Federal Rule of Civil Procedure

6   26, and as to any non-expert allegations, Defendants lack knowledge or information

7   sufficient to form a belief as to the truth or falsity of the allegations contained therein

8   and, on that basis, deny those allegations.

9       55.     Answering paragraph 55 of the Complaint, Defendants object that the

10  allegations require the opinion of an expert and purporting to require that Defendants

11  respond at this time is improper and premature under Federal Rule of Civil Procedure

12  26, and as to any non-expert allegations, Defendants lack knowledge or information

13  sufficient to form a belief as to the truth or falsity of the allegations contained therein

14  and, on that basis, deny those allegations.

15      56.     Answering paragraph 56 of the Complaint, Defendants deny that a

16  comparison of the lyrics of the songs "suggests that the musical similarities are no

17  coincidence"; as to the remaining allegations, Defendants object that the allegations

18  require the opinion of an expert and purporting to require that Defendants respond at

19  this time is improper and premature under Federal Rule of Civil Procedure 26, and as

20  to any non-expert allegations in this paragraph, Defendants lack knowledge or

21  information sufficient to form a belief as to the truth or falsity of the allegations

22  contained therein and, on that basis, deny those allegations.

23      57.     Answering paragraph 57 of the Complaint, to the extent the allegations

24  contained therein allege conclusions of law, Defendants are not required to plead

25  thereto; to the extent the allegations are deemed allegations of fact, Defendants object

26  that the allegations require the opinion of an expert and purporting to require that

27  Defendants respond at this time is improper and premature under Federal Rule of Civil

28  Procedure 26, and as to any non-expert allegations in this paragraph, Defendants lack

17

knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and, on that basis, deny those allegations.

58.    Answering paragraph 58 of the Complaint, Defendants object that the allegations in that paragraph require the opinion of an expert and purporting to require that Defendants respond at this time is improper and premature under Federal Rule of Civil Procedure 26, and as to any non-expert allegations in this paragraph, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and, on that basis, deny those allegations.

"**C.    The Closing or Post-Chorus Sections of 'Flowers'**"

59.    Answering paragraph 59 of the Complaint, Defendants object that the allegations in that paragraph require the opinion of an expert and purporting to require that Defendants respond at this time is improper and premature under Federal Rule of Civil Procedure 26, and as to any non-expert allegations in this paragraph, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and, on that basis, deny those allegations.

60.    Answering paragraph 60 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations are deemed allegations of fact, Defendants deny the allegations.

"**IV.    Defendants Willfully and Knowingly Exploit 'Flowers' Despite Its Infringement of 'When I Was Your Man'**"

61.    Answering paragraph 61 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations are deemed allegations of fact, Defendants deny the allegations.

62.    Answering paragraph 62 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; Defendants object to Plaintiff's "shotgun pleading" of these allegations,

making sweeping, vague, and undifferentiated allegations regarding all Defendants, notwithstanding that each Defendant is a separate company with differing roles relating to *Flowers*; to the extent the allegations are deemed allegations of fact, Defendants each, for itself alone, admits that it has in some fashion been involved in the use or other exploitation of *Flowers* and in some instances revenues were derived therefrom by some Defendants, Defendants, to the extent that they did not participate in the production, preparation, licensing, marketing, or promotion of *Flowers*, deny Plaintiff's shotgun allegations as to them, and Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained therein and, on that basis, deny the allegations.

63. Answering paragraph 63 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations are deemed allegations of fact, Miley Cyrus admits that she has performed and continues to perform *Flowers,* including in concerts, videos, and television, each Defendant, for itself alone, admits that he, she, or it has in some fashion been involved in the use or other exploitation of *Flowers,* and Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph and, on that basis, deny the allegations.

"**CLAIMS FOR RELIEF**

**FIRST CLAIM FOR RELIEF**

**(COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 101 *et seq.*)**

**AGAINST ALL DEFENDANTS)**"

64. Defendants repeat and reallege their responses set forth above in paragraphs 1 through 63 as if fully set forth herein.

65. Answering paragraph 65 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations are deemed allegations of fact, Defendants lack

knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained therein and, on that basis, deny the allegations.

66. Answering paragraph 66 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations are deemed allegations of fact, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained therein and, on that basis, deny the allegations.

67. Answering paragraph 67 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations are deemed allegations of fact, Defendants deny they created *Flowers*, deny they copied *When I Was Your Man*, and lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained therein and, on that basis, deny those allegations.

68. Answering paragraph 68 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations are deemed allegations of fact, Defendants object that the allegations require the opinion of an expert and purporting to require that Defendants respond at this time is improper and premature under Federal Rule of Civil Procedure 26; as to any non-expert allegations remaining in this paragraph, Defendants deny that *Flowers* copies *When I Was Your Man* and lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained therein and, on that basis, deny those allegations.

