Peter Anderson, Esq. (Cal. Bar No. 88891)
peteranderson@dwt.com
Eric H. Lamm, Esq. (Cal. Bar No. 324153)
ericlamm@dwt.com
Alexandra P. Cadena, Esq. (Cal. Bar No. 352442)
alexcadena@dwt.com
DAVIS WRIGHT TREMAINE LLP
350 South Grand Ave, 27th Floor
Los Angeles, California 90071
Telephone: (213) 633-6800
Fax: (213) 633-6899

Attorneys for Defendants
MILEY CYRUS, also sued as MCEO Publishing, GREGORY HEIN, also sued as Songs By Gregory Hein, MICHAEL POLLACK, also sued as What Key Do You Want It In Music, MCEO, INC., SONY MUSIC ENTERTAINMENT, SONY MUSIC PUBLISHING (US) LLC, PULSE 2.0, LLC, sued as These Are Pulse Songs, PURE TONE MUSIC, LLC, sued as Songs With A Pure Tone, BLASTRONAUT, INC., sued as Droog Publishing, WARNER-TAMERLANE PUBLISHING CORP., AMAZON.COM SERVICES LLC, APPLE INC., PANDORA MEDIA, LLC, DISNEY PLATFORM DISTRIBUTION, INC., TARGET CORP., BARNES & NOBLE BOOKSELLERS, INC., TIDAL MUSIC LLC, WALMART INC., WAL-MART.COM USA, INC., WIDE EYED GLOBAL, IHEARTMEDIA, INC., LIVE NATION ENTERTAINMENT, INC., XANDRIE SA, DEEZER S.A., and SOUNDCLOUD GLOBAL LIMITED & CO. KG.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

TEMPO SECURED MUSIC RIGHTS COLLATERAL, LLC,

Plaintiff,

v.

MILEY CYRUS, *et al.*,

Defendants.

Case No. 2:24-cv-07910-MRA-BFM

DEFENDANTS' NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT AND ALTERNATIVE MOTION FOR PARTIAL SUMMARY JUDGMENT

Date: May 5, 2026
Time: 10:00 a.m.

Courtroom of the Honorable
Mónica Ramírez Almadani
United States District Judge

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on May 5, 2026, at 10:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 9B of the above-entitled Court, located at 411 West 4th Street, Room 1053 Santa Ana, California, 92701-4516, defendants Miley Cyrus, also sued as MCEO Publishing, Gregory Hein, also sued as Songs By Gregory Hein, Michael Pollack, also sued What Key Do You Want It In Music, MCEO, Inc., Sony Music Entertainment, Sony Music Publishing (US) LLC, Pulse 2.0, LLC, sued as These Are Pulse Songs, Pure Tone Music, LLC, sued as Songs With A Pure Tone, Blastronaut, Inc., sued as Droog Publishing, Warner-Tamerlane Publishing Corp., Amazon.Com Services LLC, Apple Inc., Pandora Media, LLC, Disney Platform Distribution, Inc., Target Corp., Barnes & Noble Booksellers, Inc., Tidal Music LLC, Walmart Inc., Wal-Mart.Com USA, Inc., Wide Eyed Global, iHeartMedia, Inc., Live Nation Entertainment, Inc., Soundcloud Global Limited & Co. KG, Deezer S.A., and Xandrie SA ("Defendants") will and hereby do move the above-entitled Court, the Honorable Mónica Ramírez Almadani, United States District Judge presiding, for Summary Judgment, or in the alternative, Partial Summary Judgment, on plaintiff Tempo Secured Music Rights Collateral, LLC ("Plaintiff") Second Amended Complaint and its claim for copyright infringement.

Defendants' Motion is brought pursuant to Federal Rule of Civil Procedure 56, the Court's Order bifurcating discovery with an initial phase as to liability (Doc. 78) and Order Setting Briefing Schedule on Dispositive Motions and Continuing Certain Pre-Trial and Trial Dates (Doc. 98), and on the grounds that there is no genuine dispute of material fact and Defendants are entitled to judgment as a matter of law because, as stated more fully in the accompanying Memorandum of Points and Authorities:

1. Plaintiff alleges that the partial copyright interest it acquired in the 2013 musical composition *When I Was Your Man* ("*Man*") is infringed by the 2023 song *Flowers*, written by defendants Miley Cyrus, Gregory Hein, and Michael Pollack.

