Alex M. Weingarten (SBN 204410)
  AWeingarten@willkie.com
Jeffrey K. Logan (SBN 136962)
  JLogan@willkie.com
Amy M. Stern (SBN 311382)
  AStern@willkie.com
**WILLKIE FARR & GALLAGHER LLP**
2029 Century Park East, Suite 2900
Los Angeles, CA 90067
Telephone:   (310) 855-3000
Facsimile:    (310) 855-3099

*Attorneys for Plaintiff*

**WILLKIE FARR & GALLAGHER LLP**
2029 CENTURY PARK EAST, SUITE 2900
LOS ANGELES, CA 90067
310.855.3000

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| TEMPO SECURED MUSIC RIGHTS COLLATERAL, LLC,<br><br>                    Plaintiff,<br><br>          v.<br><br>MILEY CYRUS, et al.,<br><br>                    Defendants. | Case No. 2:24-cv-07910-MRA-BFM<br><br>Hon.  Mónica Ramírez Almadani<br><br>**PLAINTIFF TEMPO SECURED MUSIC RIGHTS COLLATERAL, LLC'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO EXCLUDE THE REPORTS AND TESTIMONY OF LAWRENCE FERRARA (ECF NO. 112)**<br><br>Date:       May 26, 2026<br>Time:      10:00 a.m.<br>Location:  411 W. 4th Street<br>                 Courtroom 9B<br>                 Santa Ana, CA 92701<br><br>Action Filed:  September 16, 2024 |

# **TABLE OF CONTENTS**

**Page**

I.  INTRODUCTION ...................................................................................1

II.  PLAINTIFF'S MOTION IS TIMELY ..................................................2

III.  DR. FERRARA'S FAIR USE OPINIONS SHOULD BE EXCLUDED .........................................................................................2

    A.  Dr. Ferrara Is Not Qualified to Offer His Opinions Related to Fair Use ....................................................................................... 3

    B.  Dr. Ferrara's Opinions Should Be Excluded Because They Are Impermissible Legal Conclusions..................................................... 5

    C.  Dr. Ferrara's Fair Use Opinions Are Not Based on a Reliable Methodology ................................................................................. 7

    D.  Dr. Ferrara's Fair Use Opinions Are Cumulative of Dr. BaileyShea's........................................................................... 10

IV.  DR. FERRARA'S ANALYSIS OF THE WORKS' MUSICAL SIMILARITIES AND DIFFERENCES IS INADMISSIBLE ...................12

    A.  Dr. Ferrara's Analysis Is Neither Reliable Nor Helpful Under the Applicable Legal Framework....................................... 12

    B.  Dr. Ferrara Did Not Analyze the Songs' Elements as a Whole Under the Appropriate Method....................................... 13

V.  CONCLUSION .....................................................................................17

    CERTIFICATE OF COMPLIANCE .......................................................18

**WILLKIE FARR & GALLAGHER LLP**
2029 CENTURY PARK EAST, SUITE 2900
LOS ANGELES, CA 90067
310.855.3000

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ambrosetti v. Oregon Cath. Press*
151 F.4th 1211 (9th Cir. 2025) ............................................................. 13, 15, 16

*Campbell v. Acuff-Rose Music, Inc.*
510 U.S. 569 (1994) ........................................................................... 11

*Cholakyan v. Mercedes-Benz, USA, LLC*
281 F.R.D. 534 (C.D. Cal. 2012) ............................................................ 11

*Daubert v. Merrell Dow Pharm., Inc.*
509 U.S. 579 (1993) .......................................................................... 4, 10

*Diviero v. Uniroyal Goodrich Tire Co.*
114 F.3d 851 (9th Cir. 1997) ............................................................... 10

*Fisher v. Dees*
794 F.2d 432 (9th Cir. 1986) ................................................................ 7

*Gable v. Nat'l Broad. Co.*
727 F. Supp. 2d 815 (C.D. Cal. 2010), *aff'd sub nom. Gable v. Nat'l Broad. Co.*, 438 F. App'x 587 (9th Cir. 2011) ............................................ 4

*Gray v. Hudson*
28 F.4th 87 (9th Cir. 2022) ................................................................. 14

*Gregorini v. Apple Inc.*
2024 WL 5264949 (C.D. Cal. Nov. 25, 2024) .............................................. 13

*Hanagami v. Epic Games, Inc.*
85 F.4th 931 (9th Cir. 2023) ............................................................. 13, 14

*Krafton, Inc. v. Apple, Inc.*
2023 WL 2628068 (C.D. Cal. Feb. 24, 2023) ................................................ 6

*Mattel, Inc. v. Walking Mountain Prods.*
353 F.3d 792 (9th Cir. 2003) ................................................................ 7

*Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*
523 F.3d 1051 (9th Cir. 2008) ............................................................... 6

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 2900
LOS ANGELES, CA 90067
310.855.3000

ii

*Orr v. Bank of America, NT & SA*
   285 F.3d 764 (9th Cir. 2002) ................................................................................. 11

*Roberts v. Gordy*
   2015 WL 11202356 (S.D. Fla. Sept. 17, 2015) ...................................................... 6

