Peter Anderson, Esq. (Cal. Bar No. 88891)
    peteranderson@dwt.com
Eric H. Lamm, Esq. (Cal. Bar No. 324153)
    ericlamm@dwt.com
Alex P. Cadena, Esq. (Cal. Bar No. 352442)
    alexcadena@dwt.com
DAVIS WRIGHT TREMAINE LLP
350 South Grand Avenue, 27th Floor
Los Angeles, California 90071
Telephone: (213) 633-6800
Fax: (213) 633-6899

Attorneys for Defendants
MILEY CYRUS, also sued as MCEO Publishing,
GREGORY HEIN, also sued as Songs By Gregory Hein,
MICHAEL POLLACK, also sued as What Key Do You
Want It In Music, MCEO, INC., SONY MUSIC
ENTERTAINMENT, SONY MUSIC PUBLISHING (US) LLC,
PULSE 2.0, LLC, sued as These Are Pulse Songs, PURE
TONE MUSIC, LLC, sued as Songs With A Pure Tone,
BLASTRONAUT, INC., sued as Droog Publishing, WARNER-
TAMERLANE PUBLISHING CORP., AMAZON.COM SERVICES LLC,
APPLE INC., PANDORA MEDIA, LLC, DISNEY PLATFORM
DISTRIBUTION, INC., TARGET CORP., BARNES & NOBLE
BOOKSELLERS, INC., TIDAL MUSIC LLC, WALMART INC.,
WAL-MART.COM USA, INC., WIDE EYED GLOBAL, IHEARTMEDIA,
INC., LIVE NATION ENTERTAINMENT, INC., XANDRIE SA,
DEEZER S.A., and SOUNDCLOUD GLOBAL LIMITED & CO. KG.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| TEMPO SECURED MUSIC RIGHTS COLLATERAL, LLC, | Case No. 2:24-cv-07910-MRA-BFM |
| Plaintiff, | DEFENDANTS' RESPONSE TO PLAINTIFF'S *EX PARTE* APPLICATION (DOC. 132) |
| v. | |
| MILEY CYRUS, *et al.*, | |
| Defendants. | Courtroom of the Honorable Mónica Ramírez Almadani United States District Judge |

**RESPONSE TO PLAINTIFF'S *EX PARTE* APPLICATION**

**1.      Introduction**

By Plaintiff's account, it seeks only a level playing field and what is fair.  But Plaintiff's proposed Response to Defendants' Response to Plaintiff's Additional Uncontroverted Facts violates Local Rules 56-1 through 56-4 and amounts to nothing more than Plaintiff seeking an unauthorized last word.  And Plaintiff's proposed Evidentiary Objections and Response to Defendants' Evidentiary Objections rehash legal arguments and, as a result, are properly treated as improper sur-replies.  Nor is there merit to Plaintiff's argument that its proposed Evidentiary Objections object to new evidence Defendants submitted in reply.  In short, Plaintiff's *Ex Parte* Application should be denied.

**2.      Plaintiff's Request to File a Response to Defendants' Response to Plaintiff's Statement of Additional Uncontroverted Facts**

Local Rules 56-1 to 56-3 specify that (1) a party moving for summary judgment is to file a Statement of Uncontroverted Facts, (2) the opposing party is to file a Statement of Genuine Disputes "setting forth all material facts as to which it is contended there exists a genuine dispute necessary to be litigated," and (3) the moving party then must file a Response to Statement of Genuine Disputes.  Here, Plaintiff (apparently unaware that the current Local Rules provide for an opposing parties' single Statement of Genuine Disputes) split the currently required Statement of Genuine Disputes into a Statement of Genuine Disputes and a Statement of Additional Uncontroverted Facts.

As an initial matter, there is no provision for the opposition party's filing of a Statement of Additional Uncontroverted Facts.  Defendants treated that filing as a mislabeled part of the Statement of Genuine Disputes that Local Rule 56-2 requires the opposing party to file, and Defendants filed their Response required by Local Rule 56-3.  There also is no provision in these Local Rules for the party opposing summary judgment to file a response to the moving party's Local Rule 56-3 response.  L.R. 56-

1

1 to 56-3; *see also Silvers v. Sony Pictures Entm't, Inc.*, 402 F.3d 881, 885 (9th Cir. 2005) (as a rule of statutory interpretation, when certain things are designated, it is presumed that "all omissions should be understood as exclusions.") (citation omitted).

Lest there be any doubt that the Local Rules do not permit an opposing party to file a response to the moving party's Local Rule 56-3 response, Local Rule 56-4 expressly provides that "[t]he "Court is not obligated to look any further in the record for supporting evidence other than what is actually and specifically referenced in the Statement of Uncontroverted Facts, the Statement of Genuine Disputes, and the Response to Statement of Genuine Disputes."

Plaintiff's reliance on *Tello v. Permanente*, No. CV1807380ABPJWX, 2020 WL 2510683 (C.D. Cal. Feb. 12, 2020) is misplaced. *See* Plaintiff's *Ex Parte* Application ("App.") at 3. First, *Tello* predates the current Local Rules 56-1 through 56-4. Second, *Tello* merely states that an opposing party can file a Statement of Additional Material Facts (now incorporated in the opposing party's Local Rule 56-2 Statement of Genuine Disputes), and nowhere suggests that the opposing party is entitled to respond to the moving party's response to that additional statement.

