Peter Anderson, Esq. (Cal. Bar No. 88891)
    peteranderson@dwt.com
Eric H. Lamm, Esq. (Cal. Bar No. 324153)
    ericlamm@dwt.com
Alexandra P. Cadena, Esq. (Cal. Bar No. 352442)
    alexcadena@dwt.com
DAVIS WRIGHT TREMAINE LLP
350 South Grand Avenue, 27th Floor
Los Angeles, California 90071
Telephone: (213) 633-6800
Fax: (213) 633-6899

Attorneys for Defendants
MILEY CYRUS, also sued as MCEO Publishing,
GREGORY HEIN, also sued as Songs By Gregory Hein,
MICHAEL POLLACK, also sued as What Key Do You
Want It In Music, MCEO, INC., SONY MUSIC
ENTERTAINMENT, SONY MUSIC PUBLISHING (US) LLC,
PULSE 2.0, LLC, sued as These Are Pulse Songs, PURE
TONE MUSIC, LLC, sued as Songs With A Pure Tone,
BLASTRONAUT, INC., sued as Droog Publishing, WARNER-
TAMERLANE PUBLISHING CORP., AMAZON.COM SERVICES LLC,
APPLE INC., PANDORA MEDIA, LLC, DISNEY PLATFORM
DISTRIBUTION, INC., TARGET CORP., BARNES & NOBLE
BOOKSELLERS, INC., TIDAL MUSIC LLC, WALMART INC.,
WAL-MART.COM USA, INC., WIDE EYED GLOBAL, IHEARTMEDIA,
INC., LIVE NATION ENTERTAINMENT, INC., XANDRIE SA,
DEEZER S.A., and SOUNDCLOUD GLOBAL LIMITED & CO. KG.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| TEMPO SECURED MUSIC RIGHTS COLLATERAL, LLC, <br><br> Plaintiff, <br><br> v. <br><br> MILEY CYRUS, *et al.*, <br><br> Defendants. | Case No. 2:24-cv-07910-MRA-BFM <br><br> DEFENDANTS' COUNTER-NOTICE OF SUPPLEMENTAL AUTHORITY *RE* PENDING MOTION FOR SUMMARY JUDGMENT AND ALTERNATIVE MOTION FOR PARTIAL SUMMARY JUDGMENT <br><br> Courtroom of the Honorable Mónica Ramírez Almadani United States District Judge |

Defendants respectfully submit this Counter-Notice because the Order referenced in Plaintiff's Notice of Supplemental Authority is relevant for a reason Plaintiff failed to identify.

The District Court's recent Order in *Browne v. Clark*, Case No. 2:21-cv-02840-AB-AJR Doc. 841 (the "Order") is indeed "limited to whether Plaintiff's Claimed works or portions thereof possess sufficient originality of authorship and are otherwise protectable under copyright law."  Order at 4.  However, Plaintiff omits a fact that distinguishes *Browne from* this case and supports the grant of Defendants' Motion for Summary Judgment (the "Motion").

In *Browne*, the plaintiffs claimed copyright protection in what they referred to as the "Fish Market" composition, namely, two consecutive measures consisting of "a programmed kick, snare, and hi-hat playing a one bar pattern; percussion instruments, including a tambourine playing through the entire bar, a synthesized 'tom' playing on beats one and three, and timbales that play a roll at the end of every second bar and free improvisation over the pattern for the duration of the song; and a synthesized Bb (b-flat) bass note on beats one and three of each bar, which follows the aforementioned synthesized 'tom' pattern."  *See Browne*, Second Amended Complaint (Case No. 2:21-cv-02840-AB-AJR Doc. 305) at 33-34 ¶ 180; *see also id.* at 36 ¶ 188 (for a transcription of the claimed "Fish Market" composition).[1]  The District Court ruled that the plaintiff raised a triable issue and genuine expert dispute as to whether those claimed elements—which are "layered" together in "interlocking components" of a two-consecutive-measure rhythmic phrase (Order at 18)—"form a coherent pattern, synthesis, or design."  Order at 7 (quoting *Skidmore as Tr. for Randy Craig Wolfe Tr. v. Led Zeppelin*, 952 F.3d 1051, 1074 (9th Cir. 2020) (en banc)).

_____

[1]     That is the *Browne* plaintiffs' own allegation of their alleged selection and arrangement, and the allegation is disputed by the *Browne* defendants.  Indeed, there is a pending Motion for Reconsideration of the Order on the grounds that the *Browne* plaintiffs have no copyrighted work that actually includes all those claimed elements.  *Browne* Motion for Reconsideration (Case No. 2:21-cv-02840-AB-AJR Doc. 842).

1

In stark contrast, Tempo and its experts have never identified a coherent pattern, synthesis, or design in *When I Was Your Man* and instead rely upon alleged similarities that are disjointed, random, and cherry-picked from otherwise different music and lyrics. *See, e.g.*, Defs' Reply iso MSJ (Doc. 122) at 10-14. As a result, the *Browne* Order's conclusion that the selection and arrangement alleged in that case might form a coherent pattern, synthesis, or design, is relevant but only as further support for Defendants' Motion for Summary Judgment.[2]

Dated: July 16, 2026

/s/ Peter Anderson
Peter Anderson, Esq.
Eric H. Lamm, Esq.
Alexandra P. Cadena, Esq.
DAVIS WRIGHT TREMAINE LLP
Attorneys for Defendants
MILEY CYRUS, GREGORY HEIN, MICHAEL POLLACK, MCEO, INC., SONY MUSIC ENTERTAINMENT, SONY MUSIC PUBLISHING (US) LLC, PULSE 2.0, LLC, PURE TONE MUSIC, LLC, BLASTRONAUT, INC., WARNER-TAMERLANE PUBLISHING CORP., AMAZON.COM SERVICES LLC, APPLE INC., PANDORA MEDIA, LLC, DISNEY PLATFORM DISTRIBUTION, INC., TARGET CORP., BARNES & NOBLE BOOKSELLERS, INC., TIDAL MUSIC LLC, WALMART INC., WAL-MART.COM USA, LLC, WIDE EYED GLOBAL, IHEARTMEDIA, INC., LIVE NATION ENTERTAINMENT, INC., XANDRIE SA, DEEZER S.A., and SOUNDCLOUD GLOBAL LIMITED & CO. KG

---

[2]  The Order also does not address that a defendant's work must have the same particular selection and arrangement as the plaintiff's work, and does not address the fair use doctrine, both of which points—along with the particular dispositive defects in the reports and testimony of Plaintiff's experts, Mr. Ricigliano and Mr. Rovin—Defendants raise in their Motion.