Peter Anderson, Esq. (Cal. Bar No. 88891)
peteranderson@dwt.com
Eric H. Lamm, Esq. (Cal. Bar No. 324153)
ericlamm@dwt.com
Alexandra P. Cadena, Esq. (Cal. Bar No. 352442)
alexcadena@dwt.com
DAVIS WRIGHT TREMAINE LLP
350 South Grand Avenue, 27th Floor
Los Angeles, California 90071
Telephone: (213) 633-6800
Fax: (213) 633-6899

Attorneys for Defendants
MILEY CYRUS, also sued as MCEO Publishing, GREGORY HEIN, also sued as Songs By Gregory Hein, MICHAEL POLLACK, also sued as What Key Do You Want It In Music, MCEO, INC., SONY MUSIC ENTERTAINMENT, SONY MUSIC PUBLISHING (US) LLC, PULSE 2.0, LLC, sued as These Are Pulse Songs, PURE TONE MUSIC, LLC, sued as Songs With A Pure Tone, BLASTRONAUT, INC., sued as Droog Publishing, WARNER-TAMERLANE PUBLISHING CORP., AMAZON.COM SERVICES LLC, APPLE INC., PANDORA MEDIA, LLC, DISNEY PLATFORM DISTRIBUTION, INC., TARGET CORP., BARNES & NOBLE BOOKSELLERS, INC., TIDAL MUSIC LLC, WALMART INC., WAL-MART.COM USA, INC., WIDE EYED GLOBAL, IHEARTMEDIA, INC., LIVE NATION ENTERTAINMENT, INC., XANDRIE SA, DEEZER S.A., and SOUNDCLOUD GLOBAL LIMITED & CO. KG.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| TEMPO SECURED MUSIC RIGHTS COLLATERAL, LLC,<br><br>Plaintiff,<br><br>v.<br><br>MILEY CYRUS, *et al.*,<br><br>Defendants. | Case No. 2:24-cv-07910-MRA-BFM<br><br>DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY *RE* PENDING MOTION FOR SUMMARY JUDGMENT AND ALTERNATIVE MOTION FOR PARTIAL SUMMARY JUDGMENT<br><br>Courtroom of the Honorable Mónica Ramírez Almadani United States District Judge |

Defendants respectfully submit this Notice to advise the Court that the Order denying summary judgment referenced in Plaintiff's Notice of Supplemental Authority (Doc. 140) has been reconsidered and summary judgment granted. *See* attached September 1, 2026, Order in *Browne v. Clark*, Case No., 2:21-cv-02840-AB-AJR, Doc. 866**.**

Dated: September 2, 2026

/s/ Peter Anderson

Peter Anderson, Esq.
Eric H. Lamm, Esq.
Alexandra P. Cadena, Esq.
DAVIS WRIGHT TREMAINE LLP
Attorneys for Defendants
MILEY CYRUS, GREGORY HEIN, MICHAEL POLLACK, MCEO, INC., SONY MUSIC ENTERTAINMENT, SONY MUSIC PUBLISHING (US) LLC, PULSE 2.0, LLC, PURE TONE MUSIC, LLC, BLASTRONAUT, INC., WARNER-TAMERLANE PUBLISHING CORP., AMAZON.COM SERVICES LLC, APPLE INC., PANDORA MEDIA, LLC, DISNEY PLATFORM DISTRIBUTION, INC., TARGET CORP., BARNES & NOBLE BOOKSELLERS, INC., TIDAL MUSIC LLC, WALMART INC., WAL-MART.COM USA, LLC, WIDE EYED GLOBAL, IHEARTMEDIA, INC., LIVE NATION ENTERTAINMENT, INC., XANDRIE SA, DEEZER S.A., and SOUNDCLOUD GLOBAL LIMITED & CO. KG

