Alex M. Weingarten (SBN 204410)
AWeingarten@willkie.com
Jeffrey K. Logan (SBN 136962)
JLogan@willkie.com
Amy M. Stern (SBN 311382)
AStern@willkie.com
**WILLKIE FARR & GALLAGHER LLP**
2029 Century Park East, Suite 2900
Los Angeles, CA 90067
Telephone: (310) 855-3000
Facsimile: (310) 855-3099

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

TEMPO SECURED MUSIC RIGHTS COLLATERAL, LLC,

Plaintiff,

v.

MILEY CYRUS, *et al.*,

Defendants.

Case No. 2:24-cv-07910-MRA-BFM

Hon. Mónica Ramírez Almadani

**PLAINTIFF'S COUNTER-NOTICE OF SUPPLEMENTAL AUTHORITY RE PENDING MOTION FOR SUMMARY JUDGMENT AND ALTERNATIVE MOTION FOR PARTIAL SUMMARY JUDGMENT**

Action Filed: September 16, 2024

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 2900
LOS ANGELES, CA 90067
310.855.3000

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 2900
LOS ANGELES, CA 90067
310.855.3000

**COUNTER-NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiff Tempo Secured Music Rights Collateral, LLC ("Plaintiff") respectfully submits this Counter-Notice of Supplemental Authority because the September 1, 2026 Order in *Browne v. Clark*, Case No. 2:21-cv-02840-AB-AJR, ECF No. 866 (C.D. Cal. September 1, 2026), referenced in Defendants' Notice of Supplemental Authority (ECF No. 142) does not conflict with the relevant reasoning in the July 1, 2026 Order in that case referenced in Plaintiff's July 14, 2026 Notice of Supplemental Authority (ECF No. 140).

The District Court's July 1, 2026 Order in *Browne* denied the parties' dueling summary judgment motions because "the evidentiary record present[ed] competing, facially credible expert opinions regarding what elements exist in the Claimed Works, how those elements function musically, whether they are commonplace or original, and whether they form a coherent and protectable selection and arrangement." Case No. 2:21-cv-02840-AB-AJR, ECF No. 841 at 40.

The District Court's September 1, 2026 Order in the case reconsidering its prior order and granting partial summary judgment in favor of the defendants did not reject the narrow proposition that summary judgment is improper in a case involving genuine disputes of material fact regarding the identification, characterization, and protectability of alleged musical elements originating in a work which are driven by competing expert analyses. *Id.*, ECF No. 866 at 9-10. Rather, the Court reconsidered its ruling based on the threshold issue of whether the plaintiffs in that case had identified a single copyrighted work containing the selection and arrangement they claimed was protectable as opposed to an aggregation of portions of multiple different works or a reconstitution of elements. *Id.* at 4. The Court explained the basis for its reconsideration as follows:

> The Court previously concluded that factual disputes concerning the identification, characterization, and originality of the alleged musical elements precluded summary judgment. Order at 40-42. Upon reconsideration, however, the Court concludes that those factual

> disputes do not encompass the antecedent question of what copyrighted work Plaintiffs claim embodies the asserted selection and arrangement. Before a factfinder may determine whether that selection and arrangement is original or whether another work infringes it, the Court must first determine what work defines the scope of the asserted copyright.

*Id*. at 9. The Court thus concluded "only that Plaintiffs have failed to identify the copyrighted work embodying the specific selection and arrangement they seek to enforce." *Id*. at 10. It stated that "[w]ithout first identifying that work, the Court cannot determine the scope of the claimed copyright or meaningfully conduct the protectability and infringement analyses required by the Copyright Act." *Id*.

In contrast, in the matter before this Court, there is one specific copyrighted work at issue – *When I Was Your Man* – and Plaintiff has identified where in that work the asserted selection and arrangements are embodied in their original form, leaving disputes over coherence, originality, and protectability that turn on competing expert analyses.[1] *See* Dkt. 108 (Plaintiff's Opposition to Defendants' Motion for Summary Judgment). Accordingly, *Browne* does not undermine – and given that the threshold requirement is satisfied in this case – supports the Opposition's position that the remaining competing expert analyses present factual disputes inappropriate for resolution on summary judgment.

Dated: September 3, 2026

**WILLKIE FARR & GALLAGHER LLP**

By: */s/ Alex M. Weingarten*
Alex M. Weingarten
Jeffrey K. Logan
Amy M. Stern

*Attorneys for Plaintiff*
Tempo Secured Music Rights Collateral, LLC

[1] The *Browne* Court also expressly stated that it was not holding "that every protectable selection and arrangement must consist of a continuous two-bar musical phrase," nor did it decide "whether Plaintiffs' alleged rhythmic elements, viewed individually or collectively, are original." *Browne*, ECF No. 866 at 10.

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 2900
LOS ANGELES, CA 90067
310.855.3000