69. Answering paragraph 69 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations are deemed allegations of fact, Defendants each, for itself alone, admits that it did not seek or receive permission to copy or interpolate any portion of *When I Was Your Man* into *Flowers*, denies that any such permission was needed; as to any other defendants, each Defendant lacks knowledge or

20

information sufficient to form a belief as to the truth or falsity of the allegations contained therein and, on that basis, denies the allegations.

70. Answering paragraph 70 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations are deemed allegations of fact, Defendants deny the allegations.

71. Answering paragraph 71 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations are deemed allegations of fact, Defendants deny the allegations.

72. Answering paragraph 72 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations are deemed allegations of fact, Defendants deny the allegations.

73. Answering paragraph 73 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; Defendants object to Plaintiff's "shotgun pleading" of these allegations, making sweeping, vague, and undifferentiated allegations regarding all Defendants, notwithstanding that each Defendant is a separate company with differing roles, if any, relating to *Flowers*; to the extent the allegations are deemed allegations of fact, Defendants each, for itself alone, admits that it has in some fashion been involved in the use or other exploitation of *Flowers* and in some instances revenues were derived therefrom by some Defendants, Defendants, to the extent that they did not induce, cause, and materially contribute to the production, preparation, licensing, marketing, promotion, or other exploitation of *Flowers*, deny Plaintiff's shotgun allegations as to them, and Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained therein and, on that basis, deny the allegations.

74.     Answering paragraph 74 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations are deemed allegations of fact, Defendants deny the allegations.

75.     Answering paragraph 75 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations are deemed allegations of fact, Defendants deny the allegations.

76.     Answering paragraph 76 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations are deemed allegations of fact, Defendants deny the allegations.

77.     Answering paragraph 77 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations are deemed allegations of fact, Defendants deny the allegations.

78.     Answering paragraph 78 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations are deemed allegations of fact, Defendants deny the allegations.

79.     Answering paragraph 79 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations are deemed allegations of fact, Defendants deny the allegations.

80.     Answering paragraph 80 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations are deemed allegations of fact, Defendants deny the allegations.

## AFFIRMATIVE DEFENSES

81.     Defendants do not presently know all of the facts and circumstances relating to Plaintiff's claim and reserve the right to amend this Answer, including but not limited to adding different or additional affirmative defenses. Subject to the foregoing, and without waiving or excusing Plaintiff's burden of proof, or admitting that any of the following are affirmative defenses upon which Defendants have any burden of proof as opposed to denials of matters as to which Plaintiff has the burden of proof, or that Defendants have any burden of proof at all, Defendants hereby assert the following affirmative defenses.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

82.     Plaintiff's Second Amended Complaint and its purported claims for relief fail to state claims upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Lack of Standing)

83.     Plaintiff's claims for relief are barred, in whole or in part, because Plaintiff lacks standing to sue, including under § 501(b) of the Copyright Act of 1976, 17 U.S.C. §§ 101 et. seq.

## THIRD AFFIRMATIVE DEFENSE

### (Independent Creation)

84.     Each of Plaintiff's claims for relief is barred, in whole or in part, because the allegedly infringing work was created independently of the allegedly infringed work.

## FOURTH AFFIRMATIVE DEFENSE

### (Lack of Originality or Protectability)

85.     Each of Plaintiff's claims for relief is barred, in whole or in part, because the allegedly copied elements or materials lack originality or otherwise are not protected by copyright.

### FIFTH AFFIRMATIVE DEFENSE

### (Plaintiff's Lack of Ownership of the Allegedly Copied Material)

86.      Each of Plaintiff's claims for relief is barred, in whole or in part, because Plaintiff does not own the allegedly infringed copyright or any other rights in or to the portions of the claimed works that are allegedly copied.

### SIXTH AFFIRMATIVE DEFENSE

### (Fair Use)

87.      Without admitting the alleged use of any copyrighted material allegedly owned by Plaintiff, which is denied, the conduct of which Plaintiff complains constitutes fair use.

### SEVENTH AFFIRMATIVE DEFENSE

### (Failure to Comply with Copyright Act Formalities)

88.      Plaintiff's claims and/or the remedies Plaintiff seeks are barred by the failure to comply with the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq.*, including but not limited to 17 U.S.C. §§ 401 and 408, and each of them.

### EIGHTH AFFIRMATIVE DEFENSE

### (Waiver)

89.      Plaintiff's claims and/or the remedies Plaintiff seeks are barred by the doctrine of waiver.

### NINTH AFFIRMATIVE DEFENSE

### (License)

90.      Without admitting the use of any copyrighted material allegedly owned by Plaintiff, which is denied, the conduct of which Plaintiff complains was impliedly and/or expressly licensed.

### TENTH AFFIRMATIVE DEFENSE

### (Laches)

91.      Plaintiff's claims and/or the remedies Plaintiff seeks are barred by the doctrine of laches.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Estoppel)

92.    Plaintiff's claims and/or the remedies Plaintiff seeks are barred by the doctrine of estoppel.

## TWELFTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

93.    Plaintiff's claims and/or the remedies Plaintiff seeks are barred by the doctrine of unclean hands.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Adequate Remedies at Law)

94.    Plaintiff's claims for declaratory relief and equitable accounting are barred, in whole or in part, because Plaintiff has adequate legal remedies.