2. Plaintiff cannot raise a triable issue under this Circuit's extrinsic test for substantial similarity in protectable expression because:

(a) Plaintiff's purported expert musicologist, Anthony Ricigliano, and improper rebuttal expert, Jeff Rovin, failed to apply the extrinsic test and adhere to its principles and methods, leaving the reports and findings of Defendants' experts, Lawrence Ferrara, Ph.D., and Matthew BaileyShea, Ph.D., unrebutted;

(b) the similarities between *Man* and *Flowers* that Plaintiff and its designated experts identified are not in protected expression, including because they are isolated and commonplace words, abstractions, and fragmentary musical building blocks that *Man* and *Flowers* use differently in their overall different lyrics and music; and

(c) *Man* and *Flowers* do not share the same particular selection and arrangement of unprotectable elements, including because the similarities that Plaintiff and its expert musicologist identified are selected and arranged differently in *Man* and *Flowers*.

3. Alternatively, Plaintiff's claim for copyright infringement is barred as a matter of law by the fair use doctrine, 17 U.S.C. § 107, because:

(a) The first factor strongly favors fair use because *Flowers* can reasonably be perceived as transformative commentary or criticism on *Man*, and to the extent its purpose is commercial, it does not outweigh its transformative character;

(b) The second factor is neutral and is not accorded significant weight because, while *Man* is a creative work, it had also been published for nearly a decade before *Flowers* was released;

(c) The third fair use factor strongly favors fair use because the amount and substantiality of the similarities are minimal relative to the whole of *Man*, and are not more than reasonably necessary to permit *Flowers* to be interpreted as commentary on *Man*; and

(d) The fourth and final factor favors fair use because *Flowers* did not negatively affect the market or potential market for *Man*.

Alternatively, if for any reason, summary judgment is not granted dismissing Plaintiff's action in its entirety on either or both of the foregoing grounds, the Court can and should grant partial summary judgment pursuant to Federal Rule of Civil Procedure 56 as to each Defendant as to whom Plaintiff fails to present evidence raising a genuine dispute as to liability, and/or as to all Defendants on the grounds that:

1. The lyrics in *Man* and the lyrics in *Flowers* are not substantially similar in protected expression;

2. The music in *Man* and the music in *Flowers* are not substantially similar in protected expression;

3. *Man* and *Flowers* do not share the same particular design of a protectable selection and arrangement of elements;

4. The first fair use factor favors fair use;

5. The third fair use factor favors fair use; and/or

6. The fourth fair use factor favors fair use.

This Motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, Statement of Uncontroverted Facts, Declarations, Exhibits, Notice of Lodging, [*Proposed*] Order, [*Proposed*] Judgment, the pleadings and papers on file in this action, the matters of which this Court may take judicial notice, and such additional matters and oral argument as may be offered in support of this Motion. This Motion is made following the conference of counsel pursuant to L.R. 7-3, on January 29, 2026, and their further conference on February 17, 2026. The parties were unable to reach a resolution that eliminated the need for a hearing. *See* Declaration of Peter Anderson at 6-7 ¶ 26.

Dated: February 23, 2026

Peter Anderson, Esq.
Eric H. Lamm, Esq.
Alexandra P. Cadena, Esq.
DAVIS WRIGHT TREMAINE LLP
Attorneys for Defendants
MILEY CYRUS, GREGORY HEIN, MICHAEL POLLACK, MCEO, INC., SONY MUSIC ENTERTAINMENT, SONY MUSIC PUBLISHING (US) LLC, PULSE 2.0, LLC, PURE TONE MUSIC, LLC, BLASTRONAUT, INC., WARNER-TAMERLANE PUBLISHING CORP., AMAZON.COM SERVICES LLC, APPLE INC., PANDORA MEDIA, LLC, DISNEY PLATFORM DISTRIBUTION, INC., TARGET CORP., BARNES & NOBLE BOOKSELLERS, INC., TIDAL MUSIC LLC, WALMART INC., WAL-MART.COM USA, LLC, WIDE EYED GLOBAL, IHEARTMEDIA, INC., LIVE NATION ENTERTAINMENT, INC., XANDRIE SA, DEEZER S.A., and SOUNDCLOUD GLOBAL LIMITED & CO. KG