*Sound & Color, LLC v. Smith*
   2025 WL 1232639 (9th Cir. Apr. 29, 2025) ........................................... 13, 14, 15

*Yonay v. Paramount Pictures Corp.*
   163 F.4th 685 (9th Cir. 2026) .............................................................................. 14

*Zakaria v. Gerber Prods. Co.*
   2017 WL 9512587 (C.D. Cal. Aug. 9, 2017), *aff'd*, 755 F. App'x
   623 (9th Cir. 2018) ................................................................................................ 8

**Other Authorities**

Fed. R. Evid. 702 ..............................................................................................4, 9, 10

Fed. R. Evid. 704 ........................................................................................................ 5

**WILLKIE FARR & GALLAGHER LLP**
2029 CENTURY PARK EAST, SUITE 2900
LOS ANGELES, CA 90067
310.855.3000

PLAINTIFF'S REPLY MEMORANDUM ISO MOTION TO EXCLUDE
REPORTS AND TESTIMONY OF LAWRENCE FERRARA

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 2900
LOS ANGELES, CA 90067
310.855.3000

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Although Defendants attempt to frame Plaintiff Tempo Secured Music Rights Collateral, LLC's ("Plaintiff") Motion to Exclude the Reports and Testimony of Defendants' musicologist expert Lawrence Ferrara (the "Motion") as an attack on Dr. Ferrara's qualifications as a musicologist, that is not what it is.  Plaintiff is not claiming that Dr. Ferrara is unqualified to conduct a comparative musicological analysis.  Rather, Plaintiff's argument is that: (1) Dr. Ferrara's opinions related to commentary, parody, and transformativeness generally fall outside the scope of his expertise and are inadmissible for other reasons; and (2) his musicological analysis does not properly reflect Plaintiff's claim and thus should be disregarded.

First, Defendants argue that Dr. Ferrara has the qualifications and methodology to corroborate his opinion that *Flowers* makes fair use of *When I Was Your Man* ("*Man*") by transforming its music and lyrics or otherwise serving as commentary on or criticism of the prior work.  While Plaintiff has no trouble conceding that Dr. Ferrara is an experienced musicologist, that does not mean he is qualified to look at the lyrics of both works and decide whether *Flowers* is commentary on *Man* or transforms *Man*, all the while taking no more from *Man* than is reasonably necessary to make its point.  And, Defendants claim that Dr. Ferrara conducted his own independent analysis to come up with his fair use-related opinions, but his Affirmative Report simply points to Dr. BaileyShea's purported analyses and findings and says, "I agree."  Even if he did perform some independent analysis, it would have involved taking the song lyrics and offering a subjective interpretation of them – a process that is devoid of any objective methodology for which he is no better suited than any layperson based on his lack of expertise in any area relevant to the commentary analysis.  This is certainly no different from what Dr. Matthew BaileyShea did, making the experts' testimony on this subject unnecessarily cumulative and subject to exclusion for that reason as well.

1

Second, although Defendants contend that the methodology underlying Dr. Ferrara's comparative musicological analysis is sound, the filtering method that he employed is improper when assessing the substantial similarity of two works under the selection-and-arrangement theory of copyright infringement on which Plaintiff's claim is based. Indeed, Dr. Ferrara characterizes Plaintiff's claim as relying on "scattershot, unprotected elements," but Plaintiff's claim rests on a cohesive pattern of elements (some admittedly unprotectable on their own) from consecutive units in *Man*'s verse and in combination in *Man*'s chorus. Filtering what Dr. Ferrara deems "unprotected elements" does not properly address Plaintiff's claim.

Accordingly, Plaintiff's Motion should be granted, and Defendants should be precluded from using Dr. Ferrara's reports and testimony at summary judgment or trial.

## II.    PLAINTIFF'S MOTION IS TIMELY

As they do with respect to Plaintiff's Motion to Exclude the Reports and Testimony of Dr. BaileyShea, Defendants argue that this Motion is untimely because it was not filed by the deadline for dispositive motions. Opp. at 2:10-13. As Defendants direct the Court to their Opposition to the motion concerning Dr. BaileyShea's reports and testimony for their arguments, Plaintiff respectfully refers the Court to its response to this argument provided in its Reply in Support of Motion to Exclude the Reports and Testimony of Dr. BaileyShea. *See* Reply in Support of Motion to Exclude the Reports and Testimony of Dr. BaileyShea at § II.

## III.    DR. FERRARA'S FAIR USE OPINIONS SHOULD BE EXCLUDED

Defendants concede that Dr. Ferrara's opinions related to whether *Flowers* can be perceived as commentary on *Man* amount to "just one paragraph in Dr. Ferrara's eighty-page, 130-paragraph Affirmative Report." *See* Opp. at 8:3-6. That essentially sums up the problem, which is that: (1) Dr. Ferrara's music-focused background, extensive as it may be, does not support his opinions concerning how the works' lyrics should be interpreted or characterized in connection with the fair

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 2900
LOS ANGELES, CA 90067
310.855.3000

2

use inquiry; (2) Dr. Ferrara's opinions on these issues constitute bare legal conclusions; (3) Dr. Ferrara did not apply any reliable principles or methods in forming his opinions; and (4) Dr. Ferrara's opinions on these issues are cumulative of Dr. BaileyShea's related opinions.