Plaintiff offers no justification for its departure from the Local Rules, other than Plaintiff feels it is fair to allow it to respond to Defendants' Local Rule 56-3 Response. But that triggers an unending cycle of responses with—to be fair—Defendants able to respond to Plaintiff's Response to the Response, and so on. "The law and motion rules do not provide for a game of ping-pong." *Smith v. Pac. Bell Tel. Co.*, 649 F. Supp. 2d 1073, 1083-84 (E.D. Cal. 2009). Ultimately, the back and forth has to stop somewhere and this Court has directed that it stops with the moving parties' Local Rule 56-3 response.

Accordingly, Plaintiff's request for leave to respond to Defendants' Response should be denied.

//

//

**3.**     **Plaintiff's Request to File Evidentiary Objections to Defendants' Reply Declarations and a Response to Defendants' Evidentiary Objections**

    **(a)**     **Plaintiff's Proposed Objections and Response to Defendants' Evidentiary Objections Rehash Legal Arguments and Are Properly Treated as Improper Sur-Replies**

Contrary to Plaintiff's Application, courts can, and do, treat evidentiary objections and responses to evidentiary objections as unauthorized sur-replies, particularly where, as here, they amount to additional, substantive legal arguments. *See, e.g.*, *Beasley v. Lucky Stores, Inc.*, 400 F. Supp. 3d 942, 950 (N.D. Cal. 2019) (while plaintiff's response to defendant's reply is "titled Objections" it is "more properly characterized as a sur-reply, as it primarily consists of substantive legal arguments"); *Hodges v. Hertz Corp.*, 351 F. Supp. 3d 1227, 1249 (N.D. Cal. 2018) (finding that plaintiffs' "Objection to New Evidence" amounted to "an unauthorized sur-opposition in disguise"); *see also In re Qintex Ent., Inc.*, 950 F.2d 1492, 1498 (9th Cir. 1991) (Central District of California Local Rules "do not require the district court to allow a reply brief to a responding party."); *Dasenbrock v. Enenmoh*, No. 111CV01884DADGSAPC, 2017 WL 1354576 at *1 n.2 (E.D. Cal. Apr. 13, 2017) ("Neither the Local Rules nor the Federal Rules provide the right to file a surreply.").

Plaintiff relies on *California Communities Against Toxics v. Armorcast Prods. Co.* App. at 4. But there the plaintiff filed responses to evidentiary objections "that attache[d] supplemental declarations and exhibits that cure[d] at least some of the deficiencies identified in [d]efendants' evidentiary objections." No. CV 14-5728 PA FFMX, 2015 WL 519083 at *4 (C.D. Cal. Feb. 9, 2015). By contrast, Plaintiff's proposed Response to Defendants' Evidentiary Objections seeks to introduce further legal arguments in support of its Opposition. *See, e.g.*, Stern Decl., Ex. 2 at 4-7 (introducing substantive legal argument in support of its expert musicologist that it did not address in its Opposition); *id.* at 167 ("Although Defendants prefer to argue that the songwriters' intentions and views have no bearing on [the fair use] defense

3

whatsoever, that does not make it so. Indeed, courts commonly look to the motivations behind the use to assess whether a party's argument that the allegedly infringing work constitutes comment or critique is simply a 'post-hoc characterization' of the work. *See* Opp. to MSJ (Doc. 108) at 18:16-19:21."). Plaintiff's proposed Evidentiary Objections also regurgitate legal arguments it raised in its Motions to Exclude Defendants' Experts (Docs. 110-112). *Compare* Stern Decl., Ex. 1 at 1-4 (objections to Prof. BaileyShea's Reply Decl.) *with* Mtn. to Exclude (Doc. 111) at 1-2 (verbatim).

As a result, Plaintiff's cited cases are simply inapplicable to the circumstances present here. *See* App. at 3. In *Ramirez v. Costco Wholesale Corp.*, the court permitted Plaintiff to file a limited sur-reply addressing defendants' evidentiary objections regarding the admissibility of deposition testimony; it did not, as Plaintiff attempts to do here, permit responses to evidentiary objections that instead purport to go to the merits of arguments Defendants' raised in their Reply. No. 24-CV-1197 TWR (LR), 2025 WL 2939521 at *3 (S.D. Cal. Oct. 15, 2025). And in *California v. Chiquita Canyon, LLC*, the court granted leave to respond to evidentiary objections, not to again argue the merits. No. 2:24-CV-10819-MEMF-MAR, 2025 WL 2238726 at *1 (C.D. Cal. July 7, 2025). Therefore, Plaintiff's request to submit evidentiary objections and its request to submit responses to Defendants' evidentiary objections should be denied.