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | 2:21-cv-02840-AB-AJR | Date: | September 1, 2026 |
|---|---|---|---|

| Title: | *Cleveland Constantine Browne et al v. Rodney Sebastian Clark et al* |
|---|---|

| Present: The Honorable | **ANDRÉ BIROTTE JR., United States District Judge** |
|---|---|
| Evelyn Chun<br>Deputy Clerk | N/A<br>Court Reporter |
| Attorney(s) Present for Plaintiff(s):<br>None Appearing | Attorney(s) Present for Defendant(s):<br>None Appearing |

**Proceedings: [In Chambers] ORDER GRANTING RIMAS DEFENDANTS' MOTION FOR RECONSIDERATION [Dkt. No. 842]**

This action arises from consolidated copyright infringement claims brought by Plaintiffs Cleveland Constantine Browne, Steely and Clevie Productions Ltd., Carl Gibson, and Shea Johnson (collectively, "Plaintiffs") against numerous defendants, including those represented by Pryor Cashman LLP (the "PC Defendants") and Defendants Rimas Music, LLC and Benito Antonio Martínez Ocasio p/k/a Bad Bunny (the "Rimas Defendants") (collectively, "Defendants"), concerning the alleged copying and protectability of musical expression embodied in Fish Market and related works.

On July 1, 2026, the Court denied the parties' cross-motions for partial summary judgment on the threshold issue of whether Plaintiffs' asserted works, or portions thereof, are sufficiently original and otherwise protectable under copyright law. *See* Order on Cross-Motions for Partial Summary Judgment ("Order," Dkt. No. 841). The Rimas Defendants now move for reconsideration of that Order ("Motion," Dkt. No. 842). Plaintiffs filed an Opposition ("Opp'n," Dkt. No. 855), and the Rimas Defendants filed a Reply ("Reply," Dkt. No. 859). The Court heard oral argument on August 14, 2026, and thereafter took the Motion under

submission. *See* Fed. R. Civ. P. 78; Local Rule 7-15. For the following reasons, the Motion for Reconsideration is **GRANTED.** The following joinder motions were also filed and are **GRANTED** consistent with the ruling on the underlying Motion:

| ECF No. | Motion |
|---|---|
| 843 | Joinder Motion of Pryor Cashman Defendants |
| 844 | Joinder Motion of Defendants Empire Distribution, Inc., William Sami Etienne Grigahcine |
| 846 | Joinder Motion of Defendants Aubrey Drake Graham, Ovo Sound, LLC |
| 847 | Joinder Motion of Defendant Camilo Echeverria |
| 849 | Joinder Motion of Defendant Maybach Music Group, LLC |
| 850 | Joinder Motion of Defendant Gabriel Pizarro |
| 851 | Joinder Motion of Defendants Richard Camacho, Erick Brian Colon, Zabdiel De Jesus, Juan Luis Londono Arias, Michael Monge, Daniel Oviedo, Ernesto Fidel Padilla, Marcos Ramirez, Geoffrey Royce Rojas, Rafael Torres, Victor R. Torres, Llandel Veguilla Malave, Christopher Velez, Carlos Alberto Vives Restrepo |
| 852 | Joinder Motion of Defendant Rich Music, Inc. |
| 854 | Joinder Motion of Defendant Cinq Music Group, LLC. |
| 858 | Joinder Motion of Consol Defendant UMG Recordings Inc |

## I. BACKGROUND

The Court assumes familiarity with the factual and procedural background set forth in its Order on the parties' cross-motions for partial summary judgment and briefly recaps only the matters relevant to the instant Motion. This consolidated copyright action concerns Plaintiffs' allegations that numerous musical works copied protectable expression contained in the musical composition *Fish Market* and related works, including *Dem Bow* and *Pounder (Dub Mix II)* (collectively, the "Claimed Works"). *See generally* Second Amended Consolidated Complaint ("SCAC"), Dkt. No. 305. Pursuant to the Court's phased case administration plan, the present phase is limited to whether Plaintiffs' Claimed Works, or portions thereof, possess sufficient originality and are otherwise protectable under copyright law. *See* Order Granting Stipulation Re: Case Administration ("Administration Order"), Dkt. No. 143 at 1–2.