## RESERVATION OF RIGHTS

95.    Defendants reserve the right to assert additional affirmative defenses if discovery or Defendants' investigation reveals grounds for the assertion of the additional defenses, including without limitation affirmative defenses that are referenced in Rule 8(c) of the Federal Rules of Civil Procedure or are otherwise available under applicable law.

## PRAYER FOR RELIEF

**WHEREFORE**, Defendants pray for judgment as follows:

1.    That Plaintiff take nothing by way of its Second Amended Complaint and that the Second Amended Complaint be dismissed with prejudice;

2.    That Defendants be awarded their costs and attorneys' fees; and

3.    For such other and further relief as the Court deems just and proper.

//

//

//

1

2    Dated: December 11, 2025                    _____/s/ Peter Anderson_____

3                                                Peter Anderson, Esq.
                                                 Eric H. Lamm, Esq.
4                                                Alexandra P. Cadena, Esq.
                                                 DAVIS WRIGHT TREMAINE LLP
5                                                Attorneys for Defendants
                                                 MILEY CYRUS, also sued as MCEO
6                                                Publishing, GREGORY HEIN, also sued as
                                                 Songs By Gregory Hein, MICHAEL
7                                                POLLACK, also sued as What Key Do You
                                                 Want it in Music, MCEO, INC., SONY
8                                                MUSIC ENTERTAINMENT, SONY
                                                 MUSIC PUBLISHING (US) LLC, PULSE
9                                                2.0, LLC, PURE TONE MUSIC, LLC,
                                                 BLASTRONAUT, INC., WARNER-
10                                               TAMERLANE PUBLISHING CORP.,
                                                 AMAZON.COM SERVICES LLC,
11                                               APPLE INC., PANDORA MEDIA, LLC,
                                                 DISNEY PLATFORM DISTRIBUTION,
12                                               INC., TARGET CORP., BARNES &
                                                 NOBLE BOOKSELLERS, INC., TIDAL
13                                               MUSIC LLC, WALMART INC., WAL-
                                                 MART.COM USA, INC., WIDE EYED
14                                               GLOBAL, IHEARTMEDIA, INC., LIVE
                                                 NATION ENTERTAINMENT, INC.,
15                                               XANDRIE SA, DEEZER S.A., and
                                                 SOUNDCLOUD GLOBAL
16                                               LIMITED & CO. KG

17

18

19

20

21

22

23

24

25

26

27

28

1

## **DEMAND FOR JURY TRIAL**

2     Defendants Miley Cyrus, also sued as MCEO Publishing, Gregory Hein, also

3   sued as Songs By Gregory Hein, Michael Pollack, also sued as What Key Do You

4   Want It In Music, MCEO, Inc., Sony Music Publishing (US) LLC, Warner-Tamerlane

5   Publishing Corp., Sony Music Entertainment, Pulse 2.0, LLC, Pure Tone Music, LLC,

6   Blastronaut, Inc., Amazon.Com Services LLC, Apple Inc., Pandora Media, LLC,

7   Disney Platform Distribution, Inc., Target Corp., Barnes & Noble Booksellers, Inc.,

8   Tidal Music LLC, Walmart Inc., Wal-Mart.Com USA, Inc., Wide Eyed Global,

9   IHeartMedia, Inc., Live Nation Entertainment, Inc., Xandrie SA, Deezer S.A., and

10  Soundcloud Global Limited & Co. KG, respectfully demand trial by jury.

11

12  Dated: December 11, 2025

13

_____ */s/ Peter Anderson*_____

Peter Anderson, Esq.
Eric H. Lamm, Esq.
Alexandra P. Cadena, Esq.
DAVIS WRIGHT TREMAINE LLP
Attorneys for Defendants
MILEY CYRUS, also sued as MCEO
Publishing, GREGORY HEIN, also sued as
Songs By Gregory Hein, MICHAEL
POLLACK, also sued as What Key Do You
Want it in Music, MCEO, INC., SONY
MUSIC ENTERTAINMENT, SONY MUSIC
PUBLISHING (US) LLC, PULSE 2.0, LLC,
PURE TONE MUSIC, LLC,
BLASTRONAUT, INC., WARNER-
TAMERLANE PUBLISHING CORP.,
AMAZON.COM SERVICES LLC, APPLE
INC., PANDORA MEDIA, LLC, DISNEY
PLATFORM DISTRIBUTION, INC.,
TARGET CORP., BARNES & NOBLE
BOOKSELLERS, INC., TIDAL MUSIC
LLC, WALMART INC., WAL-MART.COM
USA, INC., WIDE EYED GLOBAL,
IHEARTMEDIA, INC., LIVE NATION
ENTERTAINMENT, INC., XANDRIE SA,
DEEZER S.A., and SOUNDCLOUD
GLOBAL
LIMITED & CO. KG

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28