### A. Dr. Ferrara Is Not Qualified to Offer His Opinions Related to Fair Use

Defendants contend that because Dr. Ferrara has decades of experience as a musicologist and music professor, he is qualified to offer fair use-related opinions, including that *Flowers* can be perceived as commentary on *Man*.  Opp. at 8:28-9:2. However, Defendants offer nothing that demonstrates any expertise of Dr. Ferrara on the issues of whether a song can be perceived as commentary on another work in the context of fair use or whether it has taken more than reasonably necessary from another work for that purpose.

Further, Plaintiff did not misrepresent Dr. Ferrara's deposition testimony in order to show that his opinions are based on his subjective views, nor would Plaintiff have had to in order to show Dr. Ferrara's lack of expertise.  *See* Opp. at 9:3-5 (claiming Plaintiff "selectively quotes Dr. Ferrara's deposition testimony to make it seem as if his opinions are subjective").  When asked whether "listeners may hear" *Flowers* as commentary on *Man*, Dr. Ferrara essentially conceded that he was testifying as a layperson.  In response to the question, he substituted "listeners" to refer to himself only, acknowledged that he "do[es]n't know how listeners will hear *Flowers*, and expressed a "hope" that he provided "empirically verifiable evidence" of commentary while conceding that he cannot say whether any other listener would agree with him.  *See* Weingarten Decl., Ex. M (Ferrara Dep. Tr.) (ECF No. 108-30) at 54:2-22.

Defendants seize on this phrase – "empirically verifiable evidence" – as proof of objectivity.  *See* Opp. at 9:15-20.  But, Dr. Ferrara's apparent methodology consists of reading the objective words in the songs' lyrics and drawing his own

3

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 2900
LOS ANGELES, CA 90067
310.855.3000

interpretive conclusions from them – without any expertise that would qualify him to do so. He did exactly what any layperson would do and did so from a layperson's perspective. *See Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 590 (1993) (explaining Rule 702 requires "more than subjective belief or unsupported speculation"). The fact that the lyrics themselves are "objective" does not render Dr. Ferrara's interpretation of those lyrics any less subjective – the dispute is not about what words appear in the songs, but about whether those words mean that *Flowers* constitutes commentary on *Man*. That is a question of interpretation, not empirical observation, and Dr. Ferrara has no more expertise in answering it than the Court itself.

Defendants point to Dr. Ferrara's alleged "significant experience analyzing lyrics" (*see* Opp. at 10:2-3), but that does not salvage their argument. The purpose of the analysis matters, as commentary in this context is a literary concept. If Dr. Ferrara felt "sufficiently expert" to opine on whether *Flowers* can be perceived as commentary, presumably he would not have framed the inquiry as entirely dependent on an individual listener. *See* Weingarten Decl., Ex. M at 54:2-22.

Defendants also accuse Plaintiff of undermining their own argument by stating: "Plaintiff's argument is irrelevant because, as Plaintiff also concedes, no testimony from a literary expert is necessary to determine that *Flowers*' lyrics can reasonably be perceived as commenting on *Man*." *See* Opp. at 10:4-6. Obviously, crediting this point cuts both ways. If, as Defendants now acknowledge, no expert testimony – literary or otherwise – is needed for the Court to determine whether *Flowers*' lyrics can be perceived as commentary on *Man*, then Dr. Ferrara's opinions on that subject are, by definition, unhelpful to the Court and inadmissible under Rule 702. *See* Fed. R. Evid. 702(a) (requiring that expert testimony "help the trier of fact to understand the evidence or to determine a fact in issue"); *see also Gable v. Nat'l Broad. Co.*, 727 F. Supp. 2d 815, 836 (C.D. Cal. 2010) (finding no need to rely on expert testimony where works "deal with subject matter readily understandable by

**WILLKIE FARR & GALLAGHER LLP**
2029 CENTURY PARK EAST, SUITE 2900
LOS ANGELES, CA 90067
310.855.3000

4

ordinary persons"), *aff'd sub nom. Gable v. Nat'l Broad. Co.*, 438 F. App'x 587 (9th Cir. 2011).

Accordingly, Dr. Ferrara's testimony that relate to Defendants' fair use argument should be excluded based on his lack of qualifications to support it.

**B.** **Dr. Ferrara's Opinions Should Be Excluded Because They Are Impermissible Legal Conclusions**

Defendants claim that Dr. Ferrara's opinions constitute more than bare legal conclusions because he "independently conducted a musicological analysis of *Flowers* and *Man* and determined that *Flowers* can fairly be understood as commentary, and that the similarities are not qualitatively or quantitively significant to *Man* as a whole." *See* Opp. at 10:15-17.  They are wrong.