> **(b) Plaintiff's Argument That Its Proposed Objections Respond to New Evidence in Defendants' Reply Declarations Lacks Merit**

Plaintiff argues that its proposed Evidentiary Objections target "new evidence" in the Reply Declarations of Prof. BaileyShea (Doc. 122-5) and Mr. Anderson (Doc. 122-6). *See* App. at 2. But "evidence submitted in direct response to evidence raised in the opposition...[is] not 'new.'" *In re ConAgra Foods, Inc.*, 302 F.R.D. 537, 559 n.87 (C.D. Cal. 2014); *Sound and Color, LLC v. Smith*, No. 2:22-CV-01508-WLH-AS, 2023 WL 5667573 at *1 (C.D. Cal. July 11, 2023) (denying plaintiff's ex parte

request to file "a sur-reply opposing the summary judgment motion and supporting [p]laintiff's evidentiary objections thereto" because defendants did not submit "new" evidence or arguments on reply but merely responded "directly to evidence and arguments raised in the opposition").

Here, the supposed "new evidence" Plaintiff identifies responds directly to arguments and evidence that Plaintiff raised in its Opposition, Statement of Genuine Disputes, as well as in its Motions to Exclude Prof. BaileyShea, Mr. Winogradsky, and Dr. Ferrara. *See, e.g.*, Stern Decl., Ex. 1 at 5-9, 12-14. Nor does Prof. BaileyShea's reference to "word painting" constitute an undisclosed expert opinion, indeed it is not an opinion at all. Rather, Plaintiff argued for the first time in its Motion to Exclude that Prof. BaileyShea's opinions as to the commentative quality of *Flowers*' music and lyrics are based on nothing more than "subjective belief." Mtn. to Exclude (Doc. 111) at 9-11. He replied to that "subjective belief" argument by explaining that his "analysis is in fact based on widely recognized musicological principles of 'text painting,' also known as 'word painting' or 'tone painting.'" BaileyShea Reply Decl. (Doc. 122-5) at 1 ¶ 4; *see also Williams v. Gaye*, 895 F.3d 1106, 1150 n.10 (9th Cir. 2018) (Nguyen, J., dissenting) ("Word painting is a compositional technique in which the music can be used to illustrate the words in the lyrics"). That brief explanation responding to a new argument by Plaintiff by just referencing a commonplace compositional technique is not new evidence, let alone new evidence warranting yet another filing.

**4.      Plaintiff's New Filings Would Only Further Complicate the Court's Task**

Plaintiff's Application is another attempt to make the record as convoluted as possible. Plaintiff has already filed, in addition to its Opposition Memorandum and other filings, three Motions to Exclude Defendants' experts, 168 pages of evidentiary objections that restate Plaintiff's arguments in its Motions to Exclude, 334 pages of Genuine Disputes of Material Fact, many of which consisted of irrelevant assertions to undisputed facts (*see, e.g.,* Doc. 108-59 at 3-5, 15-18, 97-101, 117-120), and 132

pages of Additional Uncontroverted Facts. Now, Plaintiff's proposed additional filings include another 173 pages of responses to Defendants' evidentiary objections, 200 pages of responses to Defendants' Response to Plaintiff's Additional Uncontroverted Facts, many of which are boilerplate and non-responsive and merely cite to *Tello v. Permanente* to argue Plaintiff was justified in filing its statement of "Additional Uncontroverted Facts." Plaintiff's proposed new filings simply advance arguments it presented in its Opposition to Defendants' Motion for Summary Judgment and respond to Defendants' Reply. *See, e.g.*, Stern Decl., Ex. 1 at 5-7; Ex. 2 at 4-7; Ex. 3 at 19-29. These filings are redundant and unnecessary and would only further burden the Court.

## 5. Conclusion

Defendants respectfully submit that Plaintiff's *Ex Parte* Application should be denied.

Dated: May 7, 2026

/s/ Peter Anderson, Esq.

Peter Anderson, Esq.
Eric H. Lamm, Esq.
Alexandra P. Cadena, Esq.
DAVIS WRIGHT TREMAINE LLP
Attorneys for Defendants
MILEY CYRUS, GREGORY HEIN,
MICHAEL POLLACK, MCEO, INC.,
SONY MUSIC ENTERTAINMENT,
SONY MUSIC PUBLISHING (US)
LLC, PULSE 2.0, LLC, PURE TONE
MUSIC, LLC, BLASTRONAUT, INC.,
WARNER-TAMERLANE
PUBLISHING CORP., AMAZON.COM
SERVICES LLC, APPLE INC.,
PANDORA MEDIA, LLC, DISNEY
PLATFORM DISTRIBUTION, INC.,
TARGET CORP., BARNES & NOBLE
BOOKSELLERS, INC., TIDAL MUSIC
LLC, WALMART INC., WAL-
MART.COM USA, INC., WIDE EYED
GLOBAL, IHEARTMEDIA, INC., LIVE
NATION ENTERTAINMENT, INC.,
XANDRIE SA, DEEZER S.A., and
SOUNDCLOUD GLOBAL LIMITED &
CO. KG

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendants who have appeared in this action, certifies that this Memorandum contains 1,749 words, which complies with the word limit of L.R. 11-6.1.

Dated: May 7, 2026                                      */s/ Peter Anderson, Esq.*
                                                          Peter Anderson, Esq.