The parties filed cross-motions for partial summary judgment addressing originality and protectability, supported by competing expert opinions concerning

the relevant musical elements and whether they constitute a protectable selection and arrangement. *See* PC Defendants' Partial Motion for Summary Judgment ("DMSJ"), Dkt. No. 706; Plaintiffs' Partial Motion for Summary Judgment ("PMSJ"), Dkt. No. 742. On July 1, 2026, the Court denied both sides' motions. *See* Order at 42. The Court concluded that the record presented genuine disputes of material fact concerning "the identification, characterization, and protectability of the claimed combination, known as the Fish Market Elements," and whether those elements "form a coherent and protectable selection and arrangement." *Id.* at 40. The Court explained that resolving those disputes would require weighing competing expert opinions concerning the relevant musical features, their function, and their originality, which was inappropriate at summary judgment. *Id.* at 40–41.

The Rimas Defendants now contend that the Court did not resolve that threshold issue and that the undisputed record establishes that Plaintiffs have not alleged a protectable selection and arrangement because the asserted combination does not exist in any single copyrighted work owned by Plaintiffs. *See* Mot. at 9–13. Plaintiffs oppose, arguing that the Motion merely rehashes arguments already presented and considered in connection with summary judgment and improperly seeks to reweigh the factual and expert record. *See* Opp'n at 2–9. Plaintiffs further contend that portions of Defendants' Reply raise new arguments concerning purportedly recreated files and the basis for Plaintiffs' experts' analyses that were not presented in the opening Motion. *See* Objection to and Request to Strike Defendant's New Argument ("Objection"), Dkt. No. 859.

## II. LEGAL STANDARD

"In this district, motions for reconsideration are governed by Local Rule 7–18[.]" *Milton H. Green Archives, Inc. v. CMG Worldwide, Inc.*, 568 F. Supp. 2d 1152, 1162 (C.D. Cal. 2008). A motion for reconsideration may not "in any manner repeat any oral or written argument made in support of or in opposition to the original motion." L.R. 7-18. Instead, it must be based on one of the following: "(a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision." *Id.*

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v.*

*Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citation omitted). Such a motion "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (citing *Kona*, 229 F.3d at 890).

A motion for reconsideration may not be used to reargue the motion. *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009); *see also Pegasus Satellite Television, Inc. v. DirecTV, Inc.*, 318 F. Supp. 2d 968, 981 (C.D. Cal. 2004) ("a motion for reconsideration may not be made on the grounds that a party disagrees with the Court's application of legal precedent"). The movant "must show more than a disagreement with the Court's decision, and recapitulation of that which was already considered by the Court in rendering its decision." *RG Abrams Ins. v. L. Off. of CR Abrams*, No. 221CV00194FLAMAAX, 2021 WL 6752000, at *1 (C.D. Cal. 2021). And "[a] motion for reconsideration is not the place to 'do-over' things that should have been done better in the original briefing." *We 3 Kings, Inc. v. Steve Harvey Show*, No. CV 14-8816 DSF (ASx), 2017 WL 10440164, at *2 (C.D. Cal. July 24, 2017).

## III. DISCUSSION

The Rimas Defendants seek reconsideration under Local Rule 7-18(c), contending that the Court manifestly failed to consider a threshold issue raised in the summary judgment proceedings: whether Plaintiffs have identified any single copyrighted work containing the selection and arrangement they claim is protectable. *See* Mot. at 8–13. According to the Rimas Defendants, because copyright protects expression embodied in a particular copyrighted work, Plaintiffs' inability to identify a single work containing the complete asserted combination is dispositive as a matter of law. *See id.* The Rimas Defendants therefore contend that the Court should reconsider its denial of summary judgment and enter judgment in their favor. *See id.* The Court is persuaded.