At base, Defendants fail to show how Dr. Ferrara's methodology related to his fair use opinions constitutes a musicological analysis – and for good reason.  Dr. Ferrara's entire section on commentary consists of a single paragraph in which he states that he reviewed Dr. BaileyShea's findings and agrees with them.  *See* Weingarten Decl., Ex. YY (Ferrara Report) (ECF. No. 108-53) at 78, ¶ 120.  That is not an independent musicological analysis; it is a wholesale adoption of another expert's legal conclusions.  Moreover, as explained in the Motion, whether a work is commentary, parody, transformative, or takes more than necessary from an original source are all issues of law to be decided by the Court.  *See* Mot. at 11:19-13:7.  Accordingly, by purporting to assess whether *Flowers* can be fairly characterized as commentary or transformative (even without ever having actually done so), Dr. Ferrara inherently performs legal analyses and offers legal conclusions.

Defendants also suggest that Rule 704(a) does not prohibit Dr. Ferrara's testimony because it permits an expert to embrace "the ultimate issue." *See* Opp. at 10:18-20 (citing Fed. R. Evid. 704(a)).  However, while Rule 704(a) may permit expert opinions embracing ultimate issues *of fact*, it does not make it permissible for an expert to offer "an opinion on an ultimate issue *of law*," which is categorically a

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 2900
LOS ANGELES, CA 90067
310.855.3000

5

"legal conclusion" and therefore improper as the subject for expert testimony. *See Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1058 (9th Cir. 2008) (quoting *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004)) (emphasis added) ("[A]n expert witness cannot give an opinion as to her legal conclusion, i.e., an opinion on an ultimate issue *of law*."). By opining that *Flowers* is commentary or transforms *Man*, Dr. Ferrara purports to decide the ultimate issue of law, and his opinions should be excluded on that basis. Indeed, a court in the Southern District of Florida has already found that opinions by Dr. Ferrara on similar topics are "outside the purview of expert opinion." *See Roberts v. Gordy*, 2015 WL 11202356, at *4 & n.13 (S.D. Fla. Sept. 17, 2015) (declining to rely on opinions by Dr. Ferrara that lyrical messages of two songs differed and that allegedly infringing song incorporated enough "to conjure up" original but that copying was "far from excessive" as "outside the purview of expert opinion").

Defendants further argue that Plaintiff cites cases that "merely establish that the Court, rather than a jury, may decide" fair use issues, and that this does not preclude expert testimony. *See* Opp. at 10:21-11:4. In support, they cite *Krafton, Inc. v. Apple, Inc.*, 2023 WL 2628068 at *3 (C.D. Cal. Feb. 24, 2023) for the proposition that the issue of whether a work is transformative commentary "could use some factual and/or expert development/explanation to substantiate." Opp. at 10:23-11:3. This reliance is misplaced. The party seeking to invoke fair use in that case argued that the allegedly infringing work, *Biubiubiu*, was transformative because it "comments on 'the significance of video games in both Chinese and contemporary culture' and on 'class and capitalism by depicting gaming as a path to upward mobility,' while also 'address[ing] socioeconomic disparity.'" *See Krafton*, 2023 WL 2628068 at *3 (quoting party's pleadings). Based on the subject of the commentary, it is hardly surprising that further explanation was required. The same can hardly be said here given that both works consist of words and expressions that are easily understood by any layperson.

6

Finally, Defendants contend that the "mere fact that Dr. Ferrara used the word 'transformative' in his deposition … is not a basis for the Court to deem Dr. Ferrara's opinions 'legal conclusions.'" Opp. at 11:5-7. Defendants' framing drastically understates Plaintiff's argument. The problem is not that Dr. Ferrara uttered a single legal term in passing. It is that Dr. Ferrara affirmatively opines: (1) that *Flowers* is "certainly transformative" in its use of shared material from *Man* (Weingarten Decl., Ex. M at 124:20-21); (2) that *Flowers* takes "no[] more than reasonably necessary" to permit it to be interpreted as commentary (Weingarten Decl., Ex. YY at 78); and (3) that *Flowers* "conjures up the image" of *Man* "but doesn't take more than is necessary to do so" (Weingarten Decl., Ex. M at 60:19-24). These are not musicological observations; they are direct conclusions on the first and third factors of the fair use test – the very legal determinations reserved for the Court. *See, e.g.*, *Mattel, Inc. v. Walking Mountain Prods.*, 353 F.3d 792, 801 (9th Cir. 2003) ("The issue of whether a work is a parody is a question of law, not a matter of public majority opinion. … [E]very court to address the issue whether a defendant's work qualifies as a parody has treated this question as one of law to be decided by the court."); *Fisher v. Dees*, 794 F.2d 432, 438 n.4 (9th Cir. 1986) (rejecting fact and expert witness statements as to amount of work needed to conjure up original as "irrelevant" because "it is a question of law whether the taking is excessive under the circumstance"). Because it is the Court, not any witness, who ultimately decides these issues, Dr. Ferrara's testimony should be excluded.

## C.    Dr. Ferrara's Fair Use Opinions Are Not Based on a Reliable Methodology

Defendants claim the methodology Dr. Ferrara used to form his fair use-related opinions is sound. *See* Opp. at 11:8-9. None of Defendants' arguments help them meet their burden to establish that Dr. Ferrara used reliable methods to conclude that *Flowers* makes fair use of *Man*'s music and lyrics.