As the Court previously explained, a copyright claimant may obtain protection for a selection and arrangement of otherwise unprotectable elements only where the elements are "numerous enough and their selection and arrangement original enough that their combination constitutes an original work of authorship." *Satava v. Lowry*, 323 F.3d 805, 811 (9th Cir. 2003); *see also Skidmore ex rel. Randy Craig Wolfe Tr. v. Led Zeppelin*, 952 F.3d 1051, 1074 (9th Cir. 2020) (en banc). Put differently, copyright claim for selection and arrangement protects "the particular way in which the artistic elements form a coherent pattern,

synthesis, or design." *Id.* Likewise, the Supreme Court has emphasized that originality exists only where the elements are "selected, coordinated, or arranged 'in such a way' as to render the work as a whole original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 358 (1991).

*Skidmore* is particularly instructive here. There, the Ninth Circuit rejected the plaintiff's attempt to characterize several disparate similarities as a protectable "combination" where those similarities did not constitute a coherent selection and arrangement within the works at issue. *Skidmore*, 952 F.3d at 1075–76. The plaintiff and his expert had identified five "categories of similarities," but the court explained that those categories were merely "random similarities scattered throughout" the relevant portions of the works. *Id.* at 1075 (quoting *Shaw v. Lindheim*, 919 F.2d 1353, 1362 (9th Cir. 1990)). The court emphasized that "[l]abeling them a 'combination' of unprotectable elements does not convert the argument into a selection and arrangement case." *Id.* Rather, a selection and arrangement theory requires an argument based on the "overall selection and sequencing" of the similarities, not merely "random similarities scattered throughout the works." *Id.* (quoting *Metcalf v. Bochco*, 294 F.3d 1069, 1074–75 (9th Cir. 2002)).

The Ninth Circuit further explained that "[p]resenting a 'combination of unprotectable elements' without explaining how these elements are particularly selected and arranged amounts to nothing more than trying to copyright commonplace elements." *Id.* at 1075 (citing *Satava*, 323 F.3d at 811–12). And "[w]ithout such arrangement, there is no liability for taking 'ideas and concepts' from the plaintiff's work, 'even in combination.' " *Id.* at 1075 (quoting *Rentmeester v. Nike, Inc.*, 883 F.3d 1111, 1122–23 (9th Cir. 2018)). Thus, *Skidmore* makes clear that a plaintiff cannot establish a selection and arrangement copyright merely by identifying individual elements that appear in different places and then aggregating those elements into a purported combination. The protectable subject matter is the particular selection and arrangement embodied in the work—not an abstract collection of similarities that can be reconstructed after the fact.

That principle is especially significant here. *Skidmore* cautioned that a plaintiff cannot "reconstitut[e] the copyrighted work as a combination of unprotectable elements" and then claim that those elements are substantially similar because they appear in an accused work, even where the elements are presented in "a different aesthetic context." *Id.* at 1075. Such an approach would impermissibly expand copyright protection beyond the particular work in which the author's original selection and arrangement is expressed. As the Ninth Circuit

explained, "[m]any works of art can be recast as compilations of individually unprotected constituent parts," and allowing such a theory would improperly treat otherwise dissimilar works as substantially similar merely because they share some of the same "notes, words, or colors." *Id.* at 1076. The court rejected that approach because it is inconsistent with maintaining a "vigorous public domain." *Id.*; *see also Shaw*, 919 F.2d at 1362–63.

The same reasoning applies to the threshold issue presented here. A selection and arrangement theory necessarily requires some identifiable work in which the elements have been selected, coordinated, and arranged into the claimed original whole. The fact that the constituent elements may be drawn from, or may separately appear in, other works does not permit a plaintiff to reconstruct a new purported copyrighted work by aggregating portions of multiple works and then treat that reconstructed combination as the subject of copyright protection. To hold otherwise would permit a plaintiff to "reconstitute" its claimed work during litigation by selecting elements from different copyrighted works and declaring their aggregate combination to be the protected expression. *See Skidmore*, 952 F.3d at 1075–76. That is not a selection and arrangement claim as contemplated by *Feist*, *Satava*, and *Skidmore*; it is an attempt to create the asserted copyrighted work through the litigation itself.