7

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 2900
LOS ANGELES, CA 90067
310.855.3000

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 2900
LOS ANGELES, CA 90067
310.855.3000

Defendants claim that Dr. Ferrara's opinions on these issues "are based on his own independent analysis of the objective lyrics and musical elements of *Flowers* and *Man*." *See* Opp. at 11:9-11. As discussed above, there is no such analysis. *See supra* § III.A-B. Nowhere in his Affirmative Report does Dr. Ferrara identify any specific musical or lyrical elements that he independently analyzed to arrive at his commentary-related conclusions; instead, he simply defers to Dr. BaileyShea's analysis and findings wholesale. This is precisely the type of impermissible parroting testimony that courts exclude. *See Zakaria v. Gerber Prods. Co.*, 2017 WL 9512587, at *7 (C.D. Cal. Aug. 9, 2017) ("An expert may not present testimony that merely 'parrots' the opinions of others, without providing an independent evaluation of the matters at issue."), *aff'd*, 755 F. App'x 623 (9th Cir. 2018). Defendants claim it is entirely permissible for Dr. Ferrara to have "adopt[ed] Prof. BaileyShea's reasoning as his own," having conducted his own independent analysis (*see* Opp. at 11:20-23), but the key premise – that Dr. Ferrara first conducted his own independent analysis of the commentary issue – is unsupported by the record. Dr. Ferrara's deposition testimony merely confirms that his commentary opinion is based on nothing more than the fact that he personally "do[es] hear *Flowers* as providing commentary," while conceding he has no basis to assess how any other listener would perceive the songs. *See* Weingarten Decl., Ex. M at 54:2-22.

Defendants also attempt to dismiss Plaintiff's argument that Dr. Ferrara merely parrots Dr. BaileyShea's opinions as "nonsensical[]" because Plaintiff admitted that the experts had differing views on parody. *See* Opp. at 12:1-4. However, the different views underscore the complete subjectivity of the experts' analyses. As part of his opinion on commentary, Dr. BaileyShea referred to *Flowers* as "a subtle example of parody" in his Affirmative Report. *See* Weingarten Decl., Ex. AAA (BaileyShea Rpt.) (ECF No. 108-55) at 25. Dr. Ferrara, in his Affirmative Report, stated that he reviewed Dr. BaileyShea's "analysis and findings" that "'*Flowers* can be interpreted as criticism of or commentary on [*Man*]," and concurs

8

with those findings "for the reasons stated in [Dr. BaileyShea's Affirmative] Report and based on [his] own analyses." Weingarten Decl., Ex. YY at 78, ¶ 120. If that is true, then Dr. Ferrara's selective disagreement on parody – a conclusion that Dr. BaileyShea derived from the very same analysis Dr. Ferrara purports to have adopted – reveals that he did not actually apply Dr. BaileyShea's methodology at all. Instead, he cherry-picked which of Dr. BaileyShea's conclusions to endorse based on his own subjective judgment, rendering his purported adoption of Dr. BaileyShea's analysis unreliable. *See* Weingarten Decl., Ex. M at 65:4-10 ("Q. So you did not find that *Flowers* could be construed a parody of [*Man*]? A. I did not …"); *id.* at 61:24-62:16 ("I did not find that '*Flowers* 'is a parody of '[*Man*].' I believe that it is a commentary, but not that subcategory within the umbrella of commentary that we call parody.").

Alternatively, if Dr. Ferrara conducted his own independent analysis that led him to a different conclusion on parody, one would expect him to be able to articulate the analytical basis for that divergence – that is, what specific methodology or evidence he applied that led him to agree with Dr. BaileyShea on commentary but disagree on parody. He cannot. Dr. Ferrara testified only that he considers parody to be "a specific kind of commentary" and that he reads Dr. BaileyShea's reference to parody as merely describing "a gentle mocking, a subtle example of parody." *Id.* at 58:16-59:3; *see also* Anderson Reply Decl., Ex. 22 (Ferrara Depo.) (ECF No. 122-6) at 65:15-66:7. That is not a methodological explanation; it is a subjective recharacterization of Dr. BaileyShea's findings dressed up as independent analysis. The absence of any articulable analytical framework for why the same body of evidence yields "commentary" but not "parody" confirms that Dr. Ferrara's opinions rest on nothing more than his personal impressions about what the songs convey – impressions that, by definition, are not the product of reliable principles and methods. *See* Fed. R. Evid. 702(c)-(d).