This conclusion is also consistent with the structure of the Copyright Act. Section 102 protects "original works of authorship fixed in any tangible medium of expression." 17 U.S.C. § 102(a). The Act likewise defines a "compilation" as a "work" "formed by the collection and assembling of preexisting materials . . . in such a way that the resulting work as a whole constitutes an original work of authorship." 17 U.S.C. § 101. Section 103 similarly provides that copyright protection in a compilation or derivative work extends only to the author's contribution "as distinguished from the preexisting material employed in the work." 17 U.S.C. § 103(b). Thus, the statutory scheme contemplates an identifiable work in which the claimed original selection and arrangement is embodied. It does not contemplate copyright protection for an abstract amalgamation of elements extracted from multiple independently existing works where the alleged combination is not itself embodied in any one copyrighted work.

The distinction matters because identifying the copyrighted work is not merely a factual question concerning which musical elements appear where. It defines the subject matter of the asserted copyright. Before a court or jury can determine whether a selection and arrangement is original, what portions of it are protectable, or whether an accused work is substantially similar, there must first be

a cognizable copyrighted work against which those inquiries can be performed. *See Skidmore*, 952 F.3d at 1074–76; *Feist*, 499 U.S. at 358–59. Otherwise, the scope of the copyright would remain undefined and could shift depending on which elements a factfinder ultimately accepts.

Upon further review of the record, the Court concludes that Plaintiffs have not clearly identified what copyrighted work contains the allegedly protectable selection and arrangement they seek to enforce.

In the SCAC, Plaintiffs allege that *Fish Market* contains an original combination of rhythmic and instrumental elements, including a programmed kick, snare, hi-hat, tambourine, synthesized tom, timbales, and synthesized bass pattern. SCAC ¶ 180. Plaintiffs further include a two-bar transcription that they characterize as depicting the asserted original selection and arrangement. *Id.* ¶ 188.




*Id.* Elsewhere, however, Plaintiffs allege ownership of multiple different works. As the Court previously found, Plaintiffs assert ownership of the *Fish Market* musical composition and sound recording, the *Dem Bow* musical composition, and the *Pounder (Dub Mix II)* sound recording, but they do not claim ownership of the *Pounder (Dub Mix II)* musical composition. Order at 39.

The difficulty is that the record does not establish that the two-bar transcription appearing in the SCAC—or, more broadly, the complete selection and arrangement Plaintiffs seek to protect—exists in any one of those copyrighted works. Indeed, Plaintiffs have repeatedly described the asserted protected expression by reference to multiple works collectively, the Claimed Works, rather than by identifying a single copyrighted work containing the complete combination. *See, e.g.,* PMSJ at 7; Reporter's Transcript of Motion for Summary Judgment ("Hearing Transcript"), Dkt. No. 839 at 57:8–61:21. Although Plaintiffs maintained that the relevant musical ideas are reflected across *Fish Market*, *Dem Bow*, and *Pounder (Dub Mix II)*, they have not identified where the precise claimed selection and arrangement exists within one copyrighted work. As Defendants have emphasized throughout this litigation, the Fish Market Elements do not constitute a continuous musical passage from a single composition. Rather, the record has required Plaintiffs to identify and explain how various elements appearing in different portions of different works comprise the particular selection and arrangement they claim is protected.

The parties' arguments at the August 14, 2026 hearing further illustrate the problem. Defendants have repeatedly sought to pin down precisely what work Plaintiffs contend embodies the claimed selection and arrangement. At the hearing, Plaintiffs for the first time more definitively represented that the complete two-bar pattern identified in the SCAC exists in *Fish Market*, notwithstanding earlier testimony and representations concerning the sources of the individual elements and the use of *Dem Bow* and *Pounder (Dub Mix II)* to explain the Fish Market Elements. Plaintiffs characterized the references to those other works as evidence that they contain much of the same selection and arrangement as *Fish Market*, rather than as sources from which the Fish Markets Elements were assembled. But this clarification came only after Defendants, throughout the course of this Action, repeatedly pressed Plaintiffs to identify where, exactly, the claimed Fish Market Elements exists. *See, e.g.*, Hearing Transcript at 28:21–31:12. The shifting explanations are significant because they underscore that the parties have not merely disputed the factual characteristics of the Claimed Works; they have disputed what the asserted copyrighted work actually is.