9

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 2900
LOS ANGELES, CA 90067
310.855.3000

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 2900
LOS ANGELES, CA 90067
310.855.3000

Defendants further claim that Dr. Ferrara's "off-the-cuff definition" of commentary "comports with its commonsense meaning, which in turn comports with the relevant definition for fair use." Opp. at 12:18-13:2. But, whatever Defendants call Dr. Ferrara's understanding, "commentary" has to have *some* meaning that sets a standard under which Dr. Ferrara analyzed *Flowers* and decided the term applies. Dr. Ferrara's understanding certainly comes closer to the legal definition than Dr. BaileyShea's does, as Dr. Ferrara at least recognizes that "commentary" involves a work "talking, saying something about" something (Weingarten Decl., Ex. M at 56:19-57:12), but Dr. Ferrara's best guess is not enough. This is especially so given his failure to apply even his own definition properly, as his testimony – which is that both works are "about a breakup" from "very different perspectives" – falls far short of explaining what *Flowers* is saying ***about*** *Man*, as required for fair use. *See id.* at 59:1-18; *see also* MSJ Opp. at 18:6-20:2. That is the hallmark of a subjective impression, not a reliable methodology. *See Daubert*, 509 U.S. at 590 (explaining Rule 702 requires "more than subjective belief or unsupported speculation"); *Diviero v. Uniroyal Goodrich Tire Co.*, 114 F.3d 851, 853 (9th Cir. 1997) ("Rule 702 demands that expert testimony relate to scientific, technical or other specialized knowledge, which does not include unsubstantiated speculation and subjective beliefs.").

### D. Dr. Ferrara's Fair Use Opinions Are Cumulative of Dr. BaileyShea's

Defendants concede that Dr. Ferrara's opinions related to fair use come down to one paragraph in his Affirmative Report that announces those opinions by stating that Dr. Ferrara "ha[s] reviewed the Affirmative Report of Dr. Matthew BaileyShea, Ph.D., and concurs with his findings related to Defendants' fair use arguments "for the reasons stated in Dr. BaileyShea's Report and "based on [his] own analyses presented above [in his Affirmative Report]. *See* Opp. at 8:5-19. There are no such analyses in his Affirmative Report, but regardless, this statement clearly indicates

10

that Dr. Ferrara's opinions on these subjects add nothing that is helpful or reliable. Indeed, while Plaintiff contends that Dr. BaileyShea's discussion of and opinions based on *Campbell v. Acuff-Rose Music, Inc.* are inadmissible (*see* Mot. to Exclude Dr. BaileyShea (ECF No. 111)), Dr. Ferrara claims to agree with them without mentioning *Campbell* at all in his own report. *See generally* Weingarten Decl., Ex. YY. Dr. Ferrara's opinions on these issues should be excluded on that basis. *See Cholakyan v. Mercedes-Benz, USA, LLC*, 281 F.R.D. 534, 544 (C.D. Cal. 2012) ("An expert's sole or primary reliance on the opinions of other experts raises serious reliability questions.").

Accordingly, Defendants attempt to dismiss Plaintiff's argument by arguing that objections based on cumulative testimony are improper at the summary judgment stage fails. *See* Opp. at 13:11-23. Moreover, Plaintiff's Motion is not limited to requesting exclusion of Dr. Ferrara only on consideration of Defendants' motion for summary judgment, but also seeks his exclusion at trial in this matter. *See generally* Mot.

Furthermore, the Court has discretion to exclude irrelevant or inadmissible evidence at any stage of the proceedings. *See Cholakyan*, 281 F.R.D. at 543 (noting court's "broad discretion" to exclude experts); *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002) ("A trial court can consider only admissible evidence in ruling on a motion for summary judgment."). This is especially true where, as here, a party uses as expert as merely a vehicle to amplify the opinions and testimony of another in order to create an illusion of independent corroboration and consensus. The Court should not permit this bootstrapping at any stage of these proceedings, and accordingly should disqualify Dr. Ferrara.

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 2900
LOS ANGELES, CA 90067
310.855.3000

11

## IV.    DR. FERRARA'S ANALYSIS OF THE WORKS' MUSICAL SIMILARITIES AND DIFFERENCES IS INADMISSIBLE

In their Opposition, Defendants emphasize Dr. Ferrara's qualifications as a musicologist as though it is his qualifications that are at issue. Not so.[1] What is at issue is the way Dr. Ferrara chose to counter Plaintiff's claims concerning the similarities of the two works. Defendants contend that Dr. Ferrara properly conducted his analysis in part because he: (1) "demonstrated that the similarities [in *Flowers* and *Man*] are fragmentary, generic, and commonplace, including by researching and analyzing their occurrence in prior art"; and (2) examined the works "in their entireties" to conclude that the similarities do not form "a coherent musical pattern that was not already commonplace before *Man*." *See* Opp. at 3:20-4:6. Whether Dr. Ferrara is familiar with how selection-and-arrangement claims are analyzed by the Ninth Circuit or not, he relied on a filtering method that does not apply here. That makes his testimony improper.

### A.    Dr. Ferrara's Analysis Is Neither Reliable Nor Helpful Under the Applicable Legal Framework

Defendants begin by providing a long list of cases in which Dr. Ferrara's testimony related to substantial similarity in music works has been accepted by Courts. *See* Opp. at 4:4-5:6. But, that has no bearing on the applicability of his testimony to this particular case. What matters is whether Dr. Ferrara conducted the proper analysis based on the claim at issue here. Because he did not, his testimony should be excluded.