The Court does not resolve that question by crediting one party's characterization of the evidence over another's. Nor does the Court conclude that Plaintiffs' latest representation that the claimed two-bar pattern appears in *Fish Market* necessarily resolves every factual dispute concerning the *Fish Market Elements*. Rather, Plaintiffs must identify the work in which the particular selection and arrangement they seek to protect is embodied. If Plaintiffs' theory is that the

complete claimed combination is embodied in *Fish Market*, then *Fish Market* necessarily defines the relevant work for purposes of the copyright analysis. The Court, however, does not understand *Skidmore* to permit a plaintiff to take elements from a single work, isolate them from their original context, and rearrange or reconstitute them into a new combination that becomes the claimed selection and arrangement. *See Skidmore*, 952 F.3d at 1074–76. A selection and arrangement theory protects the original arrangement embodied in the work; it does not permit a plaintiff to create a different arrangement from portions of that work and then claim that newly assembled arrangement as the copyrighted expression. *See id*.

To be sure, the jury may determine disputed facts concerning what musical elements are present in a particular work, whether those elements are commonplace or original, and whether an accused work appropriates a protectable portion of the plaintiff's work. But those factual determinations presuppose an identified copyrighted work. The jury cannot determine which collection of elements, drawn from one or multiple works and rearranged, constitutes the copyrighted work in the first place. Doing so would invert the copyright analysis by allowing the factfinder to define the subject matter of the copyright before determining whether that subject matter is protected. *Skidmore* forecloses such an approach by requiring the asserted combination to reflect a particular selection and arrangement rather than a collection of similarities assembled for purposes of litigation. *See id*.

The Court previously concluded that factual disputes concerning the identification, characterization, and originality of the alleged musical elements precluded summary judgment. Order at 40–42. Upon reconsideration, however, the Court concludes that those factual disputes do not encompass the antecedent question of what copyrighted work Plaintiffs claim embodies the asserted selection and arrangement. Before a factfinder may determine whether that selection and arrangement is original or whether another work infringes it, the Court must first determine what work defines the scope of the asserted copyright. That determination is one of law. It therefore cannot be left to the jury or depend upon whichever combination of musical elements a jury ultimately finds persuasive after hearing competing expert testimony. Nor can the scope of the claimed work remain fluid throughout litigation.

To be clear, the Court does not hold that every protectable selection and arrangement must consist of a continuous two-bar musical phrase or that derivative works may never be relevant to proving originality. Nor does the Court decide

whether Plaintiffs' alleged rhythmic elements, viewed individually or collectively, are original. Rather, the Court concludes only that Plaintiffs have failed to identify the copyrighted work embodying the specific selection and arrangement they seek to enforce. Without first identifying that work, the Court cannot determine the scope of the claimed copyright or meaningfully conduct the protectability and infringement analyses required by the Copyright Act.

Because Plaintiffs have not identified a single copyrighted work containing the alleged protectable selection and arrangement, Plaintiffs cannot, as a matter of law, proceed on the theory presently pleaded. *See Skidmore*, 952 F.3d at 1074–76. Accordingly, reconsideration is warranted under Local Rule 7-18(c), and the Rimas Defendants' Motion for Reconsideration is **GRANTED.**

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Rimas Defendants' Motion for Reconsideration and **DENIES** their request for certification of the Court's prior Order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). The Court likewise **GRANTS** the joinder motions consistent with its ruling on the underlying Motion.

Accordingly, the Court **VACATES** the portion of its prior Order denying Defendants' motion for summary judgment. Defendants' Partial Motion for Summary Judgment on Plaintiffs' asserted selection and arrangement theory is therefore **GRANTED**.

The parties are **ORDERED** to meet and confer regarding a schedule for addressing the claims and issues remaining in this action no later than 30 days following issuance of this Order. The parties are further **ORDERED** to submit either a joint proposed case-administration plan or separate proposals no later than 15 days thereafter.

**IT IS SO ORDERED**.