---

[1] While Plaintiff does not dispute that Dr. Ferrara is an experienced musicologist, it must be noted again that Plaintiff does challenge his opinions related to his musical analysis to the extent they rely on lyrical interpretation. *See* Mot. at 6:19-7:7 (stating that an interpretation of the lyrics, standing alone, can and should be based on the understanding of "ordinary persons" as opposed to expert testimony).

PLAINTIFF'S REPLY MEMORANDUM ISO MOTION TO EXCLUDE REPORTS AND TESTIMONY OF LAWRENCE FERRARA

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 2900
LOS ANGELES, CA 90067
310.855.3000

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 2900
LOS ANGELES, CA 90067
310.855.3000

Where, as here, Plaintiff's claim is based on the protectable ***combination*** of elements rather than any single element standing alone, Dr. Ferrara's element-by-element filtration is improper, regardless of how many times it has been accepted in traditional extrinsic-test cases. *See Sound & Color, LLC v. Smith*, 2025 WL 1232639, at *1 (9th Cir. Apr. 29, 2025) ("[A] selection-and-arrangement theory is an alternative to filtering."); *Hanagami v. Epic Games, Inc.* , 85 F.4th 931, 942 n.11 (9th Cir. 2023) (emphasis added) (explaining proper inquiry when assessing substantial similarity of selection-and-arrangement claims is "whether a protected expression, ***as a whole***, was unlawfully copied"); *Gregorini v. Apple Inc.*, 2024 WL 5264949, at *7 (C.D. Cal. Nov. 25, 2024) (quoting *WMTI Prods., Inc. v. Healey*, 2023 WL 5506712 (C.D. Cal. July 13, 2023)) ("A 'selection-and-arrangement theory of copyright infringement [] does not entail filtering out unprotected elements.'").

Dr. Ferrara, however, filtered out elements he deems commonplace. Indeed, Dr. Ferrara "creat[e]d and analy[zed] [] tripartite transcriptions of the relevant expression of [*Man* and *Flowers*]," "remov[ed] [] expression at issue that is different in [*Man*] and *Flowers* or that is ***commonly used***, as shown by its occurrence in prior art" and "asses[ed] [] the expression that remains in *Flowers* after the filtering process." Mot. at 13:15-19 (citing Weingarten Decl., Ex. YY at 5). That is improper. *See Ambrosetti v. Oregon Cath. Press*, 151 F.4th 1211, 1225 (9th Cir. 2025) ("While defendants would have us break down the works into pitch sequences, rhythms, and metrical placements and analyze each element alone, doing so would be improper.").

**B.     Dr. Ferrara Did Not Analyze the Songs' Elements as a Whole Under the Appropriate Method**

Because he filtered out every element he deemed duplicative or common, Dr. Ferrara never analyzed *Flowers* and *Man*'s elements as a whole, rendering his conclusion that the similarities do not form a coherent pattern or design equally improper. *See* Mot. at 13:10-15:10; Opp. at 5:10-7:26. Defendants dispute this,

13

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 2900
LOS ANGELES, CA 90067
310.855.3000

claiming that Dr. Ferrara "did analyze the songs' elements as a whole" and "showed that, as a whole, they are very different." Opp. at 5:27-6:8.

Defendants contend that Dr. Ferrara's analysis is proper because "experts are still required to distinguish between protectable and unprotectable elements, or combinations of elements, even in selection and arrangement claims." Opp. at 5:12-20. However, distinguishing between protectable and unprotectable elements is fundamentally different from *filtering out* those elements as a cornerstone of the analysis. The law is clear: for a selection-and-arrangement claim, the proper inquiry focuses on the overall selection and arrangement at issue – not just its discrete pieces. *See Sound & Color*, 2025 WL 1232639, at *1; *Hanagami*, 85 F.4th at 942 n.11. Neither *Yonay v. Paramount Pictures Corp.*, 163 F.4th 685, 691, 697-98 (9th Cir. 2026) nor *Gray v. Hudson*, 28 F.4th 87, 101-02 (9th Cir. 2022) authorize the element-by-element filtration Dr. Ferrara performed. The question under those cases is whether the *overall pattern or design* is protectable or infringed. *See Yonay*, 163 F.4th at 697 (explaining that while "a court cannot blind itself to the [individually unprotectable] elements," only similarities in "pattern, synthesis, or design" are relevant when determining infringement); *Gray*, 28 F.4th at 102 (considering whether work was original "insofar as it combines musical building blocks," rather than considering originality of individual elements). In any event, Defendants never asserted in their Motion for Summary Judgment that the *combination* of musical and lyrical elements at issue is unprotectable, *i.e.*, unoriginal. The issue of protectability is distinct from the issue of substantial similarity. *See* MSJ Opp. at 6:1-15.

Dr. Ferrara's own report and deposition make clear that his methodology involved filtering out elements he deemed "common" or found in prior art before assessing what remains. *See* Weingarten Decl., Ex. YY at 5 (Dr. Ferrara describing his methodology as including "removal of expression at issue that is different in [*Man*] and [*Flowers*] or that is commonly used, as shown by its occurrence in prior art" followed by "assessment of the expression that remains in [*Flowers*] after the

14

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 2900
LOS ANGELES, CA 90067
310.855.3000

filtering process"); Ferrara Decl. (ECF No. 100-3) at ¶ 29 ("I demonstrate that, when the claimed similarities between *Man* and *Flowers* that are also found in these prior art songs are filtered out, only at most a few isolated pitches and chords remain."); Weingarten Decl., Ex. M at 127:25-128:5 (Dr. Ferrara confirming at deposition that he performed a filtering analysis); *see also id.* (testifying that "once you filter out those portions of the expression at issue that are in works that are prior art," the remaining similarities are undermined).  This is the opposite of a holistic analysis. It is a piecemeal approach that the Ninth Circuit has rejected.  *See, e.g.*, *Ambrosetti*, 151 F.4th at 1225 (explaining it is "improper" to break down two songs "into pitch sequences, rhythms, and metrical placements and analyze each element alone"). Indeed, in *Ambrosetti*, the Ninth Circuit reversed the grant of summary judgment precisely because "Defendants have not identified any prior works that share the same combination" of elements at issue.  *Id.*

Defendants also try to turn the tables by asserting that Plaintiff's musicologist, Anthony Ricigliano, "admits that he did not analyze the songs' elements as a whole – his reports simply omitted portions that he knew were different.  *See* Opp. at 6:3-8 (citing Anderson Decl. ISO MSJ, Ex. 8 (Ricigliano Dep. Tr.) (ECF No. 100-14) at 136:15-137:9).  As an initial matter, this is not true, as Mr. Ricigliano did recognize differences in, for example, the songs' rhythms.  *See, e.g.*, MSJ Opp. at 3 n.2, 14:27-15:7.  Regardless, it cannot possibly be true that an expert on either side in a copyright infringement case is expected to provide a report that walks through every individual note in an entire work to identify what is different and what is similar.  In *Sound & Color*, for example, it was the hook of the two works that were at issue. *See Sound & Color*, 2025 WL 1232639, at *2 n.1.  And, it was the comparison of the hooks that the Court focused on in reversing the lower court's grant of summary judgment.  *Id.* at *2.  Here, Mr. Ricigliano certainly acknowledged that the songs have differences and pointed them out where relevant, but he focused his testimony on the melodic, harmonic, and lyrical designs that form the basis of Plaintiff's

15

claim.[2]  *See, e.g.*, MSJ Opp. at 3 n.2, 14:27-16:19.  In any event, Defendants cannot meet their burden to show Dr. Ferrara's methodology is reliable by trying to attack Mr. Ricigliano's testimony, which has nothing to do with this Motion.

Additionally, Defendants argue that Dr. Ferrara's prior art analysis was not improper because "Plaintiff and its expert, Mr. Ricigliano, are simply identifying as many unprotectable similarities as they possibly can, anywhere in the two works, then claiming that no earlier works combine all of them."  Opp. at 6:9-18.  But, Defendants are misrepresenting the basis of Plaintiff's claim.  *See* MSJ Opp. at 7 n.5.  Plaintiff thoroughly explained how, for example, Units 1 and 2 of *Flowers*' chorus mirrors Units 1 and 2 of *Man*'s verse (and that is not where the similarities end, as there is a pattern of highly similar lyrics from *Man*'s chorus being used in the chorus of *Flowers* as well).  *See id*. at 3:12-4:5 (identifying musical similarities). It matters that the combination of elements that exist in, by way of example, those specific units is not nearly as similar in any of the prior art.  *See Ambrosetti*, 151 F.4th at 1225 (denying summary judgment in part because defendants failed to identify prior art containing the same combination of elements at issue).  Defendants fail to show how this case should be decided any differently given their concession that no such prior art exists here.  *See* Opp. at 6:9-10.

Accordingly, Dr. Ferrara's flawed methodology is neither reliable nor helpful in analyzing Plaintiff's selection-and-arrangement claim.

---

[2] Defendants raise a completely unrelated point that Mr. Ricigliano offered a Declaration in Support of Plaintiff's Opposition to Defendants' Summary Judgment Motion with untimely testimony, which is thoroughly addressed in Plaintiff's Responses to Defendants' Evidentiary Objections concurrently filed herewith.  *See, e.g.,* Response to Defendants' Evidentiary Objection No. 3.

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 2900
LOS ANGELES, CA 90067
310.855.3000

16

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 2900
LOS ANGELES, CA 90067
310.855.3000

## V.    CONCLUSION

For the foregoing reasons, the Court should grant Plaintiff Tempo's Motion and preclude Defendants from relying on the testimony and reports of their designated expert, Dr. Lawrence Ferrara, at summary judgment or at trial.

Dated: May 5, 2026                    **WILLKIE FARR & GALLAGHER LLP**

By:    */s/ Alex M. Weingarten*
Alex M. Weingarten
Jeffrey K. Logan
Amy M. Stern

*Attorneys for Plaintiff*
Tempo Secured Music Rights Collateral, LLC

17

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiff, certifies that this Memorandum contains 5,320 words, which complies with the word limit of L.R. 11-6.1.

Dated: May 5, 2026

/s/ Alex M. Weingarten
Alex M. Weingarten

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 2900
LOS ANGELES, CA 90067
310.855